<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

_____ District of  Delaware_____
(State)

Case number (*If known*): __26-_____ Chapter _11_

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name**

   Pacifica of the Valley Corporation_____

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   dba Pacifica Hospital of the Valley_____
   _____ _____
   _____ _____
   _____
   _____
   _____

3. **Debtor's federal Employer Identification Number** (EIN)

   3  3  _  0  7  3  7  3  1  2

4. **Debtor's address**

   **Principal place of business**

   9449 San Fernando Road_____
   Number        Street

   _____

   Sun Valley                        CA              91352
   City                              State         ZIP Code

   Los Angeles_____
   County

   **Mailing address, if different from principal place of business**

   _____
   Number        Street

   _____
   P.O. Box

   _____
   City                              State         ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number        Street

   _____

   _____
   City                              State         ZIP Code

5. **Debtor's website** (URL)

   https://pacificahospital.com_____

Debtor    Pacifica of the Valley Corporation dba Pacifica Hospital of the Valley                26-_____
Name

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))
Tax-exempt entity (as described in 26 U.S.C.Section 501)

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes

.    _6 2 2 1 ___

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.    District _____    When _____    Case number _____
                                              MM /  DD / YYYY

                District _____    When _____    Case number _____
                                              MM /  DD / YYYY

Debtor  Pacifica of the Valley Corporation dba Pacifica Hospital of the Valley   Case No.   26-_____
        Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes.  Debtor _____   Relationship _____

District _____   When _____
                                                              MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that app*ly.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
                          Number        Street

_____

_____   _____ _____
City                                          State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor    Pacifica of the Valley Corporation dba Pacifica Hospital of the Valley   26-_____
          Name

| 15. **Estimated assets** | ☐ $0-$50,000 <br> ☐ $50,001-$100,000 <br> ☐ $100,001-$500,000 <br> ☐ $500,001-$1 million | ☐ $1,000,001-$10 million <br> ☐ $10,000,001-$50 million <br> ☒ $50,000,001-$100 million <br> ☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion <br> ☐ $1,000,000,001-$10 billion <br> ☐ $10,000,000,001-$50 billion <br> ☐ More than $50 billion |
|---|---|---|---|
| 16. **Estimated liabilities** | ☐ $0-$50,000 <br> ☐ $50,001-$100,000 <br> ☐ $100,001-$500,000 <br> ☐ $500,001-$1 million | ☐ $1,000,001-$10 million <br> ☐ $10,000,001-$50 million <br> ☐ $50,000,001-$100 million <br> ☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion <br> ☐ $1,000,000,001-$10 billion <br> ☐ $10,000,000,001-$50 billion <br> ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __07/04/2026_____
             MM  / DD / YYYY

✗ _____          Precious Mayes_____
   Signature of authorized representative of debtor      Printed name

   Title __CEO and President_____

18. **Signature of attorney**

✗   __/s/ Laura Davis Jones_____          Date    07/03/2026_____
    Signature of attorney for debtor                            MM   / DD / YYYY

Laura Davis Jones _____
Printed name

Pachulski Stang Ziehl & Jones LLP_____
Firm name

919 North Market Street 17th Floor_____
Number        Street

Wilmington_____    DE_____  19801 _____
City                                                  State       ZIP Code

302.778.6401_____              ljones@pszjlaw.com_____
Contact phone                                 Email address

__2436_____DE_ _____
Bar number                                      State

**RESOLUTIONS OF THE SOLE DIRECTOR**
**OF**
**PACIFICA OF THE VALLEY CORPORATION**

July 2, 2026

The undersigned, being the sole director (the "<u>Director</u>") of Pacifica of the Valley Corporation, a Delaware corporation (the "<u>Company</u>"), hereby adopts the following resolutions as of the date stated above:

**A.**     <u>**Appointment of Chief Restructuring Officer**</u>:

WHEREAS, the Director has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company, and its creditors, shareholders, employees, and other interested parties, to appoint a Chief Restructuring Officer ("<u>CRO</u>") to assist with management and operation of the Company;

NOW, THEREFORE, BE IT RESOLVED, that the Company's President is hereby authorized and directed, on behalf of and in the name of the Company, to engage, designate and appoint a Chief Restructuring Officer to assess the financial condition of the Company, the Company's current operations, the projected outlook for the Company, and the best path forward for its success, and to take such other actions as may be generally associated with a Chief Restructuring Officer position, and the President shall take all such steps and do all such acts and things as the President shall deem necessary or advisable to proceed with the appointment, installation, and integration of the Chief Restructuring Officer into the Company's financial and operational planning;

BE IT FURTHER RESOLVED, that the Company be, and it hereby is, authorized and directed to pay all fees and expenses incurred in connection with the engagement of the Chief Restructuring Officer;

BE IT FURTHER RESOLVED, that the President and such other officers of the Company as the President may designate are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver, and file any and all such instruments as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Company's management, advisors, and the Director, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

1

**B.**     **Chapter 11 Case**:

WHEREAS, the Director has considered the financial and operational aspects of the Company's business and the recommendations of the senior management of the Company and the Company's professionals and advisors;

WHEREAS, the Director has reviewed the historical performance of the Company, the market for the Company's services, and the current and long-term liabilities of the Company; and

WHEREAS, the Director has reviewed, considered, and received the recommendations of the senior management of the Company and the Company's professionals and advisors as to a case of the Company under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code").

NOW, THEREFORE, BE IT RESOLVED, that the Director has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company, and its creditors, shareholders, employees, and other interested parties, for the Company to file a voluntary petition under the provisions of chapter 11 the Bankruptcy Code and to take any related actions necessary to file for and effectuate bankruptcy protection and to take other actions in a bankruptcy case;

BE IT FURTHER RESOLVED, that the officers of the Company, including, without limitation, the President and any Chief Restructuring Officer appointed (each an "Authorized Officer" and together the "Authorized Officers") are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take all actions deemed necessary or appropriate to protect the assets of the Company and seek protection from creditors, including without limitation, if they deem it appropriate, to execute and verify or certify a voluntary petition under chapter 11 of the Bankruptcy Code and to sign or authorize any and all other pleadings, petitions, motions, schedules, lists, applications, affidavits, agreements, instruments, documents, or actions appropriate and desirable, as determined by them in the exercise of their discretion, prior to and throughout the course of the bankruptcy case and to take and perform any and all further acts and deeds, and pay such fees, that they deem necessary, proper or desirable in connection therewith or in furtherance of any such petition or the Company's case in chapter 11 of the Bankruptcy Code, including, without limitation, the conduct of a sale process consistent with chapter 11 of the Bankruptcy Code, the sale, liquidation or other disposition of the Company's assets, and such other actions as are necessary or desirable, in the discretion of the Authorized Officers to conduct the Company's case in chapter 11 of the Bankruptcy Code to completion, in connection therewith;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver and file any and all such instruments, and pay such fees, as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

US_ACTIVE\137971084\V-2

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Company's management, advisors and the Director, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

**C.** **<u>Retention of Advisors</u>**:

WHEREAS, the Director has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company, and its creditors, shareholders, employees, and other interested parties to employ the law firm of Dentons US, LLP as general bankruptcy counsel to the Company to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including filing and pleading, and in connection therewith, the Company is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Dentons US, LLP;

WHEREAS, the Director has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company and its creditors, shareholders, employees, and other interested parties to authorize the Authorized Officers to engage, if they deem it appropriate, an investment banker for the Company in connection with the chapter 11 case, subject to bankruptcy court approval;

WHEREAS, the Director has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company and its creditors, shareholders, employees, and other interested parties to authorize the Authorized Officers to engage, if they deem it appropriate, a financial advisor for the Company in connection with the chapter 11 case, subject to bankruptcy court approval; and

WHEREAS, the Director has determined, in the good-faith exercise of its reasonable business judgment, that is desirable and in the best interests of the Company and its creditors, shareholders, employees, and other interested parties to authorize the Authorized Officers to engage, if they deem it appropriate, a claims agent for the Company in connection with the chapter 11 case, subject to bankruptcy court approval.

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to engage Dentons US LLP as general bankruptcy counsel for the Company in connection with the chapter 11 case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, if they deem it appropriate, as determined by them in the exercise of their discretion, to

3

engage an investment banker of their choosing for the Company in connection with the chapter 11 case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, if they deem it appropriate, as determined by them in the exercise of their discretion, to engage a financial advisor of their choosing for the Company in connection with the chapter 11 case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, if they deem it appropriate, as determined by them in the exercise of their discretion, to engage a claims agent of their choosing for the Company in connection with the chapter 11 case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ additional professionals as the Authorized Officers, in their reasonable discretion, deem necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code or to carry out the purpose and intent of the foregoing resolutions;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of any additional professional;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to engage and retain all assistance by legal counsel, accountants, investment banking advisors, claims agents, financial advisors, and other professionals, subject to bankruptcy court approval, and to perform any and all further acts and deeds that the Authorized Officers deem necessary, proper, advisable, or desirable in furtherance thereof with a view to the successful prosecution of the Company's chapter 11 case;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver and file any and all such instruments as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Company's management, advisors and the Director, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to

4

the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

**D.**     <u>**Credit Facility and Budgets**</u>:

WHEREAS, in connection with the conduct of the Company's case under chapter 11 of the Bankruptcy Code, it may be necessary or beneficial for the Company to enter into a debtor-in-possession credit facility (the "<u>DIP Facility</u>") providing post-petition financing under a senior secured, super priority loan facility, with the Company, as borrower, in its capacity as debtor-in-possession in the Company's case under chapter 11 of the Bankruptcy Code, in forms approved by the Authorized Officers, or any of them, in the exercise of their reasonable discretion and upon the advice of counsel to be in the best interests of the Company;

WHEREAS, the Authorized Officers may deem it necessary or desirable to adopt one or more budgets in connection with the Company's case under chapter 11 of the Bankruptcy code (the "<u>Budgets</u>") subject to any further modification approved by the Authorized Officers, or any of them, in the exercise of their reasonable discretion; and

WHEREAS, the Director has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company, and its creditors, shareholders, employees, and other interested parties, to authorize a DIP Facility and the Budgets and, subject to the approval of the Bankruptcy Court, to authorize the entry into and performance under the DIP Facility and actions in accordance with any related orders of the Bankruptcy Court.

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Officers are hereby authorized, if they deem it appropriate, as determined by them in the exercise of their discretion, to enter into a DIP Facility, with such lenders, in such amounts and with such collateral as the Authorized officers deem appropriate, as determined by them in the exercise of their discretion, and upon the advice of counsel, and subject to approval of the Bankruptcy Court;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company to execute any such DIP Facility and to do or cause to be done all such acts and things, and to take all actions deemed necessary or appropriate, to cause the Bankruptcy Court's approval of any such DIP Facility;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company to adopt the Budgets and to take all actions deemed necessary or appropriate, to cause the Bankruptcy Court's approval of any such Budgets;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver and file any and all such instruments as they, in their discretion,

5

may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Company's management, advisors, the Director, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

**[SIGNATURES BEGIN ON THE FOLLOWING PAGE]**

6

IN WITNESS WHEREOF, the undersigned Director has signed these resolutions as of the date first written above.

**DIRECTOR:**

Signed by:

Paul Tuft

7930A69326634AB...

_____

Paul Tuft

7

**Fill in this information to identify the case:**

Debtor name  Pacifica of the Valley Corporation dba Pacifica Hospital of the Valley

United States Bankruptcy Court for the District of Delaware

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (on a Consolidated Basis) 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. Internal Revenue Service Centralized Insolvency Operation, PO Box 7346 PHILADELPHIA, PA 19101-7346 | Attn: Unknown Email: Unknown Tel: Unknown | Tax | | | | $45,448,272.29 |
| 2. Axios Capital Solutions LLC 360 S. Garfield Street, 6th Floor Denver, Colorado 80209 | Attn: Michael Milstein and Lauren Thompson Email: michael@fostergraham.com and lthompson@fostergraham.com Tel: 330-333-9810 | Main Street Loan | Disputed | | | $44,260,620.00 |
| 3. HEALTH CARE ACCESS AND INFORMATION 2020 WEST EL CAMINO AVENUE, Suite 1000 SACRAMENTO, CA 95833 | Attn: Unknown Email: Unknown Tel: (916) 326-3244 | Compliance | | | | $3,323,652.83 |
| 4. Reliq Capital Partners 825 S. Barrington Avenue Los Angeles, CA 90049 | Attn: Howard Levine Email: howard@reliqcp.com Tel: (310) 927-7400 | Landlord | | | | $9,000,000.00 |
| 5. EMPLOYMENT DEVELOPMENT DEPARTMENT, 800 CAPITAL MALL, SACRAMENTO, CA 95814 | Attn: Unknown Email: Unknown Tel: Unknown | Tax | | | | $7,281,783.32 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6. DEPT OF WATER & POWER PO BOX 30808 LOS ANGELES, CA 90030-0808 | Attn: Unknown Email: Unknown Tel: (888) 922-4467 | Utility | | | | $5,782,380.44 |
| 7. Emergency Medical Services Authority 11120 International Drive 2nd Floor Rancho Cordova, CA  95670 | Attn: Unknown Email: Unknown Tel: Unknown | COVID Staffing | | | | $4,650,000.00 |
| 8. LARRY TABLANTE c/o DIVERSITY LAW GROUP, PC 515 S. FIGUEROA STREET, SUITE 1250 LOS ANGELES, CA 90071 | Attn: Attorney for L. Tablante Email: unknown Tel: 213-488-6555 | PAGA | | | | $3,275,400.00 |
| 9. OFFICE OF FINANCE CITY OF L.A. 200 NORTH MAIN STREET, LOS ANGELES, CA 90012 | Attn: Unknown Email: Unknown Tel: (213) 427-1871 | Tax | | | | $2,773,891.46 |
| 10. FRANCHISE TAX BOARD California Department of Tax and Fee Administration Account Information Group, MIC:29, P.O. Box 942879 Sacramento, CA 94279-0029 | Attn: Unknown Email: Unknown Tel: Unknown | Franchise Tax | | | | $2,457,311.33 |
| 11. M G INDUSTRIES 909 LAKE CAROLYN PARKWAY, Suite 1100 IRVING, TX 75039 | Attn: Unknown Email: Unknown Tel: (800) 284-0481 | Matheson Gas | | | | $2,167,076.58 |
| 12. MCKESSON MEDICAL-SURGICAL, INC 9954 MAYLAND DR. SUITE 4000 HENRICO, VA 23233 | Attn: Unknown Email: Unknown Tel: (800) 453-5180 | Medical Supplies/Drugs | | | | $1,886,636.35 |
| 13. SUN VALLEY EMERGENCY PHYSICIANS, PC PO BOX 740666 ATLANTA, GA 30374-0666 | Attn: Unknown Email: Unknown Tel: (770) 874-6802 | ER Group | | | | $1,699,740.62 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14. ALLIED BENEFIT SYSTEMS, LLC 200 WEST ADAMS STREET SUITE 500 CHICAGO, IL 60606 | Attn: Unknown Email: Unknown Tel: (312) 906-8080 | Employee Health Insurance | | | | $1,654,133.89 |
| 15. HILL RISK SERVICES LLC 3518 GLEN AVE. CARLSBAD, CA 92010 | Attn: Unknown Email: Unknown Tel: Unknown | Insurance Broker | | | | $1,536,330.73 |
| 16. NELSON HARDIMAN LLP 11835 W. OLYMPIC BLVD., STE 900 LOS ANGELES, CA 90064 | Attn: Unknown Email: Unknown Tel: (310) 203-2800 | Legal Services | | | | $1,341,727.04 |
| 17. LEECH TISHMAN 525 WILLIAM PENN PLACE FLOOR 28 PITTSBURGH, PA 15219 | Attn: Unknown Email: Unknown Tel: (412) 261-1600 | Legal Services | | | | $1,245,352.77 |
| 18. HEALTHNOW ADMINISTRATIVE SERVICES 512 TOWNSHIP LINE ROAD-ONE BLUE BELL, PA 19422 | Attn: Ann Joo Kim, President Email: annjoo.kim@hnas.com Tel: (412) 544-6098 | Benefits Administrator | | | | $1,106,904.57 |
| 19. PREMIER ACCESS INSURANCE COMPANY 10 HUDSON YARDS NEW YORK, NY 10001 | Attn: Unknown Email: Unknown Tel: (855) 695-4331 | Employee Health Insurance | | | | $921,287.89 |
| 20. SIERRA HEALTH GROUP LLC 440 FRANKLIN STREET SUITE 300 BLOOMFIELD, NJ 07003 | Attn: Unknown Email: Unknown Tel: (201) 514-2984 | Billing | | | | $921,160.72 |
| 21. U. S. FOOD SERVICE, INC. ATTN: US FOODS LOCKBOX 50631 2706 MEDIA CENTER DR. LOS ANGELES, CA 90065-1733 | Attn: Tim Johnson, Chief Legal Officer Email: Unknown Tel: (800) 882-1739 | Food Service | | | | $908,147.19 |
| 22. VICKI BURRIS c/o Drake Law Group 19935 Ventura Blvd. Third Floor Woodland Hills, CA 91364 | Attn: Unknown Email: Unknown Tel: (888) 315 -5721 | Personal Injury | | | | $891,720.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23. TIGER VALLEY MEDICAL GROUP INC. 16655 LA MAIDA STREET ENCINO, CA 91436 | Attn: Unknown Email: Unknown Tel: (818) 550-0900 | Physician Group | | | | $840,000.00 |
| 24. SEIU UNITED HEALTHCARE WORKERS-WEST PO BOX 45218 SAN FRANCISCO, CA 94145 | Attn: Unknown Email: Unknown Tel: (510) 869-2282 | Union Dues | | | | $752,330.88 |
| 25. LOS ANGELES COUNTY TAX COLLECTOR PO BOX 54027 LOS ANGELES, CA 90054-0018 | Attn: Unknown Email: Unknown Tel: (213) 974-2111 | Tax | | | | $681,772.40 |
| 26. EDMOND MELIKTERMINAS 1312 CLEVELAND ROAD GLENDALE, CA 91202 | Attn: Unknown Email: Unknown Tel: (818) 569-7159 | Physician | | | | $604,200.00 |
| 27. HURON MANAGED SERVICES, LLC 550 W. VAN BUREN STREET, Suite 1700 CHICAGO, IL 60607 | Attn: Unknown Email: Unknown Tel: (312) 833-4153 | Consulting Group | | | | $576,885.70 |
| 28. ALLIANCE PHARMACY INC 1585 WEST BROADWAY SUITE B ANAHEIM, CA 92802 | Attn: Unknown Email: Unknown Tel: (657) 200-8054 | Pharmacy | | | | $564,509.57 |
| 29. DEPARTMENT OF HEALTH CARE SERVICES P.O. Box 997413, MS 0000 Sacramento, CA 95899-7413 | Attn: Unknown Email: Unknown Tel: (510) 873-6328 | Government | | | | $560,000.00 |
| 30. ADDIS MEDICAL GROUP 4712 ADMIRALTY WAY, SUITE 579 MARINA DEL REY, CA 90292 | Attn: Unknown Email: Unknown Tel: Unknown | Physician Group | | | | $555,000.00 |

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PACIFICA OF THE VALLEY CORPORATION dba PACIFICA HOSPITAL OF THE VALLEY, | Case No. 26-_____ (___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case:

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Paul Tuft | 9449 San Fernandeo Road Sun Valley, CA  91352 | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PACIFICA OF THE VALLEY CORPORATION DBA PACIFICA HOSPITAL OF THE VALLEY , <br><br> Debtor. | Case No. 26-_____ (___) |

**CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)**

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☒ None [*check if applicable*]

Name:
Address:

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PACIFICA OF THE VALLEY CORPORATION dba PACIFICA HOSPITAL OF THE VALLEY, | Case No. 26-_____ (___) |
| Debtor. | |

**CERTIFICATION OF CREDITOR MATRIX**

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above captioned debtor (the "<u>Debtor</u>")[1] hereby certifies that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtor's creditors. To the best of the Debtor's knowledge, the *Creditor Matrix* is complete, correct, and consistent with the Debtor'' books and records.

The information contained herein is based upon a review of the Debtor's books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtor.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Pacifica of the Valley Corporation dba Pacifica Hospital of the Valley (7312). The Debtor's service address is 9449 San Fernando Rd., Sun Valley, CA 91352.

**Fill in this information to identify the case and this filing:**

Debtor Name  Pacifica of the Valley Corporation__ _____

United States Bankruptcy Court for the: _____ District of Delaware_____
                                                                                    (State)

Case number (*If known*):    26-_____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    **12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑ *Schedule H: Codebtors* (Official Form 206H)

❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

❑ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/04/2026____          ✗ ___Precious V Mayes_____
                 MM / DD / YYYY                          Signature of individual signing on behalf of debtor

                                       Precious Mayes_____
                                       Printed name

                                       _CEO and President_____
                                       Position or relationship to debtor

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**