**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corp.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**MOTION OF DEBTOR FOR ORDER (I) AUTHORIZING THE DEBTOR TO REDACT COMMERCIALLY SENSITIVE OR PERSONALLY IDENTIFIABLE INFORMATION; AND (II) GRANTING RELATED RELIEF**

Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley, the above-captioned debtor and debtor in possession (the "Debtor") under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code")[2], in this chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, hereby moves (the "Motion")[3] for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtor to redact commercially sensitive or personally identifiable information and (ii) granting related relief. In support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley [7312]. The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] All references to 'section' or '§' herein are to sections of the Bankruptcy Code. All references to "Bankruptcy Rules" are to provisions of the Federal Rules of Bankruptcy Procedure. All references to "Local Rules" are to provisions of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware.

[3] Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration (as defined below).

February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are §§ 105(a) 107(b), 107(c), and 521, Bankruptcy Rules 1007, 2002, 9007, and 9018, and Local Rules 1007-2, 2002-1, 9013 1(m), and 9018 1(d).

## BACKGROUND

4.      On July 4, 2026 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor has continued in the possession of its property and continues to operate and manage its business as a debtor in possession pursuant to §§ 1107(a) and 1108.

5.      No trustee, examiner, or official committee has been appointed in the Chapter 11 Case.

6.      The factual background regarding the Debtor, including its current and historical business operations and the events precipitating its chapter 11 filing, is set forth in detail in the *Declaration of Precious Mayes in Support of Emergency First Day Motions* (the "First Day Declaration") fully incorporated herein by reference.

## RELIEF REQUESTED

7.      The Debtor seeks entry of an order substantially in the form attached hereto as **Exhibit A**:  authorizing the Debtor to redact commercially sensitive or personally identifiable information and granting related relief.

4902-9529-3371.1 68804.00001                    2

**BASIS FOR RELIEF**

8.  Section 107(b)(1) requires bankruptcy courts, on request of a party in interest, to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Pursuant to Bankruptcy Rule 9018, upon motion, "the court may . . . issue any order that justice requires to . . . protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. The Court has broad authority to issue such an order. *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

9.  Cause exists pursuant to § 107(b)(1) to authorize the Debtor to redact from any paper filed or to be filed with the Court or otherwise made public in the Chapter 11 Case including the Creditor Matrix, the Debtor's schedule of assets and liabilities, schedule of current income and expenditures, schedule of executory contracts and unexpired leases, and statement of financial affairs (collectively, the "Schedules and Statements"), and the names and all associated identifying information of the Debtor's customers. Accordingly, cause exists to authorize the Debtor to redact from any paper filed or to be filed the names, home addresses, and email addresses of the Debtor's customers.

10.  The Debtor will make the unredacted version of the Creditor Matrix, the Schedules and Statements, and any other applicable filings redacted pursuant to the proposed orders available to the Court, the U.S. Trustee, and counsel to any official committee appointed in the Chapter 11 Cases and, upon Court order, to any other party.

11. Courts in this district and others have authorized debtors to redact the names and other identifying information of the debtors' customers where cause exists. *See, e.g., In re Claire's Holdings LLC*, No. 25-11454 (BLS) (Bankr. D. Del. Sept. 8, 2025) (authorizing the debtors to redact the names, street addresses, and email addresses of customers from any filings with the court or made publicly available); *In re Marelli Auto. Lighting USA LLC*, No. 25-11034 (CTG) (Bankr. D. Del. July 16, 2025) (same); *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 11, 2025) (same*); In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 10, 2025) (same); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (same).

12. Additionally, § 107(c)(1) provides that:

> [F]or cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1). Redaction is necessary to protect information that would create "undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c)(1).

13. It is appropriate to authorize the Debtor to redact from any paper filed or to be filed with the Court in the Chapter 11 Case, including the Creditor Matrix, the Schedules and Statements, and any related affidavits of service the names, home addresses, and email addresses of natural persons, including the Debtor's current and former employees, debtholders, and individual equity holders, to the extent applicable, to ensure the Debtor is not exposed to potential civil liability and significant financial penalties.

14.     Courts in this district have granted the relief requested herein in comparable chapter 11 cases.  *See, e.g., In re Claire's Holdings LLC*, No. 25-11454 (BLS) (Bankr. D. Del. Sept. 8, 2025) (authorizing the debtors to redact the home and email addresses of individuals on the creditor matrix, schedules and statements, and any other document filed with the court); *In re Marelli Auto. Lighting USA LLC*, No. 25-11034 (CTG) (Bankr. D. Del. July 16, 2025) (same); *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 11, 2025) (same); *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 10, 2025) (same); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (same).

15.     In addition to granting the requested relief, courts in this district have also expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular.  *See, e.g.*, Hr'g Tr. at 21:13–21, *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016) ("THE COURT: . . . Well, I think, that in the present day, with the abuse of private information, that these addresses ought to be redacted, and so . . . I just think that individuals whose only position is to have been former employees, for example, ought not to have their home addresses listed publicly. I think that . . . creates a possibility of abuse . . . .").

16.     In *Art Van Furniture*, in overruling the objection of the U.S. Trustee to the same redaction relief proposed here, Judge Sontchi noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue."  Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020).[4]  Judge Sontchi found that "at this point

---

[4] Similarly, Judge Sontchi previously overruled the U.S. Trustee's objection to the redaction of individuals' information and found that "it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to present [sic] scams . . . .  [Identity theft] is a real-life issue, and, of course, the issue of domestic violence is extremely important."  Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019).  Notably, Judge Sontchi acknowledged that "the world is very different from [the 1980s] when you and I started practice with the problems of identity theft" and that his perspective had evolved in that he was not previously aware of "the dangers with this kind of information becoming public."  *Id.* at

and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id.* at 25:13–16.

17.     Similarly, in *Clover Technologies*, Judge Owens overruled the U.S. Trustee's objection, noting that "[t]o me it is common sense.  I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . .  The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses."  Hr'g Tr. at 24:21–25, 25:9–13, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020).  In *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld."  Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).

18.     For these reasons, the Debtor respectfully submits that cause exists to authorize the Debtor to redact, pursuant to section 107(c)(1) of the Bankruptcy Code and in compliance with applicable privacy or data protection laws and regulations, the home and email addresses of natural persons listed on the Creditor Matrix, the Schedules and Statements, any related affidavits of service, or any other document filed with the Court.  Absent such relief, the Debtor (a) may be in violation of applicable privacy or data protection laws and regulations, thereby exposing the Debtor to severe monetary penalties that could threaten their operations during this sensitive stage of their restructuring, (b) would unnecessarily render individuals more susceptible to identity theft

---

45:25–46:2, 47:22–24.  The Debtor reserves the right to supplement the record with respect to such risks insofar as they are not self-evident in this instance.

and phishing scams, and (c) could jeopardize the safety of current and former employees, debtholders, and other individual creditors, or individual equity holders, who, unbeknownst to the Debtor, are survivors of domestic violence, harassment, or stalking, by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

## NOTICE

19.     The Debtor will provide notice of this motion to:  (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtor; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, the Debtor will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

20.     No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, for the reasons set forth herein, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** and for such other and further relief as may be appropriate.

Dated: July 6, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Tel: (302) 652-4100
Email: ljones@pszjlaw.com

-and-

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* forthcoming)
Samuel R. Maizel (*pro hac vice* forthcoming)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
            samuel.maizel@dentons.com

John D. Beck (*pro hac vice* forthcoming)
Geoffrey M. Miller (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
            geoffrey.miller@dentons.com

*Proposed Counsel to Debtor and Debtor in Possession*