**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>Pacifica of the Valley Corp.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING**
**CERTAIN PROCEDURES TO MAINTAIN CONFIDENTIALITY OF**
**PATIENT INFORMATION AS REQUIRED BY APPLICABLE PRIVACY RULES**

Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley, the above-captioned debtor and debtor in possession (the "Debtor") under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code")[2], in this chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, hereby moves (the "Motion")[3] for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to §§ 105(a), 107, and 521(a)(1), Bankruptcy Rules 1007, 9018, and 9037, and Local Rule 1007, authorizing certain procedures to maintain the confidentiality of patient information as required by applicable privacy rules. In support of the Motion, the Debtor respectfully submits as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley [7312]. The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] All references to 'section' or '§' herein are to sections of the Bankruptcy Code. All references to "Bankruptcy Rules" are to provisions of the Federal Rules of Bankruptcy Procedure. All references to "Local Rules" are to provisions of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware.

[3] Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration (as defined below).

*Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409

3.      The predicates for the relief requested herein are sections 105(a), 107, and 521(a)(1) of the Bankruptcy Code, Bankruptcy Rules 1007, 9018, and 9037, and Local Rule 1007.

## BACKGROUND

4.      On July 4, 2026 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor has continued in the possession of its property and continues to operate and manage its business as a debtor in possession pursuant to §§ 1107(a) and 1108.

5.      No trustee, examiner, or official committee has been appointed in the Chapter 11 Case.

6.      The factual background regarding the Debtor, including its current and historical business operations and the events precipitating its chapter 11 filing, is set forth in detail in the *Declaration of Precious Mayes in Support of Emergency First Day Motions* (the "First Day Declaration") fully incorporated herein by reference.

## RELIEF REQUESTED

7.      By this Motion, the Debtor seeks entry of the Order authorizing certain procedures to maintain the confidentiality of patient information as required by the Health Insurance

Portability and Accountability Act of 1996 ("HIPAA"), while providing required disclosures in the Chapter 11 Cases.

8.     The Debtor requests that the Court establish the following procedures (the "Privacy Procedures") to balance the need to protect patient health information pursuant to HIPAA with the need to disclose information regarding these chapter 11 cases to the public:

a.     the Debtor shall omit any reference to current or former patients from the matrix of creditors and any certificate of service;

b.     the Debtor shall identify current or former patients in the Schedules and Statements solely by a code number, such as "Patient 1," "Patient 2," and so forth, and shall make an unredacted copy of the Schedules and Statements available to (i) the Court and to the United States Trustee upon request; and (ii) any other party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtor to do so;

c.     the Debtor and/or their proposed claims and noticing agent shall maintain a list of all current or former patients (the "Patient List") that appear on the matrix of creditors, and shall make the Patient List, or any portion thereof, available to any party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtor to do so; and

d.     when the Debtor serves any paper upon any person listed on the Patient List, the Debtor shall note in the respective certificate of service that the parties served include persons listed on the Patient List.

**BASIS FOR RELIEF**

9.     HIPAA and its corresponding regulations impose stringent standards on health care providers and establish significant penalties for any health care provider that uses or discloses patient information.  *See* 42 U.S.C. § 1302d *et seq*., 45 C.F.R. § 164.502.

10.     Because the Debtor qualifies as a health care provider that transmits health information, it is considered a "covered entity" under 45 C.F.R. § 160.103.  This designation prevents the Debtor from disclosing, except in limited circumstances, "individually identifiable health information." 45 C.F.R. § 164.502.  HIPAA defines "individually identifiable health information" as any information relating to the individual's "past, present or future physical or

mental health or condition, the provision of health care to the individual, or the past, present or future payment for the provision of health care to the individual" that also "identifies the individual or for which there is a reasonable basis to believe that the information can be used to identify the individual." 42 U.S.C. § 1302d(6).  Individually identifiable health information is referred to as "PHI" (protected health information) under HIPAA.

11.     The Debtor could be subjected to significant monetary penalties for the unauthorized disclosure of PHI. 45 C.F.R. § 160.402.  Such penalties can be imposed even if a person "did not know and, by exercising reasonable diligence, would not have known" that a violation occurred. 45 C.F.R. § 160.404(b)(2)(i).

12.     The Debtor believes that the requirements to maintain patient confidentiality under HIPAA conflict with the requirements to disclose information under the Bankruptcy Code, specifically the duty to file a list of all creditors under § 521(a)(1)(A) and the duty to file schedules of all assets and liabilities under § 521(a)(1)(B)(i).  The Debtor therefore respectfully requests that such patient information be protected through the proposed Privacy Procedures herein pursuant to § 107(c), which allows a bankruptcy court, for cause, to protect an individual if disclosure would create an undue risk of unlawful injury.  *See also* Bankruptcy Rule 9018 (allowing a bankruptcy court to protect governmental matters that are made confidential by statute or regulation).

13.     This Court may also approve the proposed Privacy Procedures pursuant to § 105(a), which authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

14.     The Debtor believes that the relief requested herein appropriately balances the need to maintain confidential patient information under HIPAA with the need for adequate disclosure

under the Bankruptcy Code.  Given the nature of any information that may reveal even the identity of patients, confidentiality in this context is of paramount importance.

15.     Further, relief similar to that requested in this Motion has been granted in similar chapter 11 cases in this district. *See, e.g., In re Mariner Health Central, Inc.*, Case No. 22-10877 (LSS) (Bankr. D. Del. Sept. 21, 2022) [D.I. 34] (authorizing the debtors to implement procedures to maintain and protect confidential health information of current and former patients as required by HIPAA); *In re CMC II, LLC*, Case No. 21-10461 (JTD) (Bankr. D. Del. Apr. 1, 2021) [D.I. 150] (authorizing the debtors to implement procedures to maintain and protect confidential health information of residents as required by HIPAA); *In re Quorum Health Corp.*, Case No. 20-10766 (KBO) (Bankr. D. Del. May. 1, 2020) (same); *In re Hospital Acquisition LLC*, Case No. 19-10998 (BLS) (Bankr. D. Del. May 8, 2019) [D.I. 38] (same); *In re EBH TOPCO, LLC*, Case No. 18-11212 (BLS) (Bankr. Del. May 24, 2018) [D.I. 40] (same).

## NOTICE

16.     15.     The Debtor will provide notice of this motion to:  (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtor (on a consolidated basis); and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, the Debtor will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

17.     No prior request for the relief sought in this Motion has been made to this or any other court.

4916-3891-2443.1 68804.00001                    5

## CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of the Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: July 6, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Tel: (302) 652-4100
Email: ljones@pszjlaw.com

-and-

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* forthcoming)
Samuel R. Maizel (*pro hac vice* forthcoming)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
            samuel.maizel@dentons.com

John D. Beck (*pro hac vice* forthcoming)
Geoffrey M. Miller (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
            geoffrey.miller@dentons.com

*Proposed Counsel to Debtor and Debtor in Possession*