## EXHIBIT A

(Proposed Form of Interim Order)

US_ACTIVE\138082702
4926-4351-4043.1 68804.00001

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**INTERIM ORDER GRANTING MOTION OF THE DEBTOR FOR**
**(I) AUTHORIZATION TO (A) PAY EMPLOYEE OBLIGATIONS, (B) CONTINUE**
**EMPLOYEE BENEFIT PROGRAMS; AND (II) GRANTING RELATED RELIEF**

Upon consideration of the Motion[2] of the above-captioned debtor and debtor in possession (collectively, the "Debtor") for entry of an order (this "Interim Order"): (i) authorizing, but not directing, the Debtor, on an interim basis, to (a) pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (b) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is 7312. The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.       The Motion is GRANTED as set forth herein.

2.       The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2026, at __:__ _.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2026, and shall be served on, no later than seven (7) days prior to the commencement of the Final Hearing: (a) the Debtor; (b) proposed counsel to the Debtor, (i) Dentons US LLP, 601 S. Figueroa Street, #2500, Los Angeles, CA 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Samuel Maizel (samuel.maizel@dentons.com), Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: John D. Beck (john.beck@dentons.com) and Geoffrey Miller (geoffrey.miller@dentons.com), and (ii) proposed local counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones (ljones@pszjlaw.com); (c) counsel to the official committee of unsecured creditors, if one is appointed; and (d) the United States Trustee for the District of Delaware. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3.       The Debtor is authorized, but not directed, to continue and/or modify, change, and discontinue the Employee Compensation & Benefits and to implement new programs, policies, and benefits in the ordinary course of business during this Chapter 11 Case and without the need for further Court approval, subject to applicable law.

4.      The Debtor is authorized, but not directed, to pay amounts related to the Employee Compensation & Benefits programs and related incidental costs absent further order of this Court; provided, however, that, unless otherwise required by applicable law, including without limitation, any PTO amounts due to an Employee upon termination of that Employee or ordered by this Court, including, without limitation, in the Final Order, (i) no payment to any individual Employee or member of the Supplemental Workforce of prepetition Employee Compensation & Benefits shall exceed, in the aggregate for that individual Employee, the US$17,150 statutory cap provided for under § 507(a)(4), and (ii) the maximum aggregate amount of all payments of prepetition amounts shall be $12,322,000.

5.      Nothing herein shall be deemed to authorize the payment of any amounts to insiders that are subject to § 503(c). The Debtor will seek approval of any insider bonus or incentive programs, if any, under a separate motion under § 503(c) and nothing herein shall prejudice the Debtor's ability to seek such relief pursuant to § 503(c) at a later time.

6.      Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to § 365; (f) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection, or to seek avoidance of any or all such liens.

7.      The Debtor's banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Interim Order.

8.      The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with the relief granted herein.

9.      With respect to payment of any Employee Compensation & Benefits to Represented Employees, nothing in this Interim Order shall be deemed to constitute a waiver of the Debtor's rights to modify or reject such obligations and benefits under the CBAs pursuant to § 1113.  Any request in the Motion to pay or honor such obligations and benefits to Represented Employees shall not obligate or bind the Debtor to make any payments or provide any benefits to Represented Employees absent further order of this Court.

10.     Nothing in this Interim Order or any action taken by the Debtor in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to § 365, and all of the Debtor's rights with respect to such matters are expressly reserved.

11.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity, or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

12.     The requirements of Bankruptcy Rule 6003 are satisfied.

13.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

14.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon entry.

15.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

16.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.