**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corp.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY**
**AND RETAIN KURTZMAN CARSON CONSULTANTS, LLC DBA VERITA GLOBAL**
**AS CLAIMS AND NOTICING AGENT EFFECTIVE AS OF JULY 4, 2026**

The above-captioned debtor and debtor in possession (the "Debtor") hereby moves for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") pursuant to section 156(c) of title 28 of the United States Code and section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") appointing Kurtzman Carson Consultants, LLC dba Verita Global ("Verita") as the claims and noticing agent (the "Claims and Noticing Agent") in the Debtor's case (the "Application"). In support of the Application, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is 7312. The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are section 156(c) of title 28 of the United States Code, sections 503 and 1107 of the Bankruptcy Code, Bankruptcy Rule 2002(f), and Local Rule 2002-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Background**

4.      On the Petition Date, the Debtor commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue operating its business and managing its property as a debtor in possession pursuant to §§ 1107(a) and 1108.

5.      No trustee, examiner, or statutory committee has been appointed in this Chapter 11 Case.

6.      Additional information regarding the Debtor, including its business and the events leading to the commencement of this Chapter 11 Case, is set forth in the *Declaration of Precious Mayes in Support of Chapter 11 Petition and First Day Pleadings* filed contemporaneously herewith and incorporated herein by reference.

**Relief Requested**

7.      This Application is made pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code and Local Rule 2002-1(f) for an order appointing Verita to act as the claims and noticing agent in order to assume full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in the Debtor's case.  The Debtor's selection of Verita to act as the claims and noticing agent has satisfied the Court's *Protocol for Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)*, in that the Debtor has

obtained and reviewed engagement proposals from at least two (2) other court-approved claims and noticing agents to ensure selection through a competitive process. Moreover, the Debtor submits, based on all engagement proposals obtained and reviewed, that Verita's rates are competitive and reasonable given Verita's quality of services and expertise. The terms of retention are set forth in the Engagement Agreement attached hereto as **Exhibit 1** to **Exhibit A** (the "Engagement Agreement"); provided, however, that Verita is seeking approval solely of the terms and provisions as set forth in this Application and the proposed order attached hereto.

8. Although the Debtor has not yet filed its schedules of assets and liabilities, it anticipates that there will be in excess of 3,000 entities to be noticed. In view of the number of anticipated claimants and the complexity of the Debtor's business, the Debtor submits that the appointment of a claims and noticing agent is both necessary and in the best interest of both the Debtor's estate and its creditors.

### Verita's Qualifications

9. Verita is a leading chapter 11 administrator and comprises industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Verita has acted as the official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide. Verita's recent cases in this district include: *In re Reliz Technology Group Holdings Inc., et al.*, Case No. 26-10371 (TMH) (Bankr. D. Del. Mar. 18, 2026); *In re Avenger Flight Group, LLC, et al.*, Case No. 26-10183 (MFW) (Bankr. D. Del. Feb. 13, 2026); *In re Salt House, Inc. (f/k/a Food52, Inc.)*, Case No. 25-12277 (LSS) (Bankr. D. Del. Dec. 31, 2025); *In re Apple Tree Life Sciences, Inc., et al.*, Case No. 25-12177 (LSS) (Bankr. D. Del. Dec. 17, 2025); *In re American Signature, Inc., et al.*, Case No. 25-12105 (JKS) (Bankr. D. Del. Nov. 26, 2025); *In re Hudson 1701/1706, LLC, et al.*, Case No. 25-11853 (KBO) (Bankr. D. Del. Nov. 3, 2025); *In re AGDP Holding Inc., et al.*, Case No. 25-11446 (MFW) (Bankr. D. Del.

Aug. 5, 2025); *In re Marelli Automotive Lighting USA LLC, et al.*, Case No. 25-11034 (CTG) (Bankr. D. Del. Jun. 12, 2025); *In re Molecular Templates, Inc., et al.*, Case No. 25-10739 (BLS) (Bankr. D. Del. Apr. 22, 2025); *In re Leisure Investments Holdings LLC, et al.*, Case No. 25-10606 (LSS) (Bankr. D. Del. Apr. 2, 2025); *In re F21 OpCo, LLC, et al.*, Case No. 25-10469 (MFW) (Bankr. D. Del. Mar. 18, 2025); *In re Village Roadshow Entertainment Group USA Inc., et al.*, Case No. 25-10475 (TMH) (Bankr. D. Del. Mar. 18, 2025); *In re Dynamic Aerostructures LLC, et al.*, Case No. 25-10292 (LSS) (Bankr. D. Del. Feb. 27, 2025); *In re Grtistone bio, Inc.,* Case No. 24-12305 (Bankr. D. Del. Oct. 16, 2024); *In re Fulcrum Bioenergy, Inc.*, et al., Case No. 24-12008 (Bankr. D. Del. Sep. 12, 2024); *In re QLess, Inc.*, Case No. 24-11395 (BLS) (Bankr. D. Del. Jun. 21, 2024); *In re Fisker Inc., et al.*, Case No. 24-11390 (TMH) (Bankr. D. Del. Jul 2, 2024); *In re Supply Source Enterprises, Inc., et al.*, Case No. 24-11054 (BLS) (Bankr. D. Del. Jun. 13, 2024); *In re ProSomnus, Inc., et al.*, Case No. 24-10972 (JTD) (Bankr. D. Del. May 9, 2024); *In re Sticky's Holding LLC, et al.*, Case No. 24-10856 (JKS) (Bankr. D. Del. Apr. 26, 2024); *In re SC Healthcare Holding, LLC, et al.*, Case No. 24-10443 (TMH) (Bankr. D. Del. Mar. 22, 2024); *In re Cano Health, Inc., et. al.*, Case No. 24-10164 (KBO) (Bankr. D. Del. Feb. 6, 2024); *In re InVivo Therapeutics Corporation, et al.*, Case No. 24-10137 (MFW) (Bankr. D. Del. Feb. 6, 2024).

10.     By appointing Verita as the Claims and Noticing Agent in this chapter 11 case, the distribution of notices and the processing of claims will be expedited, and the Office of the Clerk of the Bankruptcy Court for the District of Delaware (the "Clerk") will be relieved of the administrative burden of processing what may be an overwhelming number of claims.  In support of this Application, the Debtor submits the *Declaration of Evan Gershbein in Support of Debtor's Application for Authorization to Employ and Retain Kurtzman Carson Consultants, LLC dba*

4

*Verita Global as Claims and Noticing Agent Effective as of July 4, 2026* attached hereto as **Exhibit B** (the "Gershbein Declaration").

11.      This Application pertains only to the work to be performed by Verita under the Clerk's delegation of duties as permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(f).  Any work to be performed by Verita outside of this scope is not covered by this Application or by any order of the Court granting approval hereof.[2]

**Services to be Provided by Verita**

12.      This Application pertains only to the work to be performed by Verita under the Clerk's delegation of duties as permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(f).  Any work to be performed by Verita outside of this scope is not covered by this Application or by any order of the Court granting approval hereof.[3]

13.      Specifically, Verita will perform the following tasks in its role as the Claims and Noticing Agent in this chapter 11 case (collectively, the "Claims and Noticing Services"), as well as all quality control relating thereto:

(a)      prepare and serve required notices and documents in this chapter 11 case in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtor or the Court, including, without limitation: (i) notice of the commencement of this chapter 11 case and the initial meeting of creditors under section 341(a) of the Bankruptcy Code in conformity with Local Form 132; (ii) notice of any claims bar date; (iii) notices of transfers of claims; (iv) notices of objections to claims and objections to transfers of claims; (v) notices of any hearings on a disclosure statement and confirmation of the Debtor's chapter 11 plan or plans, including under Bankruptcy Rule 3017(d); (vi) notice of the effective date of any plan; (vii) notice of hearing on motions filed by the United States

---

[2]  As noted above, the Debtor plans to seek authorization to retain and employ Verita as administrative advisor in this chapter 11 case by separate application pursuant to section 327(a) of the Bankruptcy Code because the administration of this chapter 11 case will require Verita to perform duties outside the scope of 28 U.S.C. § 156(c).

[3]  As noted above, the Debtor plans to seek authorization to retain and employ Verita as administrative advisor in this chapter 11 case by separate application pursuant to section 327(a) of the Bankruptcy Code because the administration of this chapter 11 case will require Verita to perform duties outside the scope of 28 U.S.C. § 156(c).

Trustee; (viii) any motion to convert, dismiss, appoint a trustee, or appoint an examiner filed by the United States Trustee's Office; and (ix) all other notices, orders, pleadings, publications, and other documents as the Debtor or Court may deem necessary or appropriate for an orderly administration of this chapter 11 case;

(b)     for all notices, motions, orders, or other pleadings or documents served, prepare and file, or cause to be filed, with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes: (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served; (ii) a list of persons to whom it was served (in alphabetical order) with their mailing or email addresses as appropriate; (iii) the manner of service; and (iv) the date served;

(c)     process all proofs of claim received, including those received by the Clerk, check said processing for accuracy, and maintain the original proofs of claim in a secure area;

(d)     relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Verita, not less than weekly;

(e)     maintain the official claims register for the Debtor (the "Claims Register") on behalf of the Clerk, and, upon the Clerk's request, provide the Clerk with a certified, duplicate unofficial Claims Register;

(f)     specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned; (ii) the date received; (iii) the name and address of the claimant and agent, if applicable, who filed the claim; (iv) the amount asserted; (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.); (vi) the applicable Debtor; and (vii) any disposition of the claim;

(g)     record all Transfers of Claims and make changes to the creditor matrix after the objection period has expired. Verita shall also record any order entered by the Court that may affect the claim by making a notation on the claims register and monitor the Court's docket for any claims related pleading filed and make necessary notations on the claims register. No claim or claim information should be deleted for any reason;

(h)     file a quarterly updated claims register with the Court in alphabetical and numerical order.  If there has been no claims activity, Verita may file a Certification of No Claim Activity;

(i)     allow public access to claims and the claims register at no charge.  The complete proof of claim and any attachment thereto shall be viewable and accessible by the public, subject to Local Rule 9037-1;

6

(j)     maintain an official copy of the Debtor's schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), listing the Debtor's known creditors and the amounts owed thereto;

(k)     maintain: (i) an up-to-date list of all potential creditors, equity holders, and other parties in interest and (ii) a "core" service list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k), and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010 and update said lists and make said lists available upon request by a party-in-interest or the Clerk (within forty-eight (48) hours);

(l)     furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify such potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(m)     maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(n)     implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

(o)     assist in the dissemination of information to the public and respond to requests for administrative information regarding this chapter 11 case as directed by the Debtor or the Court, including through the use of a case website or call center;

(p)     within fourteen (14) days of entry of an Order dismissing a case or within twenty-eight (28) days of entry of a Final Decree, Verita shall (i) forward to the Clerk an electronic version of all imaged claims, (ii) upload the creditor mailing list into CM/ECF and (iii) docket a Final Claims Register;

(q)     within the earlier to occur of (a) fourteen (14) days of entry of an Order converting a case and (b) entry of a termination order, Verita shall (i) forward to the Clerk an electronic version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF and (iii) docket a Final Claims Register;

(r)     Upon conversion of a chapter 11 case to a chapter 7 case, if there are more than two hundred (200) creditors, Verita shall (i) continue to serve all notices required to be served, at the direction of the chapter 7 trustee or the Clerk's Office or (ii) submit a termination order.

**Verita's Compensation**

14.     The Debtor respectfully requests that the undisputed fees and expenses incurred by Verita in the performance of the Claims and Noticing Services in accordance with the terms of the Engagement Agreement be treated as administrative expenses of the Debtor's chapter 11 estate pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court.

15.     Verita agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred.  Verita further agrees to serve monthly invoices on the Debtor, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), counsel for the Debtor, counsel for any official committee monitoring the expenses of the Debtor, and any party-in-interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Agreement or the monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute.  If a resolution is not achieved, the parties may seek resolution of the matter from the Court.

16.     Additionally, under the terms of the Engagement Agreement, the Debtor has agreed to indemnify, defend, and hold harmless Verita and its affiliates, members, directors, officers, employees, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Verita's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or any order authorizing the employment and retention of Verita.  The Debtor believes that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a claims and noticing agent in this chapter 11 case.

**Verita's Disinterestedness**

17.     Although the Debtor does not propose to employ Verita under section 327 of the Bankruptcy Code pursuant to this Application, Verita has nonetheless reviewed its conflicts system to determine whether it has any relationships with the creditors and parties in interest provided by the Debtor, and the Debtor has been advised that, to the best of Verita's knowledge, information, and belief, and except as disclosed in the Gershbein Declaration, Verita has represented that it neither holds nor represents any interest materially adverse to the Debtor's estate in connection with any matter on which it would be employed.

18.     Moreover, in connection with its retention as Claims and Noticing Agent, Verita represents in the Gershbein Declaration, among other things, that:

(a)     Verita is not a creditor of the Debtor;

(b)     Verita is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code;

(c)     Verita will not consider itself employed by the United States government and will not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in this chapter 11 case;

(d)     by accepting employment in this chapter 11 case, Verita waives any rights to receive compensation from the United States government in connection with this chapter 11 case;

(e)     in its capacity as the Claims and Noticing Agent in this chapter 11 case, Verita will not be an agent of the United States and will not act on behalf of the United States;

(f)     Verita will not employ any past or present employees of the Debtor in connection with its work as the claims and noticing agent in this chapter 11 case;

(g)     in its capacity as the Claims and Noticing Agent in this chapter 11 case, Verita will not intentionally misrepresent any fact to any person;

(h)     Verita shall be under the supervision and control of the Clerk with respect to the receipt and recordation of claims and claim transfers;

9

(i)     Verita will comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j)     none of the services provided by Verita as the claims and noticing agent in this chapter 11 case shall be at the expense of the Clerk.

19.     If any new facts or circumstances are discovered that require additional disclosure, Verita will supplement its disclosure to the Court.

**<u>Basis for Relief Requested</u>**

**I.**     Retention and Employment of Verita as Claims and Noticing Agent is Permitted.

20.     Bankruptcy Rule 2002 generally regulates what notices must be given to creditors and other parties in interest in bankruptcy cases.  Fed. R. Bankr. P. 2002(f).  Under Bankruptcy Rule 2002(f), the Court may direct that some person other than the Clerk give notice of the various matters described below.  Moreover, section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of a bankruptcy court, authorizes the Court to use "facilities" or "services" other than the Clerk for administration of bankruptcy cases. 28 U.S.C. § 156(c). Specifically, the statute states, in relevant part:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States.  The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

21.     In addition, Local Rule 2002-1(f) provides:

> Upon motion of the debtor or trustee, at any time without notice or hearing, the Court may authorize the retention of a notice and/or claims clerk under 28 U.S.C. § 156(c).  In all cases with more than 200 creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise, the debtor shall file such motion

> on the first day of the case or within seven (7) days thereafter. The notice and/or claims clerk shall comply with the Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. 156(c) (which can be found on the Court's website) and shall perform the [Claims and Noticing Services].

Del. Bankr. L.R. 2002-1(f). Accordingly, Bankruptcy Rule 2002, Local Rule 2002-1(f), and section 156(c) of title 28 of the United States Code empower the Court to utilize outside agents and facilities for notice and claims purposes, provided that the Debtor's estate bears the cost of such services.

22.    Accordingly, for all of the foregoing reasons, the Debtor believes that the retention of Verita as the Claims and Noticing Agent in the chapter 11 case is necessary and in the best interests of the Debtor, its estate and creditors, and all parties in interest. Furthermore, the Debtor respectfully submits that the fees and expenses that would be incurred by Verita under the proposed engagement would be administrative in nature and, therefore, should not be subject to standard fee application procedures of professionals.

23.    By separate application, the Debtor intends to seek authorization to retain and employ Verita as the administrative agent in this chapter 11 case, pursuant to section 327(a) of the Bankruptcy Code, because the administration of the chapter 11 cases will require Verita to perform duties outside the scope of 28 U.S.C. § 156(c).

## II.    Relief Effective as of the Petition Date is Appropriate.

24.    Pursuant to the Debtor's request, Verita has agreed to serve as the Claims and Noticing Agent as of the Petition Date with assurances that the Debtor would seek approval of its employment and retention effective as of the Petition Date, so that Verita may be compensated for its services prior to approval of this Application. The Debtor believes that no party in interest will be prejudiced by the granting of employment effective as of the Petition Date, as provided in this Application, because Verita has provided and continues to provide valuable services to the

11

Debtor's estate in the interim period. The Local Rules empower courts in this district to approve employment effective as of the petition date, and the Debtor submits that such approval is justified here. *See, e.g.*, Del. Bankr. L.R. 2014-1(b) ("If the retention application is granted, the retention shall be effective as of the date the application was filed, unless the Court orders otherwise.").

25.    Courts in this jurisdiction have routinely approved employment effective as of the petition date, similar to that requested herein, in matters comparable to this matter. *See, e.g.*, *In re VER Technologies Holdco LLC*, No. 18-10834 (KG) (Bankr. D. Del. April 6, 2018); *In re Rand Logistics, Inc.*, No. 18-10175 (BLS) (Bankr. D. Del. Jan. 31, 2018) (approving *nunc pro tunc* employment of a claims and noticing agent to perform claims and noticing services); *In re ExGen Tex. Power, LLC*, No. 17-12377 (BLS) (Bankr. D. Del. Nov. 8, 2017) (same); *In re TerraVia Holdings, Inc.*, No. 17-11655 (CSS) (Bankr. D. Del. Aug. 3, 2017) (same); *In re Keystone Tube Co., LLC*, No. 17-11330 (CSS) (Bankr. D. Del. June 20, 2017) (same).

## Notice

26.    The Debtor has provided notice of this Application to: (a) the office of the U.S. Trustee for the District of Delaware; (b) the United States Attorney's Office for the District of Delaware; (c) the Internal Revenue Service; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Application is seeking "first day" relief, within two business days of the hearing on this Application, the Debtor will serve copies of this Application and any order entered in respect to this Application as required by Local Rule 9013-1(m). The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

27.    No prior request for the relief sought in this Application has been made to this or any other court.

12

WHEREFORE, the Debtor respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: July 6, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com
**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* forthcoming)
Samuel R. Maizel (*pro hac vice* forthcoming)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
      samuel.maizel@dentons.com

John D. Beck (*pro hac vice* forthcoming)
Geoffrey Miller (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
      geoffrey.miller@dentons.com

*Proposed Counsel to Debtor and Debtor in Possession*