**Exhibit A**

**Proposed Order**

DE:4906-8068-2684.1 68804.00001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH)<br><br>**Docket Ref. No. 11** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR
TO (A) CONTINUE OPERATING ITS EXISTING CASH
MANAGEMENT SYSTEM, INCLUDING MAINTAINING EXISTING BANK
ACCOUNTS, CHECKS, AND BUSINESS FORMS, AND (B) CONTINUE ITS EXISTING
DEPOSIT PRACTICES, (II) WAIVING CERTAIN U.S. TRUSTEE GUIDELINES,
(III) SCHEDULING A FINAL HEARING, (IV) MODIFYING THE REQUIREMENTS
OF SECTION 345(b) OF THE BANKRUPTCY CODE; AND (V) GRANTING RELATED
RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an interim order (this "Interim Order") (a) authorizing, but not directing, the Debtor to (i) continue to maintain and use its existing cash management system, including maintaining existing bank accounts, checks, and business forms, (ii) continue its existing deposit practices, and (iii) open and close bank accounts, (b) granting the Debtor a waiver of certain bank account and related guidelines of the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee Guidelines"), to the extent inconsistent with the Debtor's practices under its existing cash management system or other actions described herein, (c) modifying the requirements of § 345(b); and (d) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration; and the Court having

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Debtor consents to entry of a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given, and that no other or further notice is necessary, except as set forth in the Motion with respect to entry of this Interim Order and notice of the Final Hearing (as defined below); and upon the record herein; and after due deliberation thereon; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest, it is hereby **ORDERED THAT**:

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. The Debtor is authorized and empowered to maintain and continue using its integrated cash management system described in the Motion (the "Cash Management System") and to collect, concentrate, and disburse cash in accordance with the Cash Management System.

3. The Debtor and the Banks are authorized to implement changes to the Cash Management System in the ordinary course of business, including closing any existing bank accounts or opening any new bank accounts (collectively, the "Bank Accounts"), as they may deem necessary and appropriate in its discretion; provided that any such new account is (i) with a bank that is designated as an authorized depository pursuant to the U.S. Trustee Guidelines, and (ii) before opening any new Bank Account or closing any Bank Account, the Debtor shall provide

2

notice of its intention to do so to the U.S. Trustee and any unsecured creditors' committee appointed in this Chapter 11 Case (a "Committee").

4.     The Debtor is authorized to (i) continue to use, with the same account numbers, all of the Bank Accounts in existence as of the Petition Date, including those Bank Accounts identified on **Exhibit C** to the Motion, and (ii) treat the Bank Accounts for all purposes as accounts of the Debtor as debtor in possession.

5.     The Debtor is authorized to continue to use, in its present form, all correspondence and business forms, as well as checks and all other documents related to the Bank Accounts (collectively, the "Business Forms") in existence immediately before the Petition Date, without reference to the Debtor's status as debtor in possession, until existing stock is exhausted; provided that if the Debtor generates new Business Forms during the pendency of this Chapter 11 Case, such Business Forms shall include a legend identifying the Debtor as "Debtor in Possession," and, to the extent practicable, the Debtor shall print such legend on any Business Forms electronically generated during this case.

6.     The Debtor is authorized, but not directed, to continue to utilize any third-party providers, if any, necessary for the administration of its Cash Management System.

7.     Except as otherwise provided in this Interim Order, all banks at which the Bank Accounts are maintained (collectively, the "Banks") are authorized and directed to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtor as debtor in possession, without interruption and in the ordinary course of business, in a manner consistent with such practices before the Petition Date, and to receive, process, honor, and pay any and all checks, drafts, wires, or other electronic transfer requests issued by the Debtor and drawn on the

3

Bank Accounts after the Petition Date, whether issued before or after the Petition Date, to the extent the Debtor has sufficient funds standing to its credit with such Bank.

8. To the extent any Banks have frozen any of the Bank Accounts, the Banks are authorized and directed to immediately unfreeze such Bank Accounts.

9. In the event any Bank refuses to honor a check drawn or transfer made on an Account maintained by such Bank, provided there are sufficient good funds in the Account to complete the transfer, such Bank is authorized and directed to immediately turn over the deposits held in the applicable Account upon the Debtor's request.

10. The Banks are authorized to charge, and the Debtor is authorized to pay and honor, or allow to be deducted from the applicable Bank Account, both prepetition and postpetition service fees and other fees, costs, charges, and expenses to which the Banks may be entitled under the terms of and in accordance with their contractual arrangements with the Debtor.

11. Each of the Debtor's Banks is authorized to debit the Debtor's accounts in the ordinary course of business, without need for further order of this Court, for: (i) all checks, items, and other payment orders drawn on the Debtor's accounts that are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof before the Bank's receipt of notice of the filing of the Petition; (ii) all checks, automated clearing house entries, and other items deposited or credited to one of the Debtor's accounts with such Bank before the filing of the Petition that have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items before the filing of the Petition; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

4

12.     Any of the Debtor's Banks may rely on the representations of the Debtor with respect to whether any check, item, or other payment order drawn or issued by the Debtor before the filing of the Petition should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

13.     Any existing deposit agreements between the Debtor and each of the Banks shall continue to govern the postpetition cash management relationship between the Debtor and the Banks, and all provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

14.     Subject to § 553, the Banks are prohibited from offsetting against, freezing, or otherwise impeding the Debtor's use of any funds deposited in the Bank Accounts on account of, or by reason of, any claim, as defined in § 101(5), of any such Bank against the Debtor that arose before the Petition Date, absent further order of the Court.

15.     The relief, rights, and responsibilities provided for in this Order shall be deemed to apply to any and all Bank Accounts maintained in the Debtor's name, including any new bank accounts, whether or not such Bank Accounts are identified on **Exhibit C** to the Motion, and any Banks at which new accounts are opened shall be subject to the rights and obligations of this Order.

16.     For the Banks at which the Debtor holds Bank Accounts that are parties to a Uniform Depository Agreement with the U.S. Trustee, the Debtor shall immediately (a) contact such Banks, (b) provide such Banks with the Debtor's employer identification number, (c) identify its Bank Accounts held at such Banks as being held by a debtor in possession in the Debtor's bankruptcy case, and (d) serve a copy of this Order on each such Bank. For any Bank at which the Debtor holds Bank Accounts that is not party to a Uniform Depository Agreement with the U.S.

US_ACTIVE\138036523

Trustee, the Debtor shall serve a copy of this Order on each such Bank, and the Debtor shall use its good-faith efforts to cause such Bank to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee as soon as possible.

17.     To the extent any of the Bank Accounts are not in compliance with § 345(b) or any of the U.S. Trustee Guidelines, the Debtor shall have until a date that is thirty (30) days from the date hereof, without prejudice to seeking an additional extension, to either come into compliance with § 345(b) and the U.S. Trustee Guidelines or make such other arrangements as are agreed to by the U.S. Trustee or approved by the Court.

18.     Nothing in the Motion or this Interim Order, or the relief granted herein, including any actions taken or payments made by the Debtor, shall be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) a concession by the Debtor that any lien, whether contractual, common law, statutory, or otherwise, satisfied pursuant to the Motion is valid, and all rights to contest the extent, validity, or perfection of, or seek avoidance of, all such liens are expressly reserved; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to § 365; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a waiver of any claims or causes of action that may exist against any entity under the Bankruptcy Code or any other applicable law. Nothing

6

contained in this Interim Order shall be deemed to increase, reclassify, elevate to administrative expense status, or otherwise affect any claim to the extent it is not paid.

19.     Nothing contained in the Motion or this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of the Debtor that did not exist or was not perfected as of the Petition Date, or (b) alter or impair any lien, security interest, or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

20.     The final hearing (the "Final Hearing") on the Motion shall be held on August 7, 2026, at 10:00 a.m. prevailing Eastern Time. On or before 4:00 p.m. prevailing Eastern Time on July 31, 2026, any objections or responses to entry of a final order on the Motion shall be filed with the Court and served on: (a) the Debtor; (b) proposed counsel to the Debtor, (i) Dentons US LLP, 601 S. Figueroa Street, #2500, Los Angeles, CA 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Samuel R. Maizel (samuel.maizel@dentons.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com) and Timothy Cairns (tcairns@pszjlaw.com); (c) counsel to the official committee of unsecured creditors, if one is appointed; and (d) the United States Trustee for the District of Delaware, Attn: Hannah McCollum (hannah.mccollum@usdoj.gov).  In the event no objections to entry of the final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

21.     To the extent applicable, the requirements set forth in Bankruptcy Rule 6003 have been satisfied.

22.     The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

7

23.    Notwithstanding the applicability of Bankruptcy Rule 6004(h), if any, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

24.    The Debtor is authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

25.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

8