## Exhibit A

## Proposed Order

DE:4931-7537-6572.1 68804.00001

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>Pacifica of the Valley Corp.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH)<br><br>**Re: Docket No. 10** |

**INTERIM ORDER GRANTING MOTION OF THE DEBTOR PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 AND FED. R. BANKR. P. 6003 AND 6004 FOR ENTRY OF AN ORDER (I) APPROVING DEBTOR'S PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the Motion[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), pursuant to §§ 105(a) and 366 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004: (i) approving the Debtor's proposed form of adequate assurance of payment to the Utility Companies; (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance provided by the Debtor; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtor on the basis of the commencement of this Chapter 11 Case and/or any outstanding prepetition debts; and (iv) granting related relief, all as more fully set forth in the Motion; and the Court having determined that the remaining relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest; and upon consideration of the First Day Declaration, and the Court having jurisdiction

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley [7312]. The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), that the Debtor consents to entry of a final order under Article III of the United States Constitution, and venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no other notice be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefore, it is **HEREBY ORDERED THAT::**

1. The Motion is **GRANTED** as set forth herein.

2. A hearing to consider entry of an order granting the relief requested in the Motion on a final basis will be held on August 7, 2026 **at 10:00 a..m. (prevailing Eastern Time)** and any objections or responses to the Motion must be in writing and filed with the Court by no later than July 31, 2026 **at 4:00 p.m. (prevailing Eastern Time)**, and served on the following parties: (a) the Debtor; (b) proposed counsel to the Debtor, (i) Dentons US LLP, 601 S. Figueroa Street, #2500, Los Angeles, CA 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Samuel Maizel (samuel.maizel@dentons.com), Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: John Beck (john.beck@dentons.com) and Geoffrey Miller (geoffrey.miller@dentons.com), and (ii) proposed local counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 Market Street, 17th Floor, Wilmington, DE 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com); (c) counsel to the official committee of unsecured creditors, if one is

appointed; and (d) the Office of the United States Trustee, Attn: Hannah J. McCollum (hannah.mccollum@usdoj.gov).

3.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

4.      The Proposed Adequate Assurance shall constitute adequate assurance of future payment as required by § 366.

5.      Subject to compliance with the procedures set forth in the Motion and this Order, all Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtor, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtor's Proposed Adequate Assurance, and are deemed to have received adequate assurance of payment in accordance with § 366.

6.      The following Adequate Assurance Procedures are hereby approved:

a.  The Debtor will serve a copy of this Motion and the Order on the Utility Companies on the Utility Services List within three (3) business days after entry of the Order.

b.  Subject to entry of the Order, the Debtor will deposit the Utility Deposit, in the aggregate amount of $69,000, in the Utility Deposit Account within twenty (20) days after the Petition Date.

c.  The portion of the Utility Deposit attributable to each Utility Company will be returned to the Debtor on the earlier of (i) reconciliation and payment by the Debtor of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtor's termination of Utility Services from such Utility Company and (ii) the earlier of (a) the effective date of any chapter 11 plan confirmed in this Chapter 11 Case and (b) the closure of this Chapter 11 Case; provided that there are no outstanding disputes related to post-petition payments due to the affected Utility Companies.

d.  Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the following parties: (i) proposed counsel to the Debtor, (w) Dentons US LLP, 601 South Figueroa

Street, Suite 2500, Los Angeles, California 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Samuel R. Maizel (samuel.maizel@dentons.com); (x) Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: John D. Beck (john.beck@dentons.com) and Geoffrey M. Miller (geoffrey.miller@dentons.com); (y) Pachulski Stang Ziehl & Jones LLP, 919 Market Street, 17th Floor, Wilmington, DE 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com); and (ii) counsel for any official committee of unsecured creditors appointed in this Chapter 11 Case.

e. The Additional Assurance Request must: (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for those location(s), and the outstanding balance for each account; (iii) explain why the Utility Company believes the Utility Deposit is not adequate assurance of payment; and (iv) certify that the Utility Company does not already hold a deposit equal to or greater than two weeks of Utility Services provided by such Utility Company.

f. An Additional Assurance Request may be made at any time. If a Utility Company does not serve an Additional Assurance Request, the Utility Company will be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with § 366, and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtor on account of any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance.

g. Upon the Debtor's receipt of an Additional Assurance Request, the Debtor will negotiate with the Utility Company to resolve the Utility Company's Additional Assurance Request.

h. The Debtor may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtor may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including cash deposits, payments of any outstanding prepetition balance due to the Utility Company, prepayments, or other forms of security if the Debtor believes that such adequate assurance is reasonable.

i. If the Debtor and the Utility Company are not able to reach an alternative resolution within thirty (30) days of receipt of the Additional Assurance Request, the Debtor will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to the particular Utility Company (the "Determination Hearing") pursuant to § 366(c)(3), unless the Debtor and the Utility Company agree in writing to extend the period.

j.   Pending resolution of the Additional Assurance Request and Determination Hearing, the Utility Company making the Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

k.   Notwithstanding anything in these procedures to the contrary, the Debtor will request a hearing (the "Final Adequate Assurance Hearing") to take place no later than thirty (30) days following the Petition Date to resolve outstanding objections to these procedures in the event any are timely filed.

7.   The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

8.   The Debtor will open the Utility Deposit Account at a bank which has signed a Uniform Depository Agreement with the Office of the United States Trustee.

9.   The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtor that such entity is, or is not, a utility within the meaning of § 366, and the Debtor reserves all rights and defenses with respect thereto.

10.   The Debtor is authorized to amend the Utility Services List to the extent the Debtor terminates the services of any Utility Company or identifies additional Utility Companies and this Interim Order shall apply to any Utility Company that is added to the Utility Services List upon service of this Order.  The Debtor shall serve a copy of this Interim Order upon any Utility Company added to the Utility Services List prior to the entry of a final order.

11.   The Debtor may terminate the services of any Utility Company and amend the Utility Services List to reflect such termination.  The Debtor is authorized to reduce the Utility Deposit by the amount held on account of such terminated Utility Company upon seven days' notice of such reduction and having not received a response thereto by such deadline.

12.     The relief granted herein is applicable to all Utility Companies providing Utility Services to the Debtor and is not limited to those parties or entities listed on the Utility Services List.

13.     Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtor, (b) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under § 365.

14.     Under the circumstances of this Chapter 11 Case, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

15.     The requirements of Bankruptcy Rule 6003(b) have been satisfied.

16.     Notwithstanding Bankruptcy Rule 6004(h), or any Bankruptcy Rule to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

17.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Adequate Assurance Procedures.

18.     The Debtor is authorized to take any and all actions that are necessary to carry out the provisions of this Interim Order.