**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>Pacifica of the Valley Corp.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**MOTION OF THE DEBTOR FOR AN ORDER**
**(I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND**
**STATEMENTS OF FINANCIAL AFFAIRS, AND (II) GRANTING RELATED RELIEF**

Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley, the above-captioned debtor and debtor in possession (the "Debtor") under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code")[2], in this chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, hereby moves (the "Motion")[3] for entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) extending the deadline by which the Debtor must file its schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") and (ii) granting related relief. In support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley [7312]. The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] All references to 'section' or '§' herein are to sections of the Bankruptcy Code. All references to "Bankruptcy Rules" are to provisions of the Federal Rules of Bankruptcy Procedure. All references to "Local Rules" are to provisions of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware.

[3] Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration (as defined below).

*Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are §§ 105(a) and 521, Bankruptcy Rules 1007(c) and 9006(b), and Local Rule 1007-1(a).

## BACKGROUND

4. On July 4, 2026 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in the possession of its property and continues to operate and manage its business as a debtor in possession pursuant to §§ 1107(a) and 1108.

5. No trustee, examiner, or official committee has been appointed in the Chapter 11 Case.

6. The factual background regarding the Debtor, including its current and historical business operations and the events precipitating its chapter 11 filing, is set forth in detail in the *Declaration of Precious Mayes in Support of Emergency First Day Motions* (the "First Day Declaration") fully incorporated herein by reference.

## RELIEF REQUESTED

7. The Debtor seeks entry of an order substantially in the form attached hereto as **Exhibit A**: (a) extending the deadline by which the Debtor must file the Schedules and Statements by thirty (30) days in addition to the extension provided by Local Rule 1007-1(a), for a total of 58

days from the Petition Date, without prejudice to the Debtor's ability to request additional extensions for cause shown and (b) granting related relief.

**BASIS FOR RELIEF**

8. Local Rule 1007-1(a) extends the filing deadline for the Schedules and Statements to twenty-eight (28) days after the petition date if the bankruptcy petition is accompanied by a list of all of the debtor's creditors and their addresses, in accordance with Local Rule 1007-2, and if the total number of creditors in a debtor's case or, in the case of jointly administered cases, the debtors' cases, exceeds 200. *See* 11 U.S.C. § 521 (requiring debtor to file Schedules and Statements). The Debtor in this Chapter 11 Case has more than 200 creditors.

9. This Court has the authority to grant the requested extension to file the Schedules and Statements under Bankruptcy Rules 1007(c) and 9006(b) and Local Rule 1007-1(a). Bankruptcy Rule 1007(c) together with Bankruptcy Rule 9006(b) allows the Court to extend the filing deadline for the Schedules and Statements "for cause shown." Fed. R. Bankr. P. 9006(b). Similarly, Local Rule 1007-1(a) provides that such an extension may be granted for cause.

10. Here, good and sufficient cause for granting an extension of time to file the Schedules and Statements exists. To prepare the Schedules and Statements, the Debtor must compile information from books, records, and documents relating to creditor claims, as well as the Debtor's many assets and contracts. This information is voluminous and collecting the necessary information requires a significant expenditure of time and effort on the part of the Debtor, its employees, and their professional advisors in the near term, when these resources would be best used to focus on the transition into chapter 11. Further, the Chapter 11 Case was filed on an emergency basis, and the Debtor is focused on continuing to operate the Hospital and address its first-day motions and other administrative requirements.

11.     Given the amount of work entailed in completing the Schedules and Statements and the competing demands on the Debtor's employees and professionals to assist in efforts to stabilize business operations during the initial postpetition period, the Debtor likely will not be able to properly and accurately complete the Schedules and Statements within the required time period.

12.     Although the Debtor has commenced the process that will enable it to prepare and finalize the Schedules and Statements, the Debtor anticipates that it may require up to thirty (30) additional days to complete the Schedules and Statements.  The Debtor therefore requests that the Court extend the 28-day period for an additional thirty (30) days, without prejudice to the Debtor's right to request further extensions, for cause shown.

13.     The Debtor submits that the extensive amount of information that must be assembled and compiled and the hundreds of employee and professional hours required to complete the Schedules and Statements constitute good and sufficient cause for granting the requested extension of time.

14.     Further, courts in this district have granted similar relief to that requested herein in a number of cases.  *See, e.g., In re First Guaranty Mortgage Corp.*, Case No. 22-10584 (CTG) (Bankr. D. Del. July 28, 2022) (extending time to file schedules and statements to 58 days from the petition date); *In re Global Eagle Entertainment, Inc.*, Case No. 20-11835 (JTD) (Bankr. D. Del. July 27, 2020) (extending time to file schedules and statements to 53 days from the petition date); *In re Sportco Holdings, Inc.*, Case No. 19-11299 (LSS) (Bankr. D. Del. June 11, 2019) (extending time to file schedules and statements to 60 days from the petition date); *In re General Wireless Operations Inc.*, Case No. 17-10506 (BLS) (Bankr. D. Del. Mar. 8, 2017) (extending time to file schedules and statements to 45 days from the petition date); *In re Emerald Oil, Inc.*, No. 16-10704 (KG) (Docket No. 206) (Bankr. D. Del. Apr. 19, 2016) (extending time to file

schedules and statements to 45 days from the petition date); *In re Horsehead Holding Corp.*, No. 16-10287 (CSS) (Bankr. D. Del. Mar. 1, 2016) (extending time to file schedules and statements to 44 days from the petition date); *In re Molycorp, Inc.*, No. 15-11357 (CSS) (Bankr. D. Del. June 26, 2015) (extending time to file schedules and statements to 60 days from the petition date).

## NOTICE

15.     The Debtor will provide notice of this motion to:  (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtor (on a consolidated basis); and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

16.     No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, for the reasons set forth herein, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** and for such other and further relief as may be appropriate.

Dated: July 6, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Tel: (302) 652-4100
Email: ljones@pszjlaw.com

-and-

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* forthcoming)
Samuel R. Maizel (*pro hac vice* forthcoming)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
         samuel.maizel@dentons.com

John D. Beck (*pro hac vice* forthcoming)
Geoffrey M. Miller (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
         geoffrey.miller@dentons.com

*Proposed Counsel to Debtor and Debtor in Possession*

4906-3339-3851.1 68804.00001

6

**EXHIBIT A**

(Proposed Order)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Pacifica of the Valley Corp.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**ORDER GRANTING MOTION OF THE DEBTOR FOR AN ORDER
(I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND
STATEMENTS OF FINANCIAL AFFAIRS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession,

(the "Debtor"), for entry of an order extending the time to file the Schedules and Statements, as

more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

District Court for the District of Delaware, dated February 29, 2012; and this Court having found

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a

final order consistent with Article III of the United States Constitution; and this Court having found

that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§

1408 and 1409; and this Court having found that the relief requested in the Motion is in the best

interests of the Debtor's estates, its creditors, and other parties in interest; and this Court having

found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were

appropriate and no other notice need be provided; and this Court having reviewed the Motion and

determined that the legal and factual bases set forth in the Motion establish just cause for the relief

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley [7312]. The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Capitalized terms used, but not otherwise defined, herein have the meaning given to them in the Motion.

granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.    The Motion is GRANTED as set forth herein.

2.    The Debtor is granted an extension of thirty (30) days in addition to the extension provided by Rule 1007-1(a) of the Local Rules, for a total of 58 days from the Petition Date, through and including August 31, 2026 to file the Schedules and Statements.

3.    Such extension is without prejudice to the Debtor's right to request further extensions.

4.    The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.