**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Pacifica of the Valley Corporation,[1] | Case No. 26-11060 (TMH) |
| Debtor. | |

**DEBTOR'S MOTION FOR ORDER SHORTENING NOTICE OF HEARING ON THE DEBTOR'S EMERGENCY MOTION TO (I) SELL HQAF RECEIVABLES TO L.A. CARE PURSUANT TO SECTION 363, (II) STIPULATE TO THE VALIDITY AND NON-AVOIDABILITY OF PREPETITION SALES OF HQAF RECEIVABLES TO L.A. CARE, (III) GRANT L.A. CARE A RELEASE OF ANY ESTATE CLAIMS, (IV) GRANT ADMINISTRATIVE CLAIMS IN FAVOR OF L.A. CARE, (V) TO THE EXTENT NECESSARY MODIFY THE AUTOMATIC STAY AND (VI) GRANT RELATED RELIEF**

The above-captioned debtor and debtor in possession (the "Debtor") in the above-captioned case (the "Chapter 11 Case") respectfully moves (this "Motion") to shorten the notice period regarding the *Debtor's Emergency Motion to (I) Sell HQAF Receivables to L.A. Care Pursuant to Section 363, (II) Stipulate to the Validity and Non-Avoidability of Prepetition Sales of HQAF Receivables to L.A. Care, (III) Grant L.A. Care a Release of Any Estate Claims, (IV) Grant Administrative Claims in Favor of L.A. Care, (V) to the Extent Necessary Modify the Automatic Stay, and (VI) Grant Related Relief* (the "Sale Motion").[2]  In support of the Motion, the Debtor respectfully states as follows:

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Filed concurrently with the Motion.

## I.

### RELIEF REQUESTED

1.      By this Motion, the Debtor requests, pursuant to section 105(a) of title11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1(c) and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) shortening the notice period for the hearing on the Sale Motion filed contemporaneously herewith seeking approval of, among other things, authority to (a) sell HQAF receivables to the Local Initiative Health Authority for Los Angeles County, which operates as L.A. Care Health Plan ("L.A. Care", and the sale to L.A. Care being the "Sale"), (b) stipulate to the validity and non-avoidability of prepetition sales of HQAF receivables to L.A. Care, (c) grant L.A. Care a release of estate claims and causes of action, (d) grant administrative claims in favor of L.A. Care, (e) to the extent necessary, modify the automatic stay, and (f) granting related relief; (ii) setting the date for the hearing to consider approval of the Sale for July 31, 2026; and (iii) granting related relief.

## II.

### JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over the Chapter 11 Case, the Debtor and its estate and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      Venue of the Chapter 11 Case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested in this Motion are §§ 102 and 105, Bankruptcy Rules 2002 and 9006, and Local Rules 6004-1 and 9006-1.

### III.

### BACKGROUND

6.      On July 4, 2026 (the "Petition Date"), the Debtor commenced the Chapter 11 Case. The Debtor is authorized to continue operating its business and managing its property as a debtor in possession pursuant to §§ 1107(a) and 1108.

7.      On July 20, 2026, the United States Trustee ("U.S. Trustee") appointed a committee of unsecured creditors (the "Committee"). *See* Docket No. 78.

8.      No trustee or examiner has been appointed in this Chapter 11 Case.

9.      Additional information regarding the Debtor, including its business and the events leading to the commencement of this Chapter 11 Case, is set forth in the *Declaration of Precious Mayes in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 16] (the "First Day Declaration").

### IV.

### ARGUMENT

10.     Bankruptcy Rule 2002 provides that a debtor shall give "all creditors and indenture trustees at least 21 days' notice by mail of . . . (2) a proposed use, sale, or lease of property of the

estate other than in the ordinary course of business unless the court for cause shown shortens the time or directs another method of giving notice. . . ."  Fed. R. Bankr. P. 2002(a).  Additionally, Local Rule 6004-1(c) requires that a debtor file a bidding and auction procedures motion not less than twenty-one days prior to a hearing thereon.  Del. Bankr. L.R. 6004-1(c).  Further, as a default, Local Rule 9006-1(c)(ii) provides, "the deadline for objection(s) shall be no later than seven (7) days before the hearing date."  Del. Bank. L.R. 9006-1(c)(ii).

11.     Pursuant to § 102(1), the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances.  11 U.S.C. § 102(1) (2018).  Section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  *Id.* § 105(a).

12.     Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown."  Fed. R. Bank. P. 9006(c)(1).  In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis."  *In re Phila. Newspapers, LLC*, 690 F.3d 161, 171–72 (3d Cir. 2012) (noting the commonality of such motions "[g]iven the accelerated time frame of bankruptcy proceedings").  Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

13.     The Debtor respectfully submits that shortening notice of the Motion as requested herein is reasonable under the circumstances.  As discussed in the Sale Motion, approval of the Sale is needed to provide immediate liquidity to maintain the Debtor's operations, pay employees, and continue serving its patients and community. The Sale represents the only presently available means of obtaining an immediate infusion of cash—and the terms of the Sale are exceptionally

4

favorable to the Debtor.  The transaction imposes no interest, original issue discount, financing premium, or similar charge on the estate. Given the urgent need for liquidity, no third-party lender or purchaser could reasonably be expected to provide more favorable economic terms.

14.     For these reasons, the Debtor respectfully submits that allowing the Motion to be considered on shortened notice at a hearing on July 31, 2026 is reasonable, appropriate, and necessary given the circumstances.

**V.**

**CERTIFICATION PURSUANT TO RULE 9006-1(e)**

15.     Pursuant to Local Rule 9006-1(e), counsel to the Debtor has notified the U.S. Trustee and the Committee of the relief requested in this Motion. The U.S. Trustee and Committee have each confirmed that they are unopposed to the relief sought herein.

**VI.**

**NOTICE**

16.     The Debtor will provide notice of this Motion to: (a) the U.S. Trustee; (b) Axios Capital Solutions, LLC; (c) Reliq Pacifica LLC and Beverly Gemini Investments, LLC; (d) Counsel to the Committee; (e) the holders of the thirty (30) largest unsecured claims against the Debtor; (f) the office of the attorney general for each of the states in which the Debtor operates; and (g) the United States Attorney's Office for the District of Delaware. The Debtor submits that, under the circumstances, no other or further notice is required.

**VII.**

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter the Order, substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such other and further relief as may be just and proper.

5

Dated: July 29, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com

-and-

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Samuel R. Maizel (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        samuel.maizel@dentons.com

John D. Beck (admitted *pro hac vice*)
Geoffrey Miller (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        geoffrey.miller@dentons.com

*Proposed Counsel to Debtor and Debtor in Possession*