**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PACIFICA OF THE VALLEY CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**Hearing Date: October 15, 2026 at 9:00 a.m. (ET)**
**Objection Deadline: October 8, 2026 at 4:00 p.m. (ET)**

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTOR MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor in possession (the "Debtor") states as follows in support of this motion (the "Motion"):

**Relief Requested**

1. The Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) enlarging the period of time (the "Removal Period") set forth in Rule 9027(a)(2)(A) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") during which the Debtor may seek removal of certain actions (collectively, the "Actions") pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 by an additional 122 days, through and including **February 1, 2027**, without prejudice to the Debtor's right to seek additional extensions of the Removal Period; and (b) granting related relief.

**Jurisdiction and Venue**

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is 7312. The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 1452 of title 28 of the United States Code, Bankruptcy Rules 9006 and 9027, and Local Rule 9006-2.

## Background

5. On July 4, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has been operating its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. A detailed description of the Debtor's business and facts precipitating the filing of the Debtor's chapter 11 proceeding is set forth in the *Declaration of Precious Mayes in Support of Emergency First-Day Motions* [Docket No. 16].

7. On July 20, 2026, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") [Docket No. 78]. No request for the appointment of a trustee or examiner has been made in this chapter 11 case.

8. On September 17, 2026, the Debtor filed its schedules and Statement of Financial Affairs [Docket Nos. 200, 201].

9. On July 7, 2026, the Debtor filed the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Use Cash Collateral and (B) Grant Liens and Superpriority Administrative Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief* (the "Cash Collateral Motion") [Docket No. 13]. On July 9, 2026, the Court entered an interim order on the Cash Collateral Motion [Docket No. 57]. On August 11, 2026, the Court entered a second interim order on the Cash Collateral Motion [Docket No. 148].

10. On September 10, 2026, the Debtor filed the *Debtor's Motion for the Entry of (I) an Order (1) Approving Auction Sale Format and Bidding Procedures; (2) Approving Process for Discretionary Selection of Stalking Horse Bidder and Bid Protections; (3) Approving Form of Notice to Be Provided to Interested Parties; (4) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder; and (5) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; and (II) an Order Authorizing the Sale of Property Free and Clear of All Claims, Liens and Encumbrances* [Docket No. 188] (the "Sale Motion"). A hearing to approve bid procedures in connection with the Sale Motion will be held on a date to be determined.

11. On September 27, 2026, the Debtor filed the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Obtain Postpetition Secured Financing and (B) Utilize Cash Collateral; (II) Granting Liens and Superpriority Administrative Expense Claims; (III) Granting Adequate Protection; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 217] (the "DIP Motion"). On September 30, 2026, the Court entered an order granting the relief requested in the DIP Motion on

an interim basis [Docket No. 229]. A final hearing on the DIP Motion is scheduled for October 15, 2026 at 9:00 a.m. (prevailing Eastern Time).

**<u>The Actions</u>**

12. The Debtor is currently involved in a number of civil actions commenced prepetition in various forums. The Debtor continues to review its books and records and is in the process of determining whether to remove any Actions to a district court pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027. Since the Petition Date, the Debtor has worked diligently on a number of critical matters and has not yet decided which, if any, of the Actions it will seek to remove. Specifically, the Debtor and its professionals have been focused on, among other things:

- stabilizing the Debtor's business operations to maximize the value of the Debtor's estate;
- preparing for and attending the first day and second day hearings and various additional hearings;
- obtaining interim approval for use of cash collateral;
- negotiating and filing a motion for approval of a debtor-in-possession financing facility to address the Debtor's liquidity needs in chapter 11;
- conducting an extensive marketing process for one or more value-maximizing sales of all or substantially all of the Debtor's assets, and preparing and filing the Sale Motion;
- addressing numerous questions, concerns, and issues raised by employees, vendors, utility companies, and other parties in interest;
- responding to diligence requests from key stakeholder groups;
- filing the Debtor's schedules of assets and liabilities and statements of financial affairs, and holding a section 341 meeting of creditors; and
- coordinating with the U.S. Trustee and the Committee to provide requested information on a variety of issues and to comply with reporting requirements under the Bankruptcy Code.

13. The Debtor's time and resources have been productively spent toward (a) reducing interruptions to the Debtor's operations and ensuring that the Debtor has the resources necessary to continue operations in the ordinary course of business, to the benefit of all stakeholders, and (b) engaging with key stakeholders regarding a value-maximizing sale and consensual chapter 11 plan. The Debtor submits that an extension of the Removal Period is appropriate under the circumstances to provide the Debtor with sufficient time to make fully-informed decisions concerning the removal of any Actions.

14. It is also possible that the Debtor may become aware of Actions following its review of proofs of claim filed in this chapter 11 case, at which point the Debtor will need to analyze such potential Actions to determine whether to remove any such Actions. Consequently, the Debtor seeks an extension of the Removal Period to provide it with sufficient time to decide whether to remove any such Actions.

15. In light of the Debtor's focus on time-critical operational matters, the Debtor needs more time to conduct a fulsome analysis on which Actions, if any, to remove.

**Basis for Relief**

16. 28 U.S.C. § 1452 and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases. Specifically, 28 U.S.C. § 1452 provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

17. Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

18. Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027. Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

19. It is well-settled that the Court is authorized to enlarge the Removal Period. *See, e.g.*, *Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995) (finding that the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (stating that Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48, 49–50 (Bankr. S.D.N.Y. 1989) (stating that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (finding that the Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b));

*Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (stating that an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

20. The Debtor seeks an extension of the Bankruptcy Rule 9027(a)(2)(A) deadline, which in isolation would expire on October 2, 2026,[2] to ensure the Debtor's right to remove is preserved and that creditors are on notice of such extended removal deadline. The Debtor believes it has additional time to remove the Actions under Bankruptcy Rule 9027(a)(2)(C) and, to the extent such Actions are subject to the automatic stay, under Bankruptcy Rule 9027(a)(2)(B), but the Debtor nevertheless seeks the relief requested in this Motion out of an abundance of caution.

21. The Debtor's decision regarding whether to seek removal of any particular Action depends on a number of factors, including: (a) the importance of the Action to the resolution of this chapter 11 case; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be considered in connection with the Debtor's bankruptcy process, a plan of reorganization, the claims allowance process, and the assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the Action. To make the appropriate determination, the Debtor must analyze each Action in light of such factors.

22. To date, the Debtor's review of its books and records to determine whether any additional Actions exist remains ongoing. Since the commencement of this chapter 11 case, the Debtor has been focused on addressing time-critical matters including, among other things, effectuating a smooth transition into chapter 11, preparing the schedules of assets and liabilities

[2] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the current deadline shall serve to extend automatically the current deadline until the Court rules on this Motion, without the necessity for the entry of a bridge order. *See* Del. Bankr. L.R. 9006-2.

and statements of financial affairs, negotiating and obtaining interim approval of the terms of their use of DIP financing and cash collateral, preparing a number of "second day" motions and retention applications to enable the Debtor to continue operating its business in the ordinary course, addressing numerous questions, concerns, and issues raised by employees, vendors, utility companies, and other parties in interest, conducting an extensive marketing process for one or more value-maximizing sales of all or substantially all of the Debtor's assets, and preparing and filing the Sale Motion. The Debtor believes that the extension requested herein will provide the Debtor with the ability to make fully-informed decisions concerning the removal of any Actions and will ensure that the Debtor's rights provided by 28 U.S.C. § 1452 can be exercised in an appropriate manner. If such an extension is not granted, the Debtor may not become aware of Actions until after the Removal Period expires.

23. Moreover, the rights of parties to the Actions will not be prejudiced by the Debtor's requested extension of the Removal Period. If the Debtor ultimately seeks to remove Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to have such Actions remanded pursuant to 28 U.S.C. § 1452(b). Further, inasmuch as section 362(a) of the Bankruptcy Code automatically stays actions against the Debtor, most of the Actions will not proceed in their respective courts during this chapter 11 case, even absent the requested extension. Accordingly, the Debtor submits that cause exists for the relief requested in this Motion.

24. Courts in this jurisdiction have regularly granted the relief requested herein in other large chapter 11 cases. *See, e.g.*, *In re Marelli Automotive Lighting USA LLC*, No. 25-11034 (CTG) (Bankr. D. Del. Jan. 5, 2026) (granting a 120-day extension); *In re Franchise Grp.*, No. 24-12480 (LSS) (Bankr D. Del. May 19, 2025) (granting a 90-day extension); *In re Peer Street, Inc.*, No. 23-10815 (LSS) (Bankr. D. Del. Feb. 7, 2024) (granting a 90-day extension); *In re*

*Kidde-Fenwal, Inc.*, No. 23-10638 (LSS) (Bankr. D. Del. Jan. 5, 2024) (granting a 120-day extension); *In re Takeoff Techs., Inc.*, No. 24-11106 (CTG) (Bankr. D. Del. Dec. 12, 2024) (granting a 60-day extension). Accordingly, the Debtor submits that the requested extension is reasonable and should be granted.

**Reservation of Rights**

25. Nothing contained in this Motion or any order granting the relief requested in this Motion, and no action taken by the Debtor pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity, or priority of, or basis for, any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Motion or any order granting the relief requested in this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtor or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

**Notice**

26. The Debtor will provide notice of this Motion to the following parties, or their counsel if known: (a) the U.S. Trustee; (b) the Committee; (c) all known parties to the Actions;

and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtor requests entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: September 30, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
tcairns@pszjlaw.com

-and-

**DENTONS US LLP**
Tania M. Moyron (admitted *pro hac vice*)
Samuel R. Maizel (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
samuel.maizel@dentons.com

John D. Beck (admitted *pro hac vice*)
Geoffrey Miller (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
geoffrey.miller@dentons.com

*Counsel to the Debtor and Debtor in Possession*