**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT, (II) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN, (III) ESTABLISHING PLAN AND DISCLOSURE STATEMENT OBJECTION AND REPLY DEADLINES AND RELATED PROCEDURES, (IV) APPROVING THE SOLICITATION AND VOTING PROCEDURES, (V) APPROVING THE FORM AND MANNER OF THE CONFIRMATION HEARING NOTICE AND FINDING NOTICE SUFFICIENT, (VI) APPROVING NOTICE AND OBJECTION PROCEDURES FOR THE ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (VII) GRANTING RELATED RELIEF**

Pacifica of the Valley Corporation, the debtor and the debtor in possession (the "Debtor"), in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, hereby files this motion (the "Motion"), pursuant to §§ 105, 1107, 1108, 1125, 1126, 1128 and 1129.[2] In support hereof, the Debtor relies upon the *Declaration of Precious Mayes in Support of Emergency First Day Motions* [Docket No. 16] (the "First Day Declaration"), and respectfully states as follows:

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. All references to the Local Rules are to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

# I.

# RELIEF REQUESTED

1. By this Motion, the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), granting the following relief:

a. scheduling a combined hearing (the "Confirmation Hearing") to consider (a) the adequacy of the *Combined Disclosure Statement and Chapter 11 Plan of Pacifica of the Valley Corporation* [Docket No. 276] (as amended, supplemented or otherwise modified from time to time, the "Combined DS and Plan", the disclosure statement portion thereof, the "Disclosure Statement," and the chapter 11 plan portion thereof, the "Plan") for December 17, 2026 at 1:00 p.m.;[3]

b. establishing a deadline for objections to the adequacy of the Disclosure Statement and confirmation of the Plan (the "Objection Deadline") and approving procedures and a deadline for the filing of a combined pleading in support of confirmation of the Plan and in reply to any objections to the Disclosure Statement or Plan (the "Reply Deadline");

c. establishing a deadline to file a plan supplement (the "Plan Supplement Filing Deadline");

d. approving the procedures for soliciting, receiving, and tabulating votes to accept or reject the Plan (the "Solicitation and Voting Procedures");

e. approving the procedures and standard assumptions used for tabulating Ballots (as defined below) (the "Tabulation Procedures");

f. approving the form of Ballots, substantially in the form attached to the Order as **Exhibits 1A** and **1B**, and the form of the Opt-In Election Form, substantially in the form attached to the Order as **Exhibit 2**;

g. approving the form and manner of the notice of the conditional approval of the Disclosure Statement, the Confirmation Hearing, and the Objection Deadline (the "Confirmation Hearing Notice"), substantially in the form attached to the Order as **Exhibit 3**, and the form and manner of the publication of the Confirmation Hearing Notice (the "Publication Notice"), substantially in the form attached to the Order as **Exhibit 4**;

h. approving the forms of notices to be sent to counterparties to Executory Contracts and Unexpired Leases that may be assumed or assumed and assigned

[3] Capitalized terms used but not otherwise defined herein shall have the meanings as ascribed to them in the Combined DS and Plan.

pursuant to the Plan (an "Assumption Notice"), and the procedures, including the applicable objection deadline, for the assumption of executory contracts and unexpired leases under the Plan (the "Executory Contract Procedures"), substantially in the form attached to the Order as **Exhibit 5**; and

i. granting related relief.

2. In connection with the foregoing, the Debtor respectfully requests that the Court approve the following schedule of proposed dates (the "Proposed Confirmation Schedule"),[4] subject to the Court's availability:

| Event | Proposed Date | |
|---|---|---|
| Disclosure Statement Conditional Approval Objection Deadline | November 6, 2026, at 4:00 p.m. | The date by which objections to conditional approval of the disclosure statement must be filed with the Court and served so as to be **actually received** by the appropriate notice parties. |
| Disclosure Statement Reply Deadline | November 9, 2026, at 12:00 p.m. | The deadline by which the Debtor and any other party in interest may file replies to any objections to conditional approval of the Disclosure Statement. |
| Voting Record Date | November 10, 2026 | The date for determining (i) which holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan, opt-in to the Third-Party Release, and receive Solicitation Packages in connection therewith, (ii) which holders of Claims and Interests in the Non-Voting Classes are entitled to opt-in to the Third-Party Release, and (iii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the respective Claim. |
| Proposed Hearing Date for Conditional Approval of Disclosure Statement | November 10, 2026, at 3:00 p.m. | The hearing at which the Court will consider conditional approval of the Disclosure Statement for solicitation purposes and approval of the Solicitation and Voting Procedures. |
| Expected Entry of Conditional Approval and Procedures Order/Delivery to Claims Agent | November 11, 2026 | The date on which the Debtor expects the Court to enter the Conditional Approval and Procedures Order and on which the Debtor will deliver the approved solicitation materials to the Claims Agent for service. |
| Deadline to Serve Notice and Solicitation Package | Four (4) business days following entry of Conditional Approval and Procedures Order | The deadline by which the Claims Agent will serve the Solicitation Packages on Holders of Claims in the Voting Classes, and the Confirmation Hearing Notice and Release Opt-In Election Form on Holders in the Non-Voting Classes and other parties in interest. |

[4] The Proposed Confirmation Schedule was prepared in accordance with the expedited timeline requested by the Debtor by a separate motion to expedite filed concurrently herewith.

| Event | Proposed Date | |
|---|---|---|
| Publication Deadline | Four (4) business days following entry of Conditional Approval and Procedures Order | The last date by which the Debtor will submit the Confirmation Hearing Notice in a format modified for publication. |
| Deadline to file Plan Supplement | December 3, 2026, at 4:00 p.m. | The date by which the Debtor shall file the Plan Supplement. |
| Deadline for Debtor or Creditors to File Rule 3018 Motions | December 3, 2026, at 4:00 p.m. | The deadline by which any creditor seeking temporary allowance of its Claim for voting purposes must file a motion pursuant to Bankruptcy Rule 3018(a). |
| Voting Deadline | December 10, 2026, at 4:00 p.m. | The deadline by which Ballots and Release Opt-In Election Forms must be properly completed, executed, and mailed or uploaded so that they are **actually received** by the Claims Agent. |
| Combined DS and Plan Objection Deadline | December 10, 2026, at 4:00 p.m. | The deadline by which objections to the Combined DS and Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties. |
| Deadline to File Confirmation Brief and Other Evidence Supporting the Combined DS and Plan | December 14, 2026, at 4:00 p.m. | The deadline by which the Debtor shall file its brief in support of confirmation of the Combined DS and Plan and any other evidence in support of the Combined DS and Plan. |
| Deadline to File Voting Tabulation Affidavit | December 14, 2026, at 4:00 p.m. | The deadline by which the Claims Agent shall file its declaration certifying the tabulation of Ballots and Release Opt-In Election Forms. |
| Confirmation Hearing | December 17, 2026, at 1:00 p.m. | The date for the hearing at which the Court will consider confirmation and final approval of the Combined DS and Plan. |

## II.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested are §§ 105, 1107, 1108, 1125, 1126, 1128 and 1129; Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and 9006; and Local Rules 2002-1, 3017-1, 3017-2, 9006-1, and 9013-1(m). Pursuant to Local Rule 9013-1(f), the Debtor confirms its

consent to the Court entering a final order in connection with this Motion to the extent it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## III.

## BACKGROUND

6. On July 4, 2026 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a voluntary petition for relief under chapter 11. The Debtor has continued in the possession of its property and continues to operate and manage its business as a debtor in possession pursuant to §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Chapter 11 Case.

7. Additional information regarding the Debtor, including its business, and the events leading to the commencement of this Chapter 11 Case, is set forth in the First Day Declaration and the Disclosure Statement and Plan.

## IV.

## PLAN OVERVIEW

8. As of the date hereof, the Debtor continues to operate and manage its 231-bed safety net hospital, Pacifica Hospital of the Valley (the "Hospital").

9. The Plan implements a comprehensive global settlement agreement (the "Global Settlement"), reflected in the Plan Term Sheet and Asset Purchase Transaction Terms attached to the Credit Agreement, among the Debtor, Axios Capital Solutions, LLC ("Axios"), the Debtor's prepetition secured lender and postpetition DIP lender, and the Committee. The Global Settlement provides: (i) for the sale of substantially all of the Debtor's assets (other than certain Excluded Assets) to Axios or its designee pursuant to § 363, with Axios credit bidding not less than $40 million of its claims (the "Axios Sale"); (ii) the establishment of a liquidating trust (the

"Liquidating Trust") to liquidate the Liquidating Trust Assets, prosecute retained Causes of Action, and make distributions to Holders of Allowed General Unsecured Claims and Allowed Priority Tax Claims; and (iii) a sharing of net recoveries from the Liquidating Trust Assets between the Liquidating Trust and Axios pursuant to the Sharing Agreement. The Plan proposes to pay or otherwise satisfy Allowed Administrative Claims, Allowed Secured Claims, and Allowed Priority Claims in full, and provides that Holders of Allowed General Unsecured Claims and Allowed Priority Tax Claims will receive distributions from the Liquidating Trust in accordance with the Plan and Liquidating Trust.

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| Unclassified | Administrative Claims | Except to the extent that a Holder of an Allowed Administrative Claim agrees to less favorable treatment, each Holder of an Allowed Administrative Claim, other than a Professional Fee Claim, shall receive, without interest, from the Debtor, Cash equal to the Allowed amount of such Claim: (a) on or as soon as practicable after the later of (i) the Effective Date, or (ii) the date upon which the Bankruptcy Court enters a Final Order determining or approving such Claim; (b) in accordance with the terms and conditions of agreements between the Holder of such Claim and the Debtor; (c) with respect to any Administrative Claims representing obligations incurred in the ordinary course of the Debtor's business, upon such regular and customary payment or performance terms as may exist in the ordinary course of the Debtor's business or as otherwise provided in the Plan; or (d) with respect to statutory fees due pursuant to 28 U.S.C. § 1930(a)(6), as and when due under applicable law. | Unclassified – not entitled to vote |
| Unclassified | Priority Claims | Except to the extent a Holder of an Allowed Priority Claim agrees to less favorable treatment, on the later of (i) the Effective | Unclassified – not entitled to vote |

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| | | Date or (ii) the date such Priority Claim becomes Allowed, or as soon as reasonably practicable thereafter, each Holder of an Allowed Priority Claim shall receive, in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange for such Claim, payment from the Debtor in full in Cash in an amount equal to the Allowed amount of such Claim. | |
| Unclassified | Priority Tax Claims | Each Holder of a Priority Tax Claim shall have such Claim Allowed in the amount set forth in Schedule 1 hereto with the total amount of all such agreed amounts for Priority Tax Claims not to exceed $36,677,876 and approved pursuant to Bankruptcy Rule 9019 upon entry of the Confirmation Order (or such other time as the agreed amount is approved by an order of the Bankruptcy Court upon notice and an opportunity to be heard).<br><br>Holders of Allowed Priority Tax Claims shall receive their pro rata share of 1/3 of the net proceeds of the Liquidating Trust's allocated portion under the Sharing Agreement over time as provided in the Liquidating Trust Agreement in full and final satisfaction, settlement, release, and discharge of their Priority Tax Claims and any liability of any current officer or director of the Debtor arising from or relating to such Priority Tax Claims, while Allowed General Unsecured Claims in Class 5 shall receive the remaining 2/3 of such net proceeds of the Liquidating Trust's allocated portion under the Sharing Agreement. | Unclassified – not entitled to vote |
| 1 | Axios Secured Claim | The Axios Secured Claim shall be Allowed in full, but upon the closing of the Axios Sale pursuant to the APA and the Axios Sale Order, shall be reduced by the Axios Credit | Impaired – entitled to vote |

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| | | Bid Amount to the extent such amount exceeds the amount of the Axios DIP Claim.<br><br>On account of any Axios Secured Claim in excess of the Axios Credit Bid Amount, Axios shall be entitled solely to its share of the net proceeds of the Liquidating Trust Assets under the Sharing Agreement in an aggregate amount (together with the Axios DIP Claim) not to exceed $15 million, and any remaining Axios DIP Claim or Axios Secured Claim in excess of $15 million in the aggregate shall constitute Assumed Axios Debt, which shall be assumed by Sun Valley and shall not be recoverable from the Debtor, the Estate, or the Liquidating Trust. | |
| 2 | Reliq Claim | The Reliq Claim shall be either: (i) in the event Axios and Reliq enter into a mutually acceptable New Lease Agreement in connection with Axios's acquisition of substantially all of the Debtor's assets, deemed fully and finally satisfied, settled, released, and discharged, and Reliq shall not be entitled to any distributions under the Plan or otherwise on account of such Reliq Claim other than the payment of its Administrative Claims under the Master Lease; or (ii) in the event Axios and Reliq do not enter into such New Lease Agreement, the Reliq Claim, or a portion or portions thereof, shall be classified and treated under the Plan as one or more of an Administrative Claim (with respect to postpetition obligations under the Master Lease), Secured Claim, General Unsecured Claim, or Subordinated Claim, as applicable, with the allowance, classification, amount, and treatment of the Reliq Claim, or any portion thereof, to be determined by further order of the Court. | Impaired – entitled to vote |

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| 3 | L.A. Care Claim | The L.A. Care Claim shall be either: (i) in the event the L.A. Care Challenge Period expires without a Challenge (or a Challenge is unsuccessful), L.A. Care shall have no Claim against the Debtor's Estate and shall not be entitled to any distributions under the Plan or otherwise; or (ii) in the event there is a successful Challenge of the L.A. Care Claim in a manner that results in L.A. Care having an Allowed Claim, such Allowed Claim is junior and subordinate to the Axios Secured Claim, which is not being satisfied in full hereunder, and thus the L.A. Care Claim shall be (a) rendered wholly unsecured pursuant to § 506(a)(1), and (b) treated as a General Unsecured Claim in Class 5. | Impaired – entitled to vote |
| 4 | Other Secured Claims | Except to the extent a Holder of an Allowed Other Secured Claim agrees to less favorable treatment, on the later of (i) the Effective Date or (ii) the date such Other Secured Claim becomes Allowed, or as soon as reasonably practicable thereafter, each Holder of an Allowed Other Secured Claim shall receive, in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange for such Claim, at the discretion of the Debtor (x) payment from the Debtor in full in Cash in an amount equal to the Allowed amount of such Other Secured Claim; (y) such other treatment sufficient to render such Other Secured Claim Unimpaired; or (z) return of the applicable collateral or authorization of a setoff in satisfaction of the Allowed amount of such Other Secured Claim. | Unimpaired – deemed to accept the Plan |

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| 5 | General Unsecured Claims | Each Holder of an Allowed General Unsecured Claim shall receive a Liquidating Trust Interest and become a Liquidating Trust Beneficiary in full and final satisfaction of its Allowed Class 5 Claim in accordance with the terms of the Sharing Agreement. | Impaired – entitled to vote |
| 6 | Insured Claims | Each Holder of an Allowed Insured Claim shall recover only from the proceeds of available insurance and shall not be entitled to any distributions from the Debtor or the Liquidating Trust. | Impaired – entitled to vote |
| 7 | Subordinated Claims | There shall be no Distribution on account of Subordinated Claims. On the Effective Date, each Subordinated Claim shall be cancelled, released, and extinguished, and each Holder of a Subordinated Claim shall not be entitled to, and shall not receive or retain, any property or interest in property on account of such Subordinated Claim. | Impaired – deemed to reject the Plan |
| 8 | Interests | There shall be no Distribution on account of Interests. Upon the Effective Date, all Interests will be deemed cancelled and will cease to exist. | Impaired – deemed to reject the Plan |

10. Based on the foregoing, the Debtor proposes to solicit votes to accept or reject the Plan from Holders of Claims in Classes 1, 2, 3, 5, and 6 (the "Voting Classes"). The Debtor does not propose to solicit votes from Holders of Claims and Interests in Classes 4, 7, and 8 (each a "Non-Voting Class" and collectively, the "Non-Voting Classes") because they are either unimpaired and conclusively presumed to accept the Plan, or impaired and deemed to reject the Plan, as applicable. The Debtor is not required to solicit votes from the Non-Voting Classes under § 1126.

11. The Proposed Confirmation Schedule above sets forth the timetable for the Chapter 11 Case, including with respect to the solicitation, confirmation, and consummation of the Plan. The Debtor respectfully submits that the timetable in the Proposed Confirmation Schedule will allow the Debtor to move through the Chapter 11 Case to an expeditious resolution, consummate the Axios Sale and the Plan, and support the continued operation of the Hospital as a going concern.

12. The Debtor submits that confirming the Plan on the Proposed Confirmation Schedule is in the best interests of the Debtor, its estate, and all stakeholders; accordingly, the Motion should be approved.

## V.

## BASIS FOR RELIEF

### A. THE COURT SHOULD APPROVE THE DISCLOSURE STATEMENT AT THE CONFIRMATION HEARING.

13. Section 1125(b) provides that acceptance or rejection of a plan may not be solicited after the commencement of a chapter 11 case unless, at the time of or before such solicitation, the plan or a summary of the plan and a written disclosure statement approved by the court as containing "adequate information" is transmitted to the solicited holder. *See* 11 U.S.C. §§ 1125(a)(1) (defining "adequate information"), 1125(b). Section 105(d)(2)(B)(vi) further authorizes the Court to combine the hearing on approval of a disclosure statement with the hearing on confirmation of the related plan, and Local Rule 3017-2 contemplates conditional approval of a disclosure statement for solicitation purposes in connection with such a combined hearing. Accordingly, the Debtor requests that the Court conditionally approve the Disclosure Statement as containing adequate information for purposes of soliciting votes on the Plan, subject to final

approval at the Confirmation Hearing, at which the Debtor will request that the Court find on a final basis that the Disclosure Statement contains "adequate information" as defined in § 1125(a).

14. As will be demonstrated at the Confirmation Hearing, the Disclosure Statement contains "adequate information" as defined in § 1125(a) because it is both extensive and comprehensive and includes sufficient detail for a Holder of a Claim in the Voting Classes to make an informed decision concerning whether to vote to accept or reject the Plan. The Disclosure Statement must, as a whole, provide information that is reasonably practicable to permit an informed judgment by impaired creditors entitled to vote on the Plan. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321 (3d Cir. 2003); *Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."). Essentially, a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991). While the determination of what constitutes "adequate information" is based upon the facts and circumstances of each case and is largely within the discretion of the bankruptcy court, the critical focus is on whether sufficient information is provided to enable parties to vote in an informed way, and that standard is easily met here. *See* 11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records[...]."); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005) ("Section 1125 affords the Bankruptcy Court substantial discretion in considering the adequacy of a disclosure statement."), *aff'd*, 241 F. App'x 1 (3d Cir. 2007); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative

history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of N.Y. v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("The information required will necessarily be governed by the circumstances of the case.").

15. Specifically, the Disclosure Statement contains a number of categories of information that courts consider "adequate information," including, without limitation:

| **Category** | **Description** | **Location in Combined DS and Plan** |
|---|---|---|
| Voting Procedures and Requirements | A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan. | § 6 |
| Confirmation Procedures | Confirmation procedures and statutory requirements for confirmation and consummation of the Plan. | § 6 |
| Feasibility Analysis | An overview of the Liquidating Trustee's ability to carry out its duties and obligations under the Plan. | § 6 |
| Business Overview and Debtor's Corporate and Capital Structure | An overview of the Debtor's prepetition business and operations, organizational structure, and prepetition debt structure. | § 4 |
| Overview of the Chapter 11 Case, including Circumstances Leading to the Chapter 11 Case | An overview of (i) the prepetition challenges faced by the Debtor's business, the Debtor's response thereto, and the Debtor's efforts to continue operations while developing the Plan; and (ii) material events that have occurred during the Chapter 11 Case. | §§ 4, 5 |
| Certain Factors to be Considered | An overview of certain risks associated with the Plan and the transactions contemplated thereunder, forward-looking statements within the Disclosure Statement, and an overall disclaimer | § 17 |

| | | |
|---|---|---|
| | regarding the information provided in the Disclosure Statement. | |
| Certain Securities Laws Matters | A description of the applicability of § 1145 to the Liquidating Trust Interests to be distributed under the Plan. | § 20.11 |
| Certain United States Federal Income Tax Consequences of the Plan | A description of certain U.S. federal income tax law consequences of the Plan. | § 17.2 |
| Conclusion and Recommendation | A recommendation by the Debtor to Holders of Claims in the Voting Classes to vote to accept the Plan. | § 21 |
| Liquidation Analysis | An analysis of the Debtor's best estimate of recoveries by Holders of Claims if the Chapter 11 Case were converted to a case under chapter 7 is included in the Combined DS/Plan. | § 6.8, Exhibit 1 |
| Means for Implementation of the Plan | A description of the global settlement among the Debtor, Axios, and the Committee, the Axios Sale, the Sharing Agreement, the formation and administration of the Liquidating Trust, and the liquidation of assets and prosecution of claims. | §§ 10, 11 |
| Exculpations, Injunctions, and Releases | A description of the exculpation, Debtor/Estate Release, Third Party Release (including the Release Opt-In Election Form), and injunction provisions of the Plan. | § 16 |

16. In addition, the Combined DS and Plan is the product of extensive negotiations among the Debtor, Axios, and the Committee, and implements the Global Settlement Agreement reflected in the Plan Term Sheet. Accordingly, the Debtor submits that the Disclosure Statement contains adequate information within the meaning of § 1125(a) and requests that it be conditionally approved for solicitation purposes and approved on a final basis at the Confirmation Hearing.

## B. THE COURT SHOULD APPROVE THE PROPOSED CONFIRMATION SCHEDULE AND PROPOSED CONFIRMATION HEARING AND NOTICE.

17. **The Court Should Approve a Combined Hearing**. Section 105 authorizes the Court to issue an order providing that "the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the Court deems a combined hearing "appropriate to ensure that the case is handled expeditiously and economically." 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."). Moreover, Local Rule 3017-2 expressly authorizes a plan proponent to request conditional approval of a combined disclosure statement and plan and a combined hearing on final approval of the disclosure statement and confirmation of the plan. The Debtor's request for a combined hearing will facilitate an expeditious and efficient process that will promptly permit the Debtor to consummate the Axios Sale and the Plan. Courts in this District have routinely conditionally approved combined disclosure statements and liquidating plans and scheduled combined hearings under similar circumstances. *See, e.g.*, *In re Searles Valley Minerals Inc.*, No. 26-10966 (BLS) (Bankr. D. Del. Oct. 15, 2026) (approving combined hearing on plan and disclosure statement); *In re Meyer Burger (Holding) Corp.*, No. 25-11217 (CTG) (Bankr. D. Del. March 5, 2026) (same); *In re Meier's Wine Cellars Acquisition, LLC*, No. 24-11575 (MFW) (Bankr. D. Del. Jan. 16, 2025) (same); *In re ICON Aircraft, Inc.*, No. 24-10703 (CTG) (Bankr. D. Del. June 3, 2024) (same); *In re Casa Systems, Inc.*, No. 24-10695 (KBO) (Bankr. D. Del. Apr. 26, 2024) (same); *In re Ruby Pipeline, L.L.C.*, No. 22-10278 (CTG) (Bankr. D. Del. Dec. 20, 2022) (same); *In re Reverse Mortg. Inv. Tr. Inc.*, No. 22-11225 (MFW) (Bankr. D. Del. 2022) (same).

18. The Debtor seeks a Confirmation Hearing to consider final approval of the Disclosure Statement and confirmation of the Plan, to be held, subject to the Court's availability, on December 17, 2026.

19. The Debtor submits that a combined hearing on the Disclosure Statement and Plan would promote judicial economy and expedite the administration of the Chapter 11 Case for the benefit of the Debtor's creditors, patients, vendors, and employees.

20. Accordingly, the Debtor requests that the Court schedule a single Confirmation Hearing to consider the Disclosure Statement and Plan. In so doing, the Court will enable the Debtor to minimize the administrative costs of the Chapter 11 Case and preserve value for the Debtor's creditors, as other courts in this district have acknowledged by granting similar relief.

21. **The Court Should Approve the Proposed Schedule for the Confirmation Hearing**. Bankruptcy Rules 2002(b) and 3017(a) require that the Debtor provide twenty-eight (28) days' notice by mail to all creditors, equity security holders, and other parties in interest of the time fixed for filing objections to approval of a disclosure statement or confirmation of a plan of reorganization, subject to this Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1). Section 1128(a) further provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." Local Rule 3017-1 provides that "[u]nless ordered otherwise, the notice served under Fed. R. Bankr. P. 2002(b) and 3017 must provide at least 35 days' notice of the disclosure statement hearing and at least 28 days' notice of the deadline to object to approval of the disclosure statement." Local Rule 3017-1. Additionally, § 105(d)(2)(B)(vi) permits the Court to combine the hearing on the adequacy of a disclosure statement with the hearing on confirmation of the related plan. *See* 11 U.S.C. § 105(d)(2)(B)(vi).

22. The Debtor respectfully submits that it is appropriate to set the Confirmation Hearing, subject to the Court's availability, no later than December 17, 2026, for at least three reasons. First, the milestones set forth in the Credit Agreement and the Final DIP Order require the Debtor to obtain confirmation of the Plan on or before December 8, 2026. The Debtor therefore requests that the Court set the Confirmation Hearing no later than December 17, 2026 to enable the Debtor to meet the deadlines set forth in the Credit Agreement.

23. Second, the proposed schedule is appropriate because it provides parties in interest with sufficient notice of, and opportunity to evaluate, the Combined DS and Plan. The Debtor proposes to serve the Solicitation Packages and the Confirmation Hearing Notice within four (4) business days following entry of the Conditional Approval and Procedures Order, which will provide Holders of Claims and Interests with more than twenty-eight (28) days' notice of the Objection Deadline and the Confirmation Hearing. In addition, the Combined DS and Plan implements a global settlement among the Debtor, Axios, and the Committee—the Debtor's principal economic stakeholders—as reflected in the Plan Term Sheet. Accordingly, there is no reason to delay consideration of final approval of the Disclosure Statement and confirmation of the Plan.

24. Third, a combined hearing on the Disclosure Statement and Plan will allow the Debtor to consummate the Axios Sale and the Plan expeditiously, preserve and maximize value for all parties, and ensure minimal disruption to the operation of the Hospital and patient care. The proposed schedule will also serve to minimize administrative expenses—thereby benefiting parties in interest in the Chapter 11 Case.

25. The proposed schedule complies with Local Rule 3017-2, which requires that notice of the deadline to object to final approval of the adequacy of the Disclosure Statement and

confirmation of the Plan comply with Bankruptcy Rule 2002(b), and that the combined hearing be held at least seven (7) days after such deadline, unless the Court orders otherwise. *See* Del. Bankr. L.R. 3017-2(b). In addition, pursuant to Bankruptcy Rule 3020(b)(2), "[i]f no objection is timely filed, the [C]ourt may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues." Fed. R. Bankr. P. 3020(b)(2). The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtor without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

26. The Debtor also requests that the Court set the Objection Deadline for filing responses or objections to approval of the Disclosure Statement or confirmation of the Plan as December 10, 2026, at 4:00 p.m. (prevailing Eastern Time). The proposed Objection Deadline will provide Holders of Claims and Interests with sufficient notice of the deadline, while still affording the Debtor and any parties in interest time to file a reply brief and attempt to consensually resolve as many of those objections as possible.

27. The Debtor further requests that the Court require any responses or objections to either approval of the Disclosure Statement or confirmation of the Plan to: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity; (iv) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to either the Disclosure Statement or Plan that would resolve such objections; and (v) be filed with the Court with proof of service thereof and served on the following parties (the "Notice Parties") so as to be actually received by the Objection Deadline. The Notice Parties are: (a) the Debtor c/o Berkeley Research Group, LLC, 1800 M Street NW, Second Floor,

Washington, DC 20036, Attn: Peter Chadwick (pchadwick@thinkbrg.com); (b) counsel for the Debtor, (1) (a) Dentons US LLP, 601 S. Figueroa St., Suite 2500, Los Angeles, CA 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Samuel Maizel (samuel.maizel@dentons.com) and (b) and Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020-1089, Attn: John D. Beck (john.beck@dentons.com) and Geoffrey Miller (geoffrey.miller@dentons.com) and (2) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com); and (c) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Hannah J. McCollum (hannah.mccollum@usdoj.gov).

28. In addition, the Debtor requests that it (and other parties that support the Plan, including Axios and the Committee) be permitted to file a combined brief in support of confirmation of the Plan and final approval of the Disclosure Statement, as well as replies to any objections or responses to approval of the Disclosure Statement and/or confirmation of the Plan received by the Objection Deadline, by December 14, 2026, at 4:00 p.m. (prevailing Eastern Time).

29. Given the circumstances of the Chapter 11 Case, the relief requested herein is appropriate and consistent with Bankruptcy Rule 9006(c)(1). The relief requested will assist the Debtor in moving toward expeditious confirmation of the Plan and implementation of the transactions contemplated thereby, with the least possible disruption or harm to its business, for the benefit of all stakeholders.

30. **The Court Should Approve the Form and Manner of Notice of the Confirmation Hearing**. A debtor is typically required to provide notice of a hearing to consider the adequacy of the disclosure statement and a hearing to consider confirmation of a plan to all

creditors, equity security holders, and the U.S. Trustee. *See* Bankruptcy Rules 2002(b), 3017(d). Additionally, Bankruptcy Rule 2002(f)(1) provides that notice of "the order for relief" shall be sent by mail to all creditors. Fed. R. Bankr. P. 2002(f)(1). Bankruptcy Rule 2002(d) similarly provides that, unless otherwise ordered by the court, notice of the "order for relief" shall be given to all of the Debtor's equity security holders. Fed. R. Bankr. P. 2002(d).

31. To reduce administrative costs and expedite the Chapter 11 Case, the Debtor is seeking this Court's approval to serve the Confirmation Hearing Notice on all creditors, equity security holders, and the office of the United States Trustee for Region 3 (the "U.S. Trustee"). The Debtor requests approval of the Confirmation Hearing Notice, substantially in the form attached to the Order as **Exhibit 3**, and the Publication Notice, substantially in the form attached to the Order as **Exhibit 4**.

32. In accordance with Bankruptcy Rules 2002 and 3017(d), the Confirmation Hearing Notice will: (a) provide notice of the Court's conditional approval of the Disclosure Statement; (b) provide a brief summary of the Plan; (c) disclose the date and time of the Confirmation Hearing; (d) disclose the date and time of the Objection Deadline and the procedures for objecting to the Disclosure Statement and the Plan; and (e) provide instructions for obtaining copies of the Combined DS and Plan.

33. The Confirmation Hearing Notice will be served upon all known Holders of Claims against or Interests in the Debtor, which service will occur no later than four (4) business days following entry of the Order, or as soon as reasonably practicable thereafter. The Confirmation Hearing Notice likewise will be served upon both the Voting Classes and Non-Voting Classes, and Holders in the Non-Voting Classes will also receive a Release Opt-In Election Form.

34. In addition, Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." The Debtor requests that the Court authorize it, in its sole discretion, to provide the Publication Notice as soon as reasonably practicable following the entry of the Order in the Los Angeles Times and Wall Street Journal to inform (a) those creditors who are unknown to, or not reasonably ascertainable by, the Debtor and (b) those creditors with potential claims unknown to the Debtor. *See* Fed. R. Bankr. P. 2002(l). In addition, the Debtor will cause the Confirmation Hearing Notice to be posted electronically on the case website maintained by the Claims Agent at https://www.veritaglobal.net/pacificaofthevalley.

35. To provide another layer of notice to parties in interest in the Chapter 11 Case, the Debtor will post to the Claims Agent's website various chapter 11 documents, including the following: (i) Combined DS and Plan and all exhibits thereto; this Motion and any orders entered in connection with this Motion; and the Confirmation Hearing Notice.

36. Therefore, the Debtor respectfully submits that the proposed service of the Confirmation Hearing Notice will provide sufficient notice to all parties in interest in the Chapter 11 Case of the commencement of such cases, the date, time, and place of the Confirmation Hearing, and the procedures for objecting to the adequacy of the Disclosure Statement or the confirmation of the Plan.

## C. THE COURT SHOULD APPROVE THE SOLICITATION PROCEDURES.

37. Section 1126(f) states that "a class that is not impaired under a plan . . . [is] conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required." 11 U.S.C. § 1126(f). Additionally, § 1126(g) states that "a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or

interests to receive or retain any property under the plan on account of such claims or interests." *Id.* § 1126(g).

38. As set forth above, the Plan provides that Class 4 is unimpaired (the "Unimpaired Class"). Pursuant to § 1126(f), the Holders of Claims in the Unimpaired Class are conclusively presumed to have accepted the Plan and thus are not entitled to vote. Accordingly, the Debtor does not propose to solicit votes from such Holders. Nor does the Debtor propose to solicit votes from Holders of Claims or Interests in Classes 7 and 8 (the "Rejecting Classes"), which will not receive or retain any property under the Plan and are therefore deemed to reject the Plan. *See* 11 U.S.C. § 1126(g).

39. With respect to the Unimpaired Class and the Rejecting Classes, the Solicitation Procedures proposed by the Debtor and described herein comply with the Bankruptcy Code and should be approved. The Debtor respectfully requests that the Court approve the Solicitation Procedures with respect to these classes.

40. **Solicitation of Voting Classes**. Section 1125(b) provides that, after the commencement of a chapter 11 case, acceptance or rejection of a plan may not be solicited from a holder of a claim or interest unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan and a written disclosure statement approved by the court as containing adequate information. 11 U.S.C. § 1125(b).

41. Upon entry of the Conditional Approval and Procedures Order, the Debtor will commence solicitation of the Voting Classes in accordance with the Solicitation Procedures described herein, consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Specifically, within four (4) business days following entry of the Order, the Debtor will cause the Claims Agent to distribute solicitation packages (the "Solicitation Packages") to the Holders of

Claims in the Voting Classes. Each Solicitation Package will contain (i) the Combined DS and Plan, together with the exhibits thereto; (ii) the Conditional Approval and Procedures Order; (iii) the Confirmation Hearing Notice; (iv) a Ballot, including voting instructions and a pre-addressed return envelope, substantially in the form attached to the Order at **Exhibits 1A** and **1B** (the "Ballots"); (v) a Release Opt-In Election Form; and (vi) such other materials as the Court may direct or approve or that the Debtor deems appropriate.

42. Holders in the Voting Classes will be directed in the Combined DS and Plan and the applicable Ballot to complete, date, and properly execute their Ballots and to deliver them to the Claims Agent either (a) by mail to Pacifica Claims Processing Center c/o KCC dba Verita, 100 N. Pacific Coast Highway, Suite 100, El Segundo, CA 90245, or (b) by uploading the Ballot on the Claims Agent's online balloting platform at https://www.veritaglobal.net/pacificaofthevalley, so that it is actually received on or before December 10, 2026, at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline") in order to be counted. Release Opt-In Election Forms must likewise be received by the Claims Agent by the Voting Deadline. Holders of Claims and Interests in Classes presumed to accept the Plan under § 1126(f), or deemed to reject the Plan under § 1126(g), will not receive a Solicitation Package, but will receive the Confirmation Hearing Notice and a Release Opt-In Election Form.

43. The Debtor submits that the proposed solicitation of votes on the Plan following conditional approval of the Disclosure Statement complies with §§ 1125 and 1126 and Bankruptcy Rules 3017 and 3018.

44. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and interests for the purpose of soliciting their votes to accept or reject a plan of reorganization. Bankruptcy Rule 3017(e) provides that "the court must . . . determine the adequacy

of the procedures for sending the documents and information listed in (d)(1) to beneficial holders of stock, bonds, debentures, notes, and other securities; and issue any appropriate orders." Fed. R. Bankr. P. 3017(e). As set forth herein, the Solicitation Procedures comply with the Bankruptcy Code and the Bankruptcy Rules. Accordingly, the Debtor seeks approval of such Solicitation Procedures.

45. Indeed, similar procedures have been approved in other chapter 11 cases in this District. *See*, *e.g.*, *In re View, Inc.*, No. 24-10692 (CTG) [D.I. 201] (Bankr. D. Del. May 20, 2024) (approving solicitation procedures and deadlines similar to those utilized here); *In re Secure Home Holdings LLC*, No. 21-10745 (JKS) [D.I. 170] (Bankr. D. Del. May 25, 2021) (same); *In re TNT Crane & Rigging, Inc.*, Case. No. 20-11882 (BLS) [D.I. 71] (Bankr. D. Del. Aug. 25, 2020) (same); *In re Pace Industries*, No. 20-10927 (MFW) [D.I. 79] (Bankr. D. Del. Apr. 15, 2020) (same).

46. **Voting Record Date**. Bankruptcy Rule 3017(d) provides that, for purposes of solicitation, the holders of record entitled to receive solicitation materials are determined as of the date the order approving the disclosure statement is entered or another date fixed by the court. *See* Fed. R. Bankr. P. 3017(d); *see also* Fed. R. Bankr. P. 3018(a). The Debtor requests that the Court establish November 10, 2026, as the Voting Record Date for determining which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan. The Ballots will require each Holder completing a Ballot to certify the amount of its Claim as of the Voting Record Date.

47. **Voting Deadline**. Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which holders of claims and interests may accept or reject the plan. *See* Fed. R. Bankr. P. 3017(c). The Debtor requests that the Court fix the Voting Deadline as December 10, 2026, at 4:00 p.m. (prevailing Eastern Time).

48. The Debtor respectfully submits that the proposed solicitation period, which will run from service of the Solicitation Packages within four (4) business days following entry of the Order through the Voting Deadline, will provide Holders of Claims in the Voting Classes with adequate time to consider the Combined DS and Plan and submit a Ballot. Moreover, the Combined DS and Plan is the product of extensive arm's-length negotiations among the Debtor, Axios (the Holder of the Class 1 Claim), and the Committee, which represents the interests of Holders of General Unsecured Claims in Class 5.

49. **The Ballots, Solicitation Package, Additional Materials, and Transmittal Thereof**. Bankruptcy Rule 3017(d) requires the Debtor to transmit a form of ballot, which substantially conforms to Official Form No. 314, only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(c) provides that "[a]n acceptance or rejection must . . . be in writing; identify the plan or plans [accepted or rejected]; be signed by the creditor or equity security holder—or an authorized agent; and conform to Form 314." Fed. R. Bankr. P. 3018(c).

50. The Debtor will cause the Solicitation Packages to be transmitted to Holders of Claims in the Voting Classes by first-class mail, electronic mail, or via facsimile. The Solicitation Packages will contain the Ballots and the Combined DS and Plan with the exhibits thereto. Copies of the Combined DS and Plan will also be available free of charge on the Claims Agent's website at https://www.veritaglobal.net/pacificaofthevalley, and any party in interest may request a hard copy by calling the Claims Agent at (888) 249-2792 (U.S./Canada) or +1 (310) 751-2607 (International).

51. The Ballots to be used in the Solicitation Packages are based on Official Form No. 314 and have been modified, as applicable, to address the particular circumstances of the Chapter

11 Case to include certain information that the Debtor believes is relevant and appropriate for Holders of Claims entitled to vote to accept or reject the Plan. *See* Fed. R. Bankr. P. 3017(d). The forms of the Ballots to be used in the solicitation are attached as **Exhibits 1A** and **1B** to the Order. The Debtor respectfully submits that each form of Ballot complies with the Bankruptcy Rules and, therefore, should be approved.

52. **Vote Tabulation**. The Bankruptcy Code states that "[a] class of claims has accepted a plan if such plan has been accepted by creditors . . . that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class . . . that have accepted or rejected such plan." 11 U.S.C. § 1126(c); *see also* Fed. R. Bankr. P. 3018(a).

53. The Debtor requests that the Court approve the Tabulation Procedures, which include the following standard assumptions to tabulate the Ballots, subject to the Debtor's right to waive any of the below specified requirements for the completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:[5]

| | |
|---|---|
| **Votes Not To Be Counted** | • Any Ballot that partially rejects and partially accepts the Plan.<br>• Any Ballot not marked to accept or reject the Plan, or any Ballot marked both to accept and reject the Plan.<br>• Any unsigned Ballot or Ballot lacking an original signature.<br>• Any Ballot that is illegible or contains insufficient information to permit identification of the Holder of the Claim. |

[5] The Claims and Notice Agent will file a declaration regarding the solicitation of votes and tabulation of Ballots cast with respect to the Plan (the "Voting Report"). The Voting Report shall, among other things, set forth any aggregation of votes, as well as delineate every Ballot that did not conform to the voting instructions or that contained any form of irregularity, including, but not limited to, those Ballots that were late, (in whole or in material part) illegible, unidentifiable, lacking signatures, lacking necessary information, received via facsimile, or damaged (collectively, in each case, the "Irregular Ballots"). The Voting Report shall indicate the Debtors' intentions with regard to each Irregular Ballot.

| | |
|---|---|
| | • Ballots sent to the Debtor, the Debtor's agents (other than the Claims Agent), or the Debtor's financial or legal advisors.<br>• Ballots sent by facsimile or email.<br>• Any Ballot cast by a Person or Entity that does not hold a Claim in a Class entitled to vote on the Plan.<br>• Any Ballot submitted by any Person or Entity not entitled to vote pursuant to the Solicitation Procedures. |
| **No Vote Splitting** | • Holders will be required to vote all of their Claims within a particular Class either to accept or reject the Plan and will not be permitted to split any votes. |
| **Vote Aggregation** | • Separate Claims held by a single creditor in a particular Class may be aggregated and treated as if such creditor held one Claim in such Class, in which case all votes related to such Claim will be treated as a single vote to accept or reject the Plan; provided, however, that if separate affiliated entities, including any funds or accounts advised or managed by the same entity or by affiliated entities, hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity or managed fund or account will be counted separately as a vote to accept or reject the Plan. |

54. Additionally:

a. If an objection has not been filed to a Claim, the amount of such Claim for voting purposes shall be the non-contingent, liquidated and undisputed Claim or Interest amount contained on a timely filed Proof of Claim or, if no Proof of Claim was timely filed, the non-contingent, liquidated and undisputed amount of such Claim listed in the Schedules;

b. If a claim for which a proof of claim has been timely filed for unknown or undetermined amounts, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

c. If a claim for which a proof of claim has been timely in the amount of $0.00, such Claim shall not be entitled to vote;

d. Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased one or more Claims for the same obligation within the same voting Class shall be provided with only one Solicitation Package and one Ballot

for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims;

e. Except to the extent the Debtor otherwise determines, no party may change its vote after its Ballot has been delivered to the Voting Agent unless the Holder of the Claim or Interest files a motion pursuant to Bankruptcy Rule 3018;

f. If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending proof of claim shall be entitled to vote in a manner consistent with these procedures, and the earlier filed proof of claim shall be disallowed for voting purposes, regardless of whether the Debtor has objected to such amended proof of claim. Except as otherwise ordered by this Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these procedures;

g. If multiple Ballots are received from the same holder with respect to the same Claim prior to the Voting Deadline, the last properly executed, timely submitted electronic Ballot will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot. If no such electronic Ballot submission is made, the last properly executed, timely submitted paper Ballot will be deemed to reflect that voter's intent and will supersede and revoke any prior paper Ballot submission;

h. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtor, must submit proper evidence, satisfactory to the Debtor, of such person's authority to so act in such capacity;

i. The Debtor, subject to contrary order of the Court and in consultation with Axios and the Committee, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtor may, in its discretion and in consultation with Axios and the Committee, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

j. Unless otherwise ordered by the Court and in consultation with Axios and the Committee, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtor, which determination shall be final and binding;

k. Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

l. Neither the Debtor nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification; and

m. The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim.

55. As described above, the Debtor proposes to use standard tabulation procedures in tabulating votes, and the proposed Tabulation Procedures are consistent with those previously approved in cases in this District. *See*, *e.g.*, *In re View, Inc.*, No. 24-10692 (CTG) [D.I. 201] (Bankr. D. Del. May 20, 2024) (approving tabulation procedures similar to those utilized here); *In re Secure Home Holdings LLC*, No. 21-10745 (JKS) [D.I. 170] (Bankr. D. Del. May 25, 2021) (same); *In re Pennsylvania Real Estate Investment Trust*, No. 20-12737 [D.I. 83] (Bankr. D. Del. Nov. 3, 2020) (same); *In re Pyxus Int'l, Inc.*, No. 20-11570 (LSS) [D.I. 83] (Bankr. D. Del. June 17, 2020) (approving vote tabulation procedures substantially similar to those utilized here); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) [D.I. 98] (Bankr. D. Del. Dec. 3, 2019) (same); *In re Blackhawk Mining LLC,* No. 19-11595 (LSS) [D.I. 75] (Bankr. D. Del. July 22, 2019) (same). These procedures are consistent with § 1126(c) and Bankruptcy Rule 3018(a).

56. **Approval of the Release Opt-In Election Form**. The Debtor has proposed third-party releases that are strictly consensual and will bind only those parties that affirmatively opt in to such releases. Accordingly, the proposed releases comply with the formulation recognized as permissible under *Harrington v. Purdue Pharma L.P.*, which held that the Bankruptcy Code does not authorize a bankruptcy court to approve non-consensual releases or injunctions that extinguish claims against non-debtor third parties without the consent of the affected claimants. *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 215 (2024). Because the releases here require express, affirmative consent, they do not implicate the concerns identified in *Purdue* and are properly included in the Debtor's proposed voting procedures. *See id.*; *see also In re Smallhold, Inc.*, 665

B.R. 704, 717 (Bankr. D. Del. 2024) ("As a general proposition, creditors must affirmatively express consent to the release in order to be bound by it.").

57. The Release Opt-In Election Form affords parties in interest a clear and affirmative opportunity to elect whether they wish to grant the third-party releases. The form is structured to require an express, voluntary indication of consent and does not presume acceptance through inaction. The notices and descriptions of the applicable releases are prominently displayed, written in plain and conspicuous language, and specifically designed to stand out so that recipients are fully informed of the nature and consequences of granting such releases. The ballot materials clearly explain that granting the release is optional and that a holder's decision whether or not to opt in will not affect the allowance of its Claim or its entitlement to distributions under the Plan.

58. The Debtors respectfully submit that the Opt-In Release Form, substantially in the form attached to the Order as **Exhibit 2**, provides adequate and appropriate notice, satisfies the requirements of the Bankruptcy Rules, and comports with applicable law governing consensual third-party releases.[6] Because the form ensures that any release is the product of an informed and affirmative election, the Debtors submit that it is procedurally proper and should be approved.

59. **Securities Law Matters**. To the extent the Liquidating Trust Interests to be distributed to Holders of Allowed General Unsecured Claims are deemed or asserted to constitute securities, the Plan provides that such interests and the issuance and distribution thereof shall be exempt from Section 5 of the Securities Act of 1933 (the "Securities Act"), if applicable, and from any state or federal securities laws requiring registration, and shall otherwise enjoy all exemptions available for distributions of securities under a plan in accordance with applicable law, including

[6] The law regarding permissible releases after the Purdue decision continues to evolve. The adoption of an "opt-in" mechanic in the Chapter 11 Cases shall not be deemed an admission or commentary on alternative approaches in future chapter 11 cases.

§ 1145. In addition, because the Debtor will solicit votes on the Plan only after the Court's conditional approval of the Disclosure Statement, the solicitation will be conducted in accordance with § 1125(b), and the Plan provides that each Exculpated Party shall be entitled to the protections of § 1125(e).

60. **Waiver of Certain Solicitation Package Mailing Requirements**. The Debtor respectfully requests that the Court waive the requirement that it mail a copy of the Solicitation Package to Non-Voting Holders. *See* Fed. R. Bankr. P. 3017(d) (requiring transmission of a court-approved disclosure statement to, *inter alia*, classes of unimpaired creditors and equity security holders unless the court orders otherwise); *see also* 11 U.S.C. §§ 1126(f)–(g) (providing that solicitation of parties either presumed to accept or deemed to reject is unnecessary).

61. Similar waivers to those requested by the Debtor have been granted in other chapter 11 cases in this District. *See, e.g., In re Searles Valley Minerals*, No. 26-10966 (BLS) [D.I. 426] (Bankr. D. Del. Oct. 15, 2026) (approving solicitation procedures where non-voting claim holders would only receive copies of the plan, opt-out form, and all other documents in the cases upon request); *In re Alachua Gov. Servs., Inc.*, No. 25-11289 (JKS) [D.I. 691] (Bankr. D. Del. June 5, 2026) (approving solicitation procedures where non-voting claim holders received only a notice of non-voting status); *In re Impac Mortgage* Holdings, No. 26-10593 (CTG) [D.I. 86] (Bankr. D. Del. April 29, 2026); *In re Meyer Burger (Holding) Corp.*, No. 25-11217 (CTG) [D.I. 475] (Bankr. D. Del. March 5, 2026) (approving solicitation procedures where non-voting claim holders received only a notice of non-voting status and combined hearing notice); *In re View, Inc.*, No. 24-10692 (CTG) [D.I. 68] (Bankr. D. Del. April 4, 2024); *In re Pennsylvania Real Estate Investment Trust*, No. 20-12737 [D.I. 83] (Bankr. D. Del. Nov. 3, 2020); *Pyxus Int'l, Inc.*, No. 20-11570 (LSS)

[D.I. 83] (Bankr. D. Del. June 17, 2020); *In re Skillsoft Corp.*, No. 20-11532 (MFW) [D.I. 82] (Bankr. D. Del. June 16, 2020).

62. The Plan provides that, except for Classes 1, 2, 3, 5, and 6, the remaining Classes are either the Unimpaired Class or Rejecting Classes. Pursuant to §§ 1126(f) and (g), Holders of Claims and Interests in the Non-Voting Classes (the "Non-Voting Holders") will not be solicited. The Debtor is making this request to avoid unnecessary expense.

63. In lieu of furnishing each of the Non-Voting Holders with a copy of the Combined DS and Plan, the Debtor proposes to serve such Non-Voting Holders by mail with the Confirmation Hearing Notice and a Release Opt-In Election Form. The Confirmation Hearing Notice sets forth, among other things, a summary of the Plan and the treatment of such Non-Voting Holders' Claims or Interests, the manner in which a copy of the Combined DS and Plan may be obtained, and the manner in which such Non-Voting Holders may object to confirmation of the Plan. The Debtor also will make the Combined DS and Plan publicly available to all parties at no cost on the case website maintained by the Claims Agent at https://www.veritaglobal.net/pacificaofthevalley.

64. The Solicitation Procedures proposed by the Debtor and described herein with respect to the Non-Voting Holders comply with the Bankruptcy Code and should be approved. Accordingly, the Debtor respectfully requests that the Court approve the Solicitation Procedures with respect to these Non-Voting Holders.

## D. PROCEDURES IN RESPECT OF ASSUMPTION OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES PURSUANT TO THE PLAN.

65. The Plan provides that, on the Effective Date, each executory contract and unexpired lease entered into by the Debtor prior to the Petition Date that has not previously expired or terminated pursuant to its own terms shall be deemed rejected pursuant to § 365, except for

executory contracts or unexpired leases that (i) were previously assumed or rejected by order of the Court, (ii) are the subject of a pending motion to assume or reject, or (iii) are scheduled by the Debtor to be assumed as of the Effective Date, as set forth in the Plan Supplement. The Plan further provides that nothing therein shall cause the rejection, breach, or termination of any contract of insurance benefiting the Debtor and the Estate, the Debtor's officers and directors, and/or the Liquidating Trust. The Confirmation Order will constitute an order of the Court approving such rejections as of the Effective Date. All Proofs of Claim arising from the rejection of executory contracts or unexpired leases pursuant to the Plan must be filed with the Claims Agent within thirty (30) days after the earlier of the Effective Date or an order of the Court approving such rejection.

66. In addition to the Confirmation Hearing Notice, the Debtor will provide notices to counterparties to Executory Contracts and Unexpired Leases that may be assumed or assumed and assigned under the Plan, in substantially the form attached as **Exhibit 5** to the Order. Any objection by an Executory Contract or Unexpired Lease counterparty to a proposed assumption, assumption and assignment, or related cure cost, on any grounds, including those set forth in § 365, must be filed, served, and actually received by the Debtor within fourteen (14) days after service of the Assumption Notice on such counterparties. Any objections to cure costs may be scheduled for a separate hearing in the Debtor's discretion.

67. The Debtor respectfully submits that the Assumption Notice complies with the Bankruptcy Code and, therefore, should be approved.

## VI.

## NON-SUBSTANTIVE MODIFICATIONS

68. The Debtor requests authorization to make changes to the Combined DS and Plan, Confirmation Hearing Notice, Solicitation Packages, Ballots, Release Opt-In Election Form, Publication Notice, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption

Notice, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to any other materials in the Solicitation Packages before distribution.

## VII.

## RESERVATION OF RIGHTS

69. Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtor, (b) a waiver of the Debtor's rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to § 365, (f) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection of, or seek avoidance of, all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute such claim.

## VIII.

## NO PRIOR REQUEST

70. No prior request for the relief sought in this Motion has been made to this or any other court.

## IX.

## NOTICE

71. The Debtor will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the Office of the U.S. Trustee for the District of Delaware; (b) Axios, as the Debtor's prepetition and postpetition lender; (c) counsel to the Committee; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the U.S. Securities and Exchange Commission; (g) the attorneys general in the states where the Debtor conducts its business operations; and (h) any party entitled to notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

## X.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter the Order.

Dated: November 1, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com

-and-

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Samuel R. Maizel (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
samuel.maizel@dentons.com

John D. Beck (admitted *pro hac vice*)
Geoffrey Miller (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
geoffrey.miller@dentons.com

*Counsel to Debtor and Debtor in Possession*