# **Exhibit A**

## **Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**ORDER (I) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT, (II) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN, (III) ESTABLISHING PLAN AND DISCLOSURE STATEMENT OBJECTION AND REPLY DEADLINES AND RELATED PROCEDURES, (IV) APPROVING THE SOLICITATION AND VOTING PROCEDURES, (V) APPROVING THE FORM AND MANNER OF THE CONFIRMATION HEARING NOTICE AND FINDING NOTICE SUFFICIENT, (VI) APPROVING NOTICE AND OBJECTION PROCEDURES FOR THE ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (VII) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtor for entry of an order (this "Order"), pursuant to §§ 105, 1107, 1108, 1125, 1126, 1128, and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and 9006, and Local Rules 2002-1, 3017-1, 3017-2, 9006-1, and 9013-1(m), (i) conditionally approving the Disclosure Statement, (ii) scheduling a combined hearing on final approval of the Disclosure Statement and confirmation of the Plan, (iii) establishing plan and disclosure statement objection and reply deadlines and related procedures, (iv) approving the Solicitation and Voting Procedures, (v) approving the form and manner of the Confirmation Hearing Notice and finding notice sufficient, (vi) approving notice and objection procedures for the assumption of executory contracts and unexpired leases, and

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Plan, as applicable.

(vii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and venue of this proceeding and the Motion in this District being proper under 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding under 28 U.S.C. § 157(b); and due and proper notice of the Motion having been given to the parties listed therein; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"); and having determined that the legal and factual bases set forth in the Motion, the First Day Declaration, and the Turnbull Declaration establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors, and all other parties in interest in this Chapter 11 Case; and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is hereby granted as set forth herein.

2. The Disclosure Statement is conditionally approved pursuant to § 1125 of the Bankruptcy Code and Local Rule 3017-2 as containing adequate information for purposes of soliciting votes to accept or reject the Plan, subject to final approval at the Confirmation Hearing.

3. The Confirmation Hearing, at which time this Court will consider, among other things, final approval of the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held on **December 17, 2026 at 1:00 p.m. (*prevailing* Eastern Time)**. The Confirmation Hearing may be continued from time to time by this Court or the Debtor without further notice

other than adjournments announced in open court or in the filing of a notice or hearing agenda in this Chapter 11 Case, and notice of such adjourned date(s) will be available on the electronic case filing docket.

4. Any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan must be filed and served as set forth in paragraph 5 of this Order so as to be actually received by **4:00 p.m. (*prevailing* Eastern Time) on December 10, 2026** (the "Objection Deadline").

5. Any responses or objections to (i) the adequacy of the Disclosure Statement, (ii) confirmation of the Plan, or (iii) the assumption of Executory Contracts and Unexpired Leases, must:

a. be in writing;

b. comply with the Bankruptcy Rules and the Local Rules;

c. state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity;

d. state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Disclosure Statement or Plan, as applicable, that would resolve such objections; and

e. be filed with the Court with proof of service thereof and served on the following parties (the "Notice Parties") so as to be actually received by the Objection Deadline: (a) the Debtor, c/o Berkeley Research Group, LLC, 1800 M Street NW, Second Floor, Washington, DC 20036 (*Attn*: Peter Chadwick, pchadwick@thinkbrg.com); (b) counsel for the Debtor, (i) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Samuel R. Maizel, samuel.maizel@dentons.com), (ii) Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020-1089 (Attn: John D. Beck, john.beck@dentons.com, and Geoffrey Miller, geoffrey.miller@dentons.com), and (iii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899 (Attn: Laura Davis Jones, ljones@pszjlaw.com, and Timothy Cairns, tcairns@pszjlaw.com); (c) counsel for the Committee, Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, NJ 07102 (Attn: Andrew H. Sherman, asherman@sillscummis.com, and Boris I. Mankovetskiy, bmankovetskiy@sillscummis.com); (d) counsel for Axios, Raines Feldman Littrell

LLP, (i) 824 North Market Street, Suite 805, Wilmington, DE 19801 (Attn: Thomas J. Francella, Jr., tfrancella@raineslaw.com, and Matthew P. Milana, mmilana@raineslaw.com), (ii) 4675 MacArthur Ct., Suite 1550, Newport Beach, CA 92660 (Attn: Hamid R. Rafatjoo, hrafatjoo@raineslaw.com), and (iii) 1350 Avenue of the Americas, 22nd Floor, New York, NY 10019 (Attn: Carollynn H.G. Callari, ccallari@raineslaw.com); (e) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Hannah J. McCollum, hannah.mccollum@usdoj.gov); and (f) any other party entitled to notice under Bankruptcy Rule 2002.

6. The Debtor and any other party supporting the Plan, including Axios [and the Committee], may file a combined brief in support of confirmation of the Plan and final approval of the Disclosure Statement, and replies to any objections to confirmation of the Plan or the adequacy of the Disclosure Statement, by **4:00 p.m. (*prevailing* Eastern Time) on December 14, 2026**. To the extent applicable, Local Rule 9006-1 is hereby waived in its entirety.

7. Any objections not timely filed and served in the manner set forth in this Order may, in the Court's discretion, not be considered and may be overruled.

8. The Proposed Confirmation Schedule, as set forth below relating to confirmation of the Plan and final approval of the Disclosure Statement, is hereby approved in its entirety, and the Court hereby finds that the following schedule of events is consistent with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

| Event | Proposed Date | |
|---|---|---|
| Disclosure Statement Conditional Approval Objection Deadline | November 6, 2026 at 4:00 p.m. | The date by which objections to conditional approval of the disclosure statement be filed with the Court and served so as to be **<u>actually received</u>** by the appropriate notice parties. |
| Disclosure Statement Reply Deadline | November 9, 2026 at 12:00 p.m. | The deadline by which the Debtor and any other party in interest may file replies to any objections to conditional approval of the Disclosure Statement. |
| Voting Record Date | November 10, 2026 | The date for determining (i) which holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan, opt-in to the Third-Party Release, and receive Solicitation Packages in connection therewith, (ii) which holders of Claims and Interests in the Non- Voting Classes are entitled to opt-in to the Third-Party Release, and (iii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the respective Claim. |

| Event | Proposed Date | |
|---|---|---|
| Proposed Hearing Date for Conditional Approval of Disclosure Statement | November 10, 2026 at 3:00 p.m. | The hearing at which the Court will consider conditional approval of the Disclosure Statement for solicitation purposes and approval of the Solicitation and Voting Procedures. |
| Expected Entry of Conditional Approval and Procedures Order/Delivery to Claims Agent | November 11, 2026 | The date on which the Debtor expects the Court to enter the Conditional Approval and Procedures Order and on which the Debtor will deliver the approved solicitation materials to the Claims Agent for service. |
| Deadline to Serve Notice and Solicitation Package | Four business days following entry of Conditional Approval and Procedures Order | The deadline by which the Claims Agent will serve the Solicitation Packages on Holders of Claims in the Voting Classes, and the Confirmation Hearing Notice and Release Opt-In Election Form on Holders in the Non-Voting Classes and other parties in interest. |
| Publication Deadline | Four business days following entry of Conditional Approval and Procedures Order | The last date by which the Debtor will submit the Confirmation Hearing Notice in a format modified for publication. |
| Deadline to file Plan Supplement | December 3, 2026 at 4:00 p.m. | The date by which the Debtor shall file the Plan Supplement. |
| Deadline for Debtor or Creditors to File Rule 3018 Motions | December 3, 2026 at 4:00 p.m. | The deadline by which any creditor seeking temporary allowance of its Claim for voting purposes must file a motion pursuant to Bankruptcy Rule 3018(a). |
| Voting Deadline | December 10, 2026 at 4:00 p.m. | The deadline by which Ballots and Release Opt-In Election Forms must be properly completed, executed, and mailed or uploaded so that they are **actually received** by the Claims Agent. |
| Combined DS and Plan Objection Deadline | December 10, 2026 at 4:00 p.m. | The deadline by which objections to the DS and Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties. |
| Deadline to File Confirmation Brief and Other Evidence Supporting the Combined DS and Plan | December 14, 2026 at 4:00 p.m. | The deadline by which the Debtor shall file its brief in support of confirmation of the DS and Plan and any other evidence in support of the DS and Plan. |
| Deadline to File Voting Tabulation Affidavit | December 14, 2026 at 4:00 p.m. | The deadline by which the Claims Agent shall file its declaration certifying the tabulation of Ballots and Release Opt-In Election Forms. |
| Confirmation Hearing | December 17, 2026 at 1:00 p.m. | The date for the hearing at which the Court will consider confirmation and final approval of the DS and Plan. |

9. The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 3**, and service thereof comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved as sufficient and appropriate notice of the conditional approval of the Disclosure Statement, the Confirmation Hearing, and the Objection Deadline under the circumstances. The Debtor shall cause the Claims Agent to serve the Confirmation Hearing Notice

on all known Holders of Claims against or Interests in the Debtor no later than four (4) business days following entry of this Order, or as soon as reasonably practicable thereafter.

10. The Debtor is authorized to e-mail or mail the Confirmation Hearing Notice and a Release Opt-In Election Form to the Non-Voting Holders, in accordance with the terms of this Order, in lieu of sending such Non-Voting Holders a copy of the DS and Plan and, except to the extent necessary to comply with Local Rule 3017-1(c), the requirements under the Bankruptcy Rules or the Local Rules, including Bankruptcy Rule 3017(d), to transmit a copy of the DS and Plan to Non-Voting Holders are hereby waived with respect to such Non-Voting Holders; *provided*, *however*, that the Debtor will do so upon request from such parties.

11. The Debtor is authorized, but not directed, pursuant to Bankruptcy Rule 2002(l), to publish the Publication Notice, substantially in the form attached hereto as **Exhibit 4**, as soon as reasonably practicable following the entry of this Order in the Wall Street Journal and electronically on the case website maintained by the Claims Agent at https://www.veritaglobal.net/pacificaofthevalley, and file the same on this Court's docket, which Publication Notice shall constitute good and sufficient notice of the Confirmation Hearing and the Objection Deadline (and related procedures) to persons who do not otherwise receive the Confirmation Hearing Notice by mail.

12. For avoidance of doubt, the Debtor shall also serve the Confirmation Hearing Notice on: (a) the U.S. Trustee, (b) the Office of the United States Attorney for the District of Delaware, (c) the Internal Revenue Service; (d) the United States Securities and Exchange Commission; (e) counsel to the Committee; (f) all state and local taxing authorities in the states in which the Debtor has tax liability; (g) all federal, state and local authorities that regulate any

portion of the Debtor's business; and (h) all counterparties to Executory Contracts and Unexpired Leases.

13. Service of the Confirmation Hearing Notice as set forth in the Motion and herein is sufficient notice of the conditional approval of the Disclosure Statement, the Confirmation Hearing, the Objection Deadline, and the procedures for objecting to the adequacy of the Disclosure Statement and confirmation of the Plan.

14. The Voting Record Date of November 10, 2026, and the Voting Deadline of December 10, 2026, at 4:00 p.m. (*prevailing* Eastern Time) with respect to Claims in Classes 1, 2, 3, 5, and 6, are approved. Ballots and Release Opt-In Election Forms must be actually received by the Claims Agent by the Voting Deadline to be counted.

15. The contents of the Solicitation Package, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties entitled to vote on the Plan. The Liquidation Analysis may be filed with the Plan Supplement.

16. The Debtor is authorized to make non-substantive modifications and ministerial changes to the DS and Plan, Confirmation Hearing Notice, Solicitation Packages, Ballots, Release Opt-In Election Form, Publication Notice, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption Notice, and related documents without further approval of the Court prior to the dissemination of such documents, including, without limitation, changes to correct typographical and grammatical errors, and to make conforming changes to any other materials included in the Solicitation Package prior to their dissemination.

17. The Solicitation and Voting Procedures set forth in the Motion, including for distributing the Solicitation Packages (including providing electronic access thereto) and soliciting acceptances and rejections of the Plan, as well as the Tabulation Procedures for tabulating votes

to accept or reject the Plan, satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and are approved.

18. The Ballots, substantially in the forms attached hereto as **Exhibits 1A** and **1B**, and the terms and conditions therein, are approved.

19. The Release Opt-In Election Form, substantially in the form attached hereto as **Exhibit 2**, and the terms and conditions therein, are approved.

20. The Tabulation Procedures are approved.

21. Pursuant to §§ 1125 and 1126 of the Bankruptcy Code, upon entry of this Order, the Debtor is authorized to solicit acceptances and rejections of the Plan from Holders of Claims in the Voting Classes in accordance with the Solicitation and Voting Procedures.

22. The Executory Contract Procedures are approved. Any objection by a counterparty to a proposed assumption, assumption and assignment, or related cure cost must be filed, served, and actually received by the Debtor within fourteen (14) days after service of the Assumption Notice on such counterparty, and any objections to cure costs may be scheduled for a separate hearing in the Debtor's discretion; *provided*, *however*, that this Court retains jurisdiction after the Effective Date to address any dispute between the Debtor and a counterparty to an Executory Contract or Unexpired Lease regarding amounts allegedly due as a result of the Debtor's pre-assumption default thereunder, regardless of whether that counterparty has filed an objection.

23. The Assumption Notice, substantially in the form attached hereto as **Exhibit 5**, is approved. The Debtor shall serve each non-Debtor party to an Executory Contract or Unexpired Lease that the Debtor proposes to assume or assume and assign with an Assumption Notice.

24. The Debtor is not required to mail a copy of the DS and Plan to Holders of Claims or Interests in the Non-Voting Classes but shall do so upon request from any such party or as provided in the Confirmation Hearing Notice.

25. The Debtor shall cause to be posted to the case website maintained by the Claims Agent various chapter 11 related documents, including the following: (a) the Plan; (b) the Disclosure Statement (with all exhibits); (c) the Motion and any orders entered in connection with the Motion; and (d) the Confirmation Hearing Notice.

26. The notice and objection procedures set forth in this Order and the Motion constitute good and sufficient notice of the conditional approval of the Disclosure Statement; the Confirmation Hearing; and the deadline and procedures for objection to the adequacy of the Disclosure Statement and confirmation of the Plan. No other or further notice shall be necessary.

27. Notwithstanding any provision in the Bankruptcy Rules to the contrary, including Bankruptcy Rule 6004(h), (a) the terms of this Order shall be immediately effective and enforceable upon its entry; (b) the Debtor is not subject to any stay in the implementation, enforcement, or realization of relief granted in this Order; and (c) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

28. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

29. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

30. Nothing in this Order shall be deemed to constitute (i) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, or (ii) a waiver of any rights, claims, or defenses of the Debtor or any other party in interest.

31. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# <u>Exhibit 1A</u>

## Classes 1, 2, and 3 (Axios Secured Claim, Reliq Claim, and L.A. Care Claim) Ballot

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**CLASS [1/2/3] ([AXIOS SECURED CLAIM/RELIQ CLAIM/L.A. CARE CLAIM])**
**<u>BALLOT TO ACCEPT OR REJECT THE CHAPTER 11 PLAN</u>**

On [•], 2026, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [•]] (the "<u>Conditional Approval and Procedures Order</u>") conditionally approving, for solicitation purposes only, the disclosure statement contained in the *Combined Disclosure Statement and Chapter 11 Plan* (as may be amended, supplemented, or otherwise modified from time to time, the "<u>Combined DS and Plan</u>," and the chapter 11 plan portion thereof, the "<u>Plan</u>") filed by Pacifica of the Valley Corp., the debtor and debtor in possession in the above-captioned chapter 11 case (the "<u>Debtor</u>"), which commenced its chapter 11 case on July 4, 2026 (the "<u>Petition Date</u>"). You should have received a copy of the Combined DS and Plan, the Conditional Approval and Procedures Order, the Confirmation Hearing Notice, and a Release Opt-In Election Form in the packet you are receiving with this Ballot (collectively, the "<u>Solicitation Package</u>"). Capitalized terms used but not defined herein have the meanings given to them in the Combined DS and Plan.

This ballot is being provided to you because records indicate that you are the Holder of a Claim in Class [1 (Axios Secured Claim)] [2 (Reliq Claim)] [3 (L.A. Care Claim)] as of November 10, 2026 (the "<u>Voting Record Date</u>"), and, accordingly, you have a right to vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan and electing whether to opt in to the Third Party Release.

**Your rights are described in the Combined DS and Plan. Please read the Combined DS and Plan and follow the enclosed voting instructions carefully before completing this ballot.**

If you have any questions regarding this ballot (the "<u>Ballot</u>") or the voting procedures, please contact the Claims Agent by telephone at (888) 249-2792 (U.S./Canada) or +1 (310) 751-2607 (International) or by email at PacificaInfo@veritaglobal.com, or contact counsel to the Debtor, Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, California 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Samuel R. Maizel

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

(samuel.maizel@dentons.com), or Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com) and Timothy Cairns (tcairns@pszjlaw.com). The Claims Agent is not authorized to, and will not, provide legal advice.

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 10, 2026 (the "Voting Deadline").**

If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you have voted.

No person has been authorized to give any information or advice, or to make any representation, other than what is included in the materials delivered with this ballot.

**Item 1. Amount of Class [1/2/3] Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder (or authorized signatory for a Holder) of a Claim in the following amount (insert amount in box below).

| |
|---|
| $______________________ |

**Item 2. Vote of Class [1/2/3] Claim.**

The Holder of the Class [1/2/3] Claim set forth in Item 1 votes to (please check one):

| **Accept the Plan** | **Reject the Plan** |
|---|---|
| ☐ | ☐ |

**Subject to the limitations set forth herein, you have the right to opt in to the Third Party Release set forth in Section 17.2(b) of the Plan. You shall not be deemed to have consented to the Third Party Release unless you check the box in Item 3 below.**

**Item 3. Release Opt-In Election.**

| | |
|---|---|
| ☐ | **The undersigned Claimant elects to grant (*i.e.*, OPTS IN to) the Third Party Release provision set forth in Section 17.2(b) of the Plan.** |

**Item 4. Important Information Regarding Injunction, Release, and Exculpation Under the Plan.**

Sections 17.1, 17.2, and 17.3 of the Plan provide as follows:

**Section 17.1** ***Exculpation*****.**

**The Exculpated Parties will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Case, the sale or other disposition of the Debtor's assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; provided, however, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, bad faith, or gross negligence (in each case subject to determination by Final Order of the Bankruptcy Court); provided that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of section 1125(e) of the Bankruptcy Code.**

**Section 17.2** ***Releases*****.**

*(a) Debtor Releases*. **Notwithstanding anything in the Combined DS and Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtor and the Estate, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any cause of action, by, through, for, or because of the foregoing entities (collectively, the "Debtor/Estate Releasors"), shall release (the "Debtor/Estate Release") each Released Party, and each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor (including the management, ownership, or operation thereof), the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor and the ownership thereof, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of, or solicitation of votes on, the Combined DS and Plan or related agreements, instruments, or other documents, or any other act or omission,**

**transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct, actual fraud, bad faith, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction) but in all respects such Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan; provided, that the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan; and further provided that nothing herein shall act as a discharge of the Debtor.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtor and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.**

***(b) Third Party Release*. Notwithstanding anything in the Plan to the contrary, on and after and subject to the occurrence of the Effective Date, each of the Releasing Parties shall release (the "Third Party Release") each Released Party, and each of the Debtor, the Estate, and the Released Parties shall be deemed released from, any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtor or the Estate, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtor (including the management, ownership, or operation thereof), the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor and the ownership thereof, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined DS and Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of, or solicitation of votes on, the Combined DS and Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct, actual fraud, bad faith, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction) but in all respects such Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Combined DS and Plan. Notwithstanding anything to the contrary in the**

**foregoing, the Third Party Release shall not release any obligations of any party under the Combined DS and Plan or any other document, instrument, or agreement executed to implement the Combined DS and Plan. For the avoidance of doubt, the Third Party Release shall not be effective upon any party that does not execute and return a Release Opt-In Election Form in accordance with the terms of this Combined DS and Plan.**

**Section 17.3 *Injunction*.**

**In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtor, the Liquidating Trust, or the Estate that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest. Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtor or the Liquidating Trust under the Plan. Notwithstanding any other provision of this Plan, the Debtor shall not receive a discharge pursuant to Bankruptcy Code section 1141(d)(3).**

**Section 2 *Defined Terms*.**

"***Exculpated Parties***" means collectively (a) the Debtor, (b) members of the Restructuring Committee, (c) Peter C. Chadwick in his capacity as Chief Restructuring Officer of the Debtor, (d) members of the Committee (solely in their capacities as Committee members), and (e) Bankruptcy Court-approved Estate and Committee professionals.

"***Released Parties***" means collectively (a) the Debtor, (b) members of the Restructuring Committee, (c) Peter C. Chadwick in his capacity as Chief Restructuring Officer of the Debtor, (d) members of the Committee (solely in their capacities as Committee members), (e) Axios (in its capacity as DIP lender and lender under the Prepetition Loan), and (f) Bankruptcy Court-approved Estate and Committee professionals.

"***Releasing Parties***" means, individually and collectively: (i) each Holder of a Claim or Interest that opts in to the Third Party Release; (ii) the Committee and each of its members in such

capacity; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entities' or Persons' successors, assigns, and transferees.

**<u>Item 5</u>. Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

1. as of the Voting Record Date, the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) of a Class [1/2/3] Claim in the amount set forth in Item 1;

2. the Holder is eligible to be treated as the Holder of the Class [1/2/3] Claim set forth in Item 1 for the purposes of voting on the Plan;

3. the Holder has received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

4. the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

5. the Holder understands and acknowledges that only the latest-dated Ballot cast and actually received by the Voting Deadline with respect to the Class [1/2/3] Claim set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to the Class [1/2/3] Claim set forth in Item 1, such other Ballot shall be deemed revoked;

6. the Holder understands and acknowledges that the Debtor shall verify the amount of the Class [1/2/3] Claim held by the Holder as of the Voting Record Date set forth in Item 1; and

7. the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

**<u>Item 6</u>. Holder Information and Signature.**

Name of Holder: ______________________________________________________________

Signature: __________________________________________________________________

Name of Signatory: ___________________________________________________________
(if other than Holder)

Title: ______________________________________________________________________

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY BY MAIL OR OVERNIGHT DELIVERY TO THE ADDRESS BELOW, OR UPLOAD IT VIA THE CLAIMS AGENT'S ONLINE BALLOTING PLATFORM AT THE WEBSITE BELOW. BALLOTS SENT BY FACSIMILE OR EMAIL WILL NOT BE COUNTED.**

| |
|---|
| Pacifica Claims Processing Center<br>c/o KCC dba Verita<br>100 N. Pacific Coast Highway, Suite 100<br>El Segundo, CA 90245<br><br>-Or-<br><br>mailto:ImpacMortgageInfo@veritaglobal.comhttps://www.veritaglobal.net/pacificaofthevalley |

**BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 10, 2026**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CONTACT THE CLAIMS AGENT, DENTONS US LLP, OR PACHULSKI STANG ZIEHL & JONES LLP AS SET FORTH ABOVE**

**VOTING INSTRUCTIONS FOR**
**CLASS [1/2/3] ([AXIOS SECURED CLAIM/RELIQ CLAIM/L.A. CARE CLAIM]) CLAIM**

1. As described in the Combined DS and Plan, the Debtor is soliciting the votes of the Holders of Class [1/2/3] Claims with respect to the Plan. The Combined DS and Plan is included in the Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Combined DS and Plan.

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one impaired class that votes on the Plan, determined without including any acceptance of the Plan by any insider, and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.

3. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Deadline by Kurtzman Carson Consultants LLC, dba Verita Global (the "Claims Agent" or "Voting Agent"), either (i) by mail or overnight delivery to Pacifica Claimsmailto:ImpacMortgageInfo@veritaglobal.com Processing Center c/o KCC dba Verita, 100 N. Pacific Coast Highway, Suite 100, El Segundo, CA 90245; or (ii) by uploading the Ballot on the Claims Agent's online balloting platform at https://www.veritaglobal.net/pacificaofthevalley. Ballots sent by facsimile or email, or sent to the Debtor, the Debtor's agents (other than the Claims Agent), or the Debtor's financial or legal advisors, will not be counted.

4. The time by which a Ballot is actually received by the Voting Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. The Voting Deadline is December 10, 2026 at 4:00 p.m. (Prevailing Eastern Time).

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtor determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery.

6. If multiple Ballots are received from an individual Holder with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any previously received Ballot.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtor will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. The Ballot does not constitute, and shall not be deemed to be: (a) a proof of claim or

interest; or (b) an assertion or admission with respect to any claim or interest.

9. Please be sure to sign or electronically sign (DocuSign or similar) and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

10. You must vote your entire Class [1/2/3] Claim either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

11. Any Ballot that is properly completed, executed, and timely returned to the Voting Agent that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

12. Subject to the discretion of the Debtor or authority of the Court, the following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Equity Interest in a Class that is entitled to vote on the Plan, (c) any unsigned Ballot; and/or (d) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

# Exhibit 1B

## Classes 5 and 6 (General Unsecured Claims and Insured Claims) Ballot

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**CLASS [5/6] ([GENERAL UNSECURED CLAIMS/INSURED CLAIMS])**
**BALLOT TO ACCEPT OR REJECT THE CHAPTER 11 PLAN**

On [•], 2026, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Conditional Approval and Procedures Order") conditionally approving, for solicitation purposes only, the disclosure statement contained in the *Combined Disclosure Statement and Chapter 11 Plan* (as may be amended, supplemented, or otherwise modified from time to time, the "Combined DS and Plan," and the chapter 11 plan portion thereof, the "Plan") filed by Pacifica of the Valley Corp., the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), which commenced its chapter 11 case on July 4, 2026 (the "Petition Date"). You should have received a copy of the Combined DS and Plan, the Conditional Approval and Procedures Order, the Confirmation Hearing Notice, and a Release Opt-In Election Form in the packet you are receiving with this Ballot (collectively, the "Solicitation Package"). Capitalized terms used but not defined herein have the meanings given to them in the Combined DS and Plan.

This ballot is being provided to you because records indicate that you are the Holder of a Claim in Class [5 (General Unsecured Claims)] [6 (Insured Claims)] as of November 10, 2026 (the "Voting Record Date"), and, accordingly, you have a right to vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan and electing whether to opt in to the Third Party Release.

**Your rights are described in the Combined DS and Plan. Please read the Combined DS and Plan and follow the enclosed voting instructions carefully before completing this ballot.**

If you have any questions regarding this ballot (the "Ballot") or the voting procedures, please contact the Claims Agent by telephone at (888) 249-2792 (U.S./Canada) or +1 (310) 751-2607 (International) or by email at PacificaInfo@veritaglobal.com, or contact counsel to the Debtor, Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, California 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Samuel R. Maizel

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

(samuel.maizel@dentons.com), or Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com) and Timothy Cairns (tcairns@pszjlaw.com). The Claims Agent is not authorized to, and will not, provide legal advice.

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 10, 2026 (the "Voting Deadline").**

If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you have voted.

No person has been authorized to give any information or advice, or to make any representation, other than what is included in the materials delivered with this ballot.

**Item 1. Amount of Class [5/6] Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder (or authorized signatory for a Holder) of a Claim in the following amount (insert amount in box below).

| |
|---|
| $______________________ |

**Item 2. Vote of Class [5/6] Claim.**

The Holder of the Class [5/6] Claim set forth in Item 1 votes to (please check one):

| **Accept the Plan** | **Reject the Plan** |
|---|---|
| ☐ | ☐ |

**Subject to the limitations set forth herein, you have the right to opt in to the Third Party Release set forth in Section 17.2(b) of the Plan. You shall not be deemed to have consented to the Third Party Release unless you check the box in Item 3 below.**

**Item 3. Release Opt-In Election.**

| | |
|---|---|
| ☐ | **The undersigned Claimant elects to grant (*i.e.*, OPTS IN to) the Third Party Release provision set forth in Section 17.2(b) of the Plan.** |

**Item 4. Important Information Regarding Injunction, Release, and Exculpation Under the Plan.**

Sections 17.1, 17.2, and 17.3 of the Plan provide as follows:

**Section 17.1 *Exculpation*.**

**The Exculpated Parties will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Case, the sale or other disposition of the Debtor's assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; provided, however, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, bad faith, or gross negligence (in each case subject to determination by Final Order of the Bankruptcy Court); provided that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of section 1125(e) of the Bankruptcy Code.**

**Section 17.2 *Releases*.**

***(a) Debtor Releases*. Notwithstanding anything in the Combined DS and Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtor and the Estate, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any cause of action, by, through, for, or because of the foregoing entities (collectively, the "Debtor/Estate Releasors"), shall release (the "Debtor/Estate Release") each Released Party, and each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor (including the management, ownership, or operation thereof), the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor and the ownership thereof, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of, or solicitation of votes on, the Combined DS and Plan or related agreements, instruments, or other documents, or any other act or omission,**

**transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct, actual fraud, bad faith, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction) but in all respects such Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan; provided, that the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan; and further provided that nothing herein shall act as a discharge of the Debtor.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtor and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.**

***(b) Third Party Release*. Notwithstanding anything in the Plan to the contrary, on and after and subject to the occurrence of the Effective Date, each of the Releasing Parties shall release (the "Third Party Release") each Released Party, and each of the Debtor, the Estate, and the Released Parties shall be deemed released from, any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtor or the Estate, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtor (including the management, ownership, or operation thereof), the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor and the ownership thereof, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined DS and Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of, or solicitation of votes on, the Combined DS and Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct, actual fraud, bad faith, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction) but in all respects such Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Combined DS and Plan. Notwithstanding anything to the contrary in the**

**foregoing, the Third Party Release shall not release any obligations of any party under the Combined DS and Plan or any other document, instrument, or agreement executed to implement the Combined DS and Plan. For the avoidance of doubt, the Third Party Release shall not be effective upon any party that does not execute and return a Release Opt-In Election Form in accordance with the terms of this Combined DS and Plan.**

**Section 17.3 *Injunction*.**

**In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtor, the Liquidating Trust, or the Estate that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest. Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtor or the Liquidating Trust under the Plan. Notwithstanding any other provision of this Plan, the Debtor shall not receive a discharge pursuant to Bankruptcy Code section 1141(d)(3).**

**Section 2 *Defined Terms*.**

"***Exculpated Parties***" means collectively (a) the Debtor, (b) members of the Restructuring Committee, (c) Peter C. Chadwick in his capacity as Chief Restructuring Officer of the Debtor, (d) members of the Committee (solely in their capacities as Committee members), and (e) Bankruptcy Court-approved Estate and Committee professionals.

"***Released Parties***" means collectively (a) the Debtor, (b) members of the Restructuring Committee, (c) Peter C. Chadwick in his capacity as Chief Restructuring Officer of the Debtor, (d) members of the Committee (solely in their capacities as Committee members), (e) Axios (in its capacity as DIP lender and lender under the Prepetition Loan), and (f) Bankruptcy Court-approved Estate and Committee professionals.

"***Releasing Parties***" means, individually and collectively: (i) each Holder of a Claim or Interest that opts in to the Third Party Release; (ii) the Committee and each of its members in such

capacity; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entities' or Persons' successors, assigns, and transferees.

**Item 5. Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

1. as of the Voting Record Date, the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) of a Class [5/6] Claim in the amount set forth in Item 1;

2. the Holder is eligible to be treated as the Holder of the Class [5/6] Claim set forth in Item 1 for the purposes of voting on the Plan;

3. the Holder has received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

4. the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

5. the Holder understands and acknowledges that only the latest-dated Ballot cast and actually received by the Voting Deadline with respect to the Class [5/6] Claim set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to the Class [5/6] Claim set forth in Item 1, such other Ballot shall be deemed revoked;

6. the Holder understands and acknowledges that the Debtor shall verify the amount of the Class [5/6] Claim held by the Holder as of the Voting Record Date set forth in Item 1; and

7. the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

**Item 6. Holder Information and Signature.**

Name of Holder: ______________________________________________

Signature: ______________________________________________

Name of Signatory: ______________________________________________
(if other than Holder)

Title: ______________________________________________

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT**

**PROMPTLY BY MAIL OR OVERNIGHT DELIVERY TO THE ADDRESS BELOW, OR UPLOAD IT VIA THE CLAIMS AGENT'S ONLINE BALLOTING PLATFORM AT THE WEBSITE BELOW. BALLOTS SENT BY FACSIMILE OR EMAIL WILL NOT BE COUNTED.**

| |
|---|
| Pacifica Claims Processing Center<br>c/o KCC dba Verita<br>100 N. Pacific Coast Highway, Suite 100<br>El Segundo, CA 90245<br><br>-Or-<br><br>mailto:ImpacMortgageInfo@veritaglobal.comhttps://www.veritaglobal.net/pacificaofthevalley |

**BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 10, 2026**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CONTACT THE CLAIMS AGENT, DENTONS US LLP, OR PACHULSKI STANG ZIEHL & JONES LLP AS SET FORTH ABOVE**

**VOTING INSTRUCTIONS FOR**
**CLASS [5/6] ([GENERAL UNSECURED CLAIMS/INSURED CLAIMS]) CLAIM**

1. As described in the Combined DS and Plan, the Debtor is soliciting the votes of the Holders of Class [5/6] Claims with respect to the Plan. The Combined DS and Plan is included in the Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Combined DS and Plan.

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one impaired class that votes on the Plan, determined without including any acceptance of the Plan by any insider, and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.

3. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Deadline by Kurtzman Carson Consultants LLC, dba Verita Global (the "Claims Agent" or "Voting Agent"), either (i) by mail or overnight delivery to Pacifica Claims Processing Center c/o KCC dba Verita, 100 N. Pacific Coast Highway, Suite 100, El Segundo, CA 90245; or (ii) by uploading the Ballot on the Claims Agent's online balloting platform at https://www.veritaglobal.net/pacificaofthevalley. Ballots sent by facsimile or email, or sent to the Debtor, the Debtor's agents (other than the Claims Agent), or the Debtor's financial or legal advisors, will not be counted.

4. The time by which a Ballot is actually received by the Voting Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. The Voting Deadline is December 10, 2026 at 4:00 p.m. (Prevailing Eastern Time).

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtor determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery.

6. If multiple Ballots are received from an individual Holder with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any previously received Ballot.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtor will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. The Ballot does not constitute, and shall not be deemed to be: (a) a proof of claim or interest; or (b) an assertion or admission with respect to any claim or interest.

9. Please be sure to sign or electronically sign (DocuSign or similar) and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

10. You must vote your entire Class [5/6] Claim either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

11. Any Ballot that is properly completed, executed, and timely returned to the Voting Agent that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

12. Subject to the discretion of the Debtor or authority of the Court, the following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Equity Interest in a Class that is entitled to vote on the Plan, (c) any unsigned Ballot; and/or (d) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

# Exhibit 2

## Opt-In Release Form

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**THIRD PARTY RELEASE OPT-IN FORM**

**THE PLAN PROVIDES FOR THE RELEASE OF CERTAIN PARTIES INVOLVED IN THE CHAPTER 11 CASE. PARTIES SHOULD THEREFORE BE AWARE THAT IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OF THE PLAN OCCURS, CERTAIN PARTIES WILL RECEIVE THE BENEFITS OF THE RELEASE PROVISIONS AND CERTAIN PARTIES WILL BE BOUND BY THE RELEASE PROVISIONS AS SET FORTH IN SECTION 17.2(B) OF THE COMBINED DS AND PLAN.**

You are **not** required to opt in to the Third Party Release under the *Combined Disclosure Statement and Chapter 11 Plan* of Pacifica of the Valley Corp. (the "Debtor") (as may be amended, supplemented, or otherwise modified from time to time, the "Combined DS and Plan," and the chapter 11 plan portion thereof, the "Plan"). Your decision whether to opt in will not affect the allowance of your Claim or your right, if any, to receive distributions under the Plan. If you affirmatively elect to opt in by properly completing and timely returning this Release Opt-In Election Form, you will be deemed a "Releasing Party" under the Plan and, subject to the terms and conditions therein, will grant the Third Party Release set forth in Section 17.2(b) of the Plan. If you do not timely return this Release Opt-In Election Form electing to opt in, you will not grant the Third Party Release.

**THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:**

(a) ***Defined Terms.*** As used in the Plan, capitalized terms have the meanings set forth below.

(i) "*Released Parties*" means collectively (a) the Debtor, (b) members of the Restructuring Committee, (c) Peter C. Chadwick in his capacity as Chief Restructuring Officer of the Debtor, (d) members of the Committee (solely in their capacities as Committee members), (e) Axios (in its capacity as DIP lender and

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

lender under the Prepetition Loan), and (f) Bankruptcy Court-approved Estate and Committee professionals.

(ii) "*Releasing Parties*" means, individually and collectively: (i) each Holder of a Claim or Interest that opts in to the Third Party Release; (ii) the Committee and each of its members in such capacity; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entities' or Persons' successors, assigns, and transferees.

**Note: This provision describes the releases that the Debtor will seek under the Plan. This language has not been considered or approved by the Bankruptcy Court and remains subject to consideration at the Confirmation Hearing.**

**THIRD PARTY RELEASE**

**Third Party Release. Notwithstanding anything in the Plan to the contrary, on and after and subject to the occurrence of the Effective Date, each of the Releasing Parties shall release (the "Third Party Release") each Released Party, and each of the Debtor, the Estate, and the Released Parties shall be deemed released from, any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtor or the Estate, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtor (including the management, ownership, or operation thereof), the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor and the ownership thereof, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined DS and Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of, or solicitation of votes on, the Combined DS and Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct, actual fraud, bad faith, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction) but in all respects such Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Combined DS and Plan. Notwithstanding anything to the contrary in the foregoing, the Third Party Release shall not release any obligations of any party under the Combined DS and Plan or any other document, instrument, or agreement executed to implement the Combined DS and Plan. For the avoidance of doubt, the Third Party Release shall not be effective upon any party that does not execute and return a Release Opt-In Election Form in accordance with the terms of this Combined DS and Plan.**

**Third Party Release Opt-In Election (Optional).**

PLEASE TAKE NOTICE THAT you may affirmatively opt in to the Third Party Release contained in Section 17.2(b) of the Plan and set forth above. To be effective, this Release Opt-In Election Form must be properly completed and actually received by the Claims Agent by December 10, 2026 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline"), either (a) by mail or overnight delivery to Pacifica Claims Processing Center c/o KCC dba Verita, 100 N. Pacific Coast Highway, Suite 100, El Segundo, CA 90245; or (b) by uploading it on the Claims Agent's online opt-in portal at https://www.veritaglobal.net/pacificaofthevalley.

**IF YOU OPT IN TO THE THIRD PARTY RELEASE PROVISIONS IN SECTION 17.2(B) OF THE PLAN BY PROPERLY AND TIMELY SUBMITTING THIS OPT IN ELECTION, YOU WILL BE DEEMED, AS OF THE EFFECTIVE DATE OF THE PLAN, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (TO THE EXTENT AND AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN)**.

| | |
|---|---|
| ☐ | **OPT IN** to the Third Party Release set forth in Section 17.2(b) of the Plan |

# **Exhibit 3**

## Confirmation Hearing Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**NOTICE OF (I) CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT, (II) COMBINED HEARING ON FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF CHAPTER 11 PLAN, AND RELATED MATTERS, AND (III) OBJECTION DEADLINE**

**NOTICE IS HEREBY GIVEN AS FOLLOWS:**

1. On [•], 2026, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [•]] (the "Conditional Approval and Procedures Order") conditionally approving, for solicitation purposes only, the disclosure statement contained in the *Combined Disclosure Statement and Chapter 11 Plan* (as may be amended, supplemented or otherwise modified from time to time, the "Combined DS and Plan," the disclosure statement portion thereof, the "Disclosure Statement," and the chapter 11 plan portion thereof, the "Plan"),[2] filed by Pacifica of the Valley Corp., the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), and authorizing the Debtor to solicit votes to accept or reject the Plan from Holders of Claims in Classes 1, 2, 3, 5, and 6 (the "Voting Classes").

2. On July 4, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the Court. On July 20, 2026, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"). The Combined DS and Plan implements a global settlement among the Debtor, Axios Capital Solutions, LLC ("Axios"), and the Committee, including the sale of substantially all of the Debtor's assets to Axios and the creation of a Liquidating Trust for the benefit of Holders of Allowed General Unsecured Claims.

3. On October 30, 2026, the Debtor filed the Combined DS and Plan [Docket No. 276]. Copies of the Combined DS and Plan may be obtained free of charge from the Debtor's

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Plan. The summaries of the Plan and Disclosure Statement in this Notice are not precise or complete statements of all terms and provisions of the Plan or the documents referred to therein. If there is any discrepancy between this Notice and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

claims, noticing, and balloting agent, Kurtzman Carson Consultants LLC, dba Verita Global (the "Claims Agent"), by (a) visiting the Claims Agent's website at https://www.veritaglobal.net/pacificaofthevalley, (b) calling (888) 249-2792 (U.S./Canada) or +1 (310) 751-2607 (International), or (c) sending an electronic message to PacificaInfo@veritaglobal.com, or by contacting counsel to the Debtor, (i) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Samuel R. Maizel, samuel.maizel@dentons.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899 (Attn: Laura Davis Jones, ljones@pszjlaw.com, and Timothy Cairns, tcairns@pszjlaw.com). You may also obtain these documents and any other pleadings filed in the Debtor's chapter 11 case (for a fee) via PACER at http://www.deb.uscourts.gov.

## INFORMATION REGARDING THE PLAN AND DISCLOSURE STATEMENT

**Voting Record Date**. The voting record date is November 10, 2026 (the "Voting Record Date"), which is the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and opt in to the Third Party Release, and (ii) which Holders of Claims and Interests in the Non-Voting Classes are entitled to opt in to the Third Party Release.

**Voting Deadline**. Ballots and Release Opt-In Election Forms must be properly completed, executed, and mailed or uploaded so that they are actually received by the Claims Agent no later than December 10, 2026 at 4:00 p.m. (*prevailing* Eastern Time) (the "Voting Deadline").

**Combined Hearing**. A combined hearing to consider final approval of the Disclosure Statement as containing adequate information, confirmation of the Plan, any objections to any of the foregoing, and any other matter that may properly come before the Court, will be held before the Honorable Thomas M. Horan, United States Bankruptcy Judge, at the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, on December 17, 2026 at 1:00 p.m. (*prevailing* Eastern Time) (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Confirmation Hearing or in a notice of agenda filed with the Court, and will be available on the electronic case filing docket and the Claims Agent's website at https://www.veritaglobal.net/pacificaofthevalley.

**Objections to the Plan and Disclosure Statement**. Any responses or objections (each an "**Objection**") to the Disclosure Statement and/or Plan must be filed with the Court and served so as to be **actually received** no later than 4:00 p.m. (prevailing Eastern Time) on December 10, 2026 (the "Objection Deadline"), by the following parties: (a) the Debtor c/o Berkeley Research Group, LLC, 1800 M Street NW, Second Floor, Washington, DC 20036, Attn: Peter Chadwick (pchadwick@thinkbrg.com); (b) counsel for the Debtor, (1) Dentons US LLP, 601 S. Figueroa St., Suite 2500, Los Angeles, CA 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Samuel Maizel (samuel.maizel@dentons.com) and (2) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com) and Timothy Cairns (tcairns@pszjlaw.com); and (c) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Hannah J. McCollum (hannah.mccollum@usdoj.gov) (collectively, the "Notice Parties"). Any

such Objection must: (a) be in writing; (b) comply with the Bankruptcy Rules and Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest held by such entity; (d) state with particularity the legal and factual basis for such objection, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objection; and (e) be filed with the Court with a proof of service and served upon the Notice Parties so as to be actually received by the Objection Deadline.

**UNLESS A RESPONSE OR OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**SUMMARY OF PLAN TREATMENT**[3]

The table below provides a summary of the classification, description, treatment, and voting status of Claims and Interests under the Plan. This information is provided in summary form below for illustrative purposes only and is qualified in its entirety by reference to the provisions of the Plan. For a more detailed description of the treatment of Claims and Interests under the Plan, see Section 3 of the Combined DS and Plan, entitled "Summary of Classification and Treatment of Claims and Interests Under Plan and Important Solicitation and Confirmation Dates and Deadlines."

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| Unclassified | Administrative Claims | Except to the extent that a Holder of an Allowed Administrative Claim agrees to less favorable treatment, each Holder of an Allowed Administrative Claim, other than a Professional Fee Claim, shall receive, without interest, from the Debtor, Cash equal to the Allowed amount of such Claim: (a) on or as soon as practicable after the later of (i) the Effective Date, or (ii) the date upon which the Bankruptcy Court enters a Final Order determining or approving such Claim; (b) in accordance with the terms and conditions of agreements between the Holder of such Claim and the Debtor; (c) with respect to any Administrative | Unclassified – not entitled to vote |

[3] The statements contained herein are summaries of the provisions in the Disclosure Statement and the Plan and do not purport to be precise or complete statements of all terms and provisions of the Plan or the documents referred to therein. For a more detailed description of the Plan, please refer to the Disclosure Statement. Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan.

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| | | Claims representing obligations incurred in the ordinary course of the Debtor's business, upon such regular and customary payment or performance terms as may exist in the ordinary course of the Debtor's business or as otherwise provided in the Plan; or (d) with respect to statutory fees due pursuant to 28 U.S.C. § 1930(a)(6), as and when due under applicable law. | |
| Unclassified | Priority Claims | Except to the extent a Holder of an Allowed Priority Claim agrees to less favorable treatment, on the later of (i) the Effective Date or (ii) the date such Priority Claim becomes Allowed, or as soon as reasonably practicable thereafter, each Holder of an Allowed Priority Claim shall receive, in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange for such Claim, payment from the Debtor in full in Cash in an amount equal to the Allowed amount of such Claim. | Unclassified – not entitled to vote |
| Unclassified | Priority Tax Claims | Each Holder of a Priority Tax Claim shall have such Claim Allowed in the amount set forth in Schedule 1 hereto with the total amount of all such agreed amounts for Priority Tax Claims not to exceed $36,677,876 and approved pursuant to Bankruptcy Rule 9019 upon entry of the Confirmation Order (or such other time as the agreed amount is approved by an order of the Bankruptcy Court upon notice and an opportunity to be heard).<br><br>Holders of Allowed Priority Tax Claims shall receive their pro rata share of 1/3 of the net proceeds of the Liquidating Trust's allocated portion under the Sharing Agreement over time as provided in the Liquidating Trust Agreement in full and final satisfaction, settlement, release, and discharge of their Priority Tax Claims and any liability of any current officer or | Unclassified – not entitled to vote |

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| | | director of the Debtor arising from or relating to such Priority Tax Claims, while Allowed General Unsecured Claims in Class 5 shall receive the remaining 2/3 of such net proceeds of the Liquidating Trust's allocated portion under the Sharing Agreement. | |
| 1 | Axios Secured Claim | The Axios Secured Claim shall be Allowed in full, but upon the closing of the Axios Sale pursuant to the APA and the Axios Sale Order, shall be reduced by the Axios Credit Bid Amount to the extent such amount exceeds the amount of the Axios DIP Claim.<br><br>On account of any Axios Secured Claim in excess of the Axios Credit Bid Amount, Axios shall be entitled solely to its share of the net proceeds of the Liquidating Trust Assets under the Sharing Agreement in an aggregate amount (together with the Axios DIP Claim) not to exceed $15 million, and any remaining Axios DIP Claim or Axios Secured Claim in excess of $15 million in the aggregate shall constitute Assumed Axios Debt, which shall be assumed by Sun Valley and shall not be recoverable from the Debtor, the Estate, or the Liquidating Trust. | Impaired – entitled to vote |
| 2 | Reliq Claim | The Reliq Claim shall be either: (i) in the event Axios and Reliq enter into a mutually acceptable New Lease Agreement in connection with Axios's acquisition of substantially all of the Debtor's assets, deemed fully and finally satisfied, settled, released, and discharged, and Reliq shall not be entitled to any distributions under the Plan or otherwise on account of such Reliq Claim other than the payment of its Administrative Claims under the Master Lease; or (ii) in the event Axios and Reliq do not enter into such New Lease | Impaired – entitled to vote |

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| | | Agreement, the Reliq Claim, or a portion or portions thereof, shall be classified and treated under the Plan as one or more of an Administrative Claim (with respect to postpetition obligations under the Master Lease), Secured Claim, General Unsecured Claim, or Subordinated Claim, as applicable, with the allowance, classification, amount, and treatment of the Reliq Claim, or any portion thereof, to be determined by further order of the Court. | |
| 3 | L.A. Care Claim | The L.A. Care Claim shall be either: (i) in the event the L.A. Care Challenge Period expires without a Challenge (or a Challenge is unsuccessful), L.A. Care shall have no Claim against the Debtor's Estate and shall not be entitled to any distributions under the Plan or otherwise; or (ii) in the event there is a successful Challenge of the L.A. Care Claim in a manner that results in L.A. Care having an Allowed Claim, such Allowed Claim is junior and subordinate to the Axios Secured Claim, which is not being satisfied in full hereunder, and thus the L.A. Care Claim shall be (a) rendered wholly unsecured pursuant to § 506(a)(1), and (b) treated as a General Unsecured Claim in Class 5. | Impaired – entitled to vote |
| 4 | Other Secured Claims | Except to the extent a Holder of an Allowed Other Secured Claim agrees to less favorable treatment, on the later of (i) the Effective Date or (ii) the date such Other Secured Claim becomes Allowed, or as soon as reasonably practicable thereafter, each Holder of an Allowed Other Secured Claim shall receive, in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange for such Claim, at the discretion of the Debtor (x) payment from the Debtor in full | Unimpaired – deemed to accept the Plan |

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| | | in Cash in an amount equal to the Allowed amount of such Other Secured Claim; (y) such other treatment sufficient to render such Other Secured Claim Unimpaired; or (z) return of the applicable collateral or authorization of a setoff in satisfaction of the Allowed amount of such Other Secured Claim. | |
| 5 | General Unsecured Claims | Each Holder of an Allowed General Unsecured Claim shall receive a Liquidating Trust Interest and become a Liquidating Trust Beneficiary in full and final satisfaction of its Allowed Class 5 Claim in accordance with the terms of the Sharing Agreement. | Impaired – entitled to vote |
| 6 | Insured Claims | Each Holder of an Allowed Insured Claim shall recover only from the proceeds of available insurance and shall not be entitled to any distributions from the Debtor or the Liquidating Trust. | Impaired – entitled to vote |
| 7 | Subordinated Claims | There shall be no Distribution on account of Subordinated Claims. On the Effective Date, each Subordinated Claim shall be cancelled, released, and extinguished, and each Holder of a Subordinated Claim shall not be entitled to, and shall not receive or retain, any property or interest in property on account of such Subordinated Claim. | Impaired – deemed to reject the Plan |
| 8 | Interests | There shall be no Distribution on account of Interests. Upon the Effective Date, all Interests will be deemed cancelled and will cease to exist. | Impaired – deemed to reject the Plan |

## ENTITLEMENT TO VOTE ON THE PLAN

In accordance with the terms of the Plan, Holders of Claims in Classes 1, 2, 3, 5, and 6 are entitled to vote to accept or reject the Plan. Holders of Claims or Interests in Classes 4, 7, and 8 (collectively, the "Non-Voting Classes") are (i) conclusively presumed to have accepted or deemed to have rejected the Plan, as applicable, and (ii) not entitled to vote to accept or reject the Plan. Holders in the Non-Voting Classes will receive this notice and a Release Opt-In Election

Form, and may opt in to the Third Party Release by returning the Release Opt-In Election Form so that it is actually received by the Claims Agent by the Voting Deadline.

**EXCULPATION, INJUNCTION, AND RELEASE PROVISIONS IN PLAN**

**PLEASE BE ADVISED THAT SECTION 17 OF THE PLAN CONTAINS CERTAIN EXCULPATION, INJUNCTION, AND RELEASE PROVISIONS, INCLUDING THOSE SET FORTH BELOW. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN SECTION 17 OF THE PLAN, AS YOUR RIGHTS MAY BE AFFECTED.**

**BINDING NATURE OF THE PLAN: IF CONFIRMED, ON THE EFFECTIVE DATE, AND EFFECTIVE AS OF THE EFFECTIVE DATE, THE PLAN WILL BIND, AND WILL BE DEEMED BINDING UPON, ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTOR, AND EACH HOLDER'S RESPECTIVE SUCCESSORS AND ASSIGNS, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, NOTWITHSTANDING WHETHER OR NOT ANY SUCH HOLDER (1) WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN OR (2) VOTED TO ACCEPT OR REJECT THE PLAN.**

The Plan also includes the following relevant definitions:

"***Exculpated Parties***" means collectively (a) the Debtor, (b) members of the Restructuring Committee, (c) Peter C. Chadwick in his capacity as Chief Restructuring Officer of the Debtor, (d) members of the Committee (solely in their capacities as Committee members), and (e) Bankruptcy Court-approved Estate and Committee professionals.

"***Released Parties***" means collectively (a) the Debtor, (b) members of the Restructuring Committee, (c) Peter C. Chadwick in his capacity as Chief Restructuring Officer of the Debtor, (d) members of the Committee (solely in their capacities as Committee members), (e) Axios (in its capacity as DIP lender and lender under the Prepetition Loan), and (f) Bankruptcy Court-approved Estate and Committee professionals.

"***Releasing Parties***" means, individually and collectively: (i) each Holder of a Claim or Interest that opts in to the Third Party Release; (ii) the Committee and each of its members in such capacity; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entities' or Persons' successors, assigns, and transferees.

**EXCULPATION**

**The Exculpated Parties will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Case, the sale or other disposition of the Debtor's assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement**

**created or entered into in connection with the Plan; provided, however, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, bad faith, or gross negligence (in each case subject to determination by Final Order of the Bankruptcy Court); provided that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of section 1125(e) of the Bankruptcy Code.**

## RELEASES

**Debtor Releases. Notwithstanding anything in the Combined DS and Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtor and the Estate, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any cause of action, by, through, for, or because of the foregoing entities (collectively, the "Debtor/Estate Releasors"), shall release (the "Debtor/Estate Release") each Released Party, and each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor (including the management, ownership, or operation thereof), the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor and the ownership thereof, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of, or solicitation of votes on, the Combined DS and Plan or related agreements, instruments, or other documents, or any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct, actual fraud, bad faith, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction) but in all respects such Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan; provided, that the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan; and further provided that nothing herein shall act as a discharge of the Debtor.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtor and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.**

**Third Party Release. Notwithstanding anything in the Plan to the contrary, on and after and subject to the occurrence of the Effective Date, each of the Releasing Parties shall release (the "Third Party Release") each Released Party, and each of the Debtor, the Estate, and the Released Parties shall be deemed released from, any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtor or the Estate, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtor (including the management, ownership, or operation thereof), the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor and the ownership thereof, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined DS and Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of, or solicitation of votes on, the Combined DS and Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct, actual fraud, bad faith, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction) but in all respects such Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Combined DS and Plan. Notwithstanding anything to the contrary in the foregoing, the Third Party Release shall not release any obligations of any party under the Combined DS and Plan or any other document, instrument, or agreement executed to implement the Combined DS and Plan. For the avoidance of doubt, the Third Party Release shall not be effective upon any party that does not execute and return a Release Opt-In Election Form in accordance with the terms of this Combined DS and Plan.**

## NO DISCHARGE

**Nothing contained in the Combined DS and Plan shall be deemed to constitute a discharge of the Debtor under section 1141(d)(3) of the Bankruptcy Code.**

**INJUNCTION**

**In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtor, the Liquidating Trust, or the Estate that arose prior to the Effective Date are permanently enjoined from:**

**a. commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest;**

**b. the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest;**

**c. creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; and**

**d. any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest.**

**Nothing contained in Section 17.3 of the Plan shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtor or the Liquidating Trust under the Plan.**

Dated: [__], 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*<u>/s/ DRAFT</u>*

Laura Davis Jones (DE Bar No. 2436)
Timothy Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com
tcairns@pszjlaw.com

-and-

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice*)
Samuel R. Maizel (*pro hac vice*)

601 S. Figueroa Street #2500
Los Angeles, CA 90017
Tel: (213) 623-9300
Email: tania.moyron@dentons.com
samuel.maizel@dentons.com

John D. Beck (*pro hac vice*)
Geoffrey M. Miller (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 768-6700
Email: john.beck@dentons.com
geoffrey.miller@dentons.com

*Counsel to Debtor and Debtor in Possession*

# **Exhibit 4**

## Publication Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**NOTICE OF (I) CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT, (II) COMBINED HEARING ON FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF CHAPTER 11 PLAN, AND RELATED MATTERS, AND (III) OBJECTION DEADLINE**

**NOTICE IS HEREBY GIVEN AS FOLLOWS:**

1. On [•], 2026, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [•]] (the "Conditional Approval and Procedures Order") conditionally approving, for solicitation purposes only, the disclosure statement contained in the *Combined Disclosure Statement and Chapter 11 Plan* (as may be amended, supplemented or otherwise modified from time to time, the "Combined DS and Plan," the disclosure statement portion thereof, the "Disclosure Statement," and the chapter 11 plan portion thereof, the "Plan"),[2] filed by Pacifica of the Valley Corp., the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), and authorizing the Debtor to solicit votes to accept or reject the Plan from Holders of Claims in Classes 1, 2, 3, 5, and 6 (the "Voting Classes").

2. On July 4, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the Court. The Combined DS and Plan implements a global settlement among the Debtor, Axios Capital Solutions, LLC ("Axios"), and the Official Committee of Unsecured Creditors (the "Committee"), including the sale of substantially all of the Debtor's assets to Axios and the creation of a Liquidating Trust for the benefit of Holders of Allowed General Unsecured Claims.

3. On October 30, 2026, the Debtor filed the Combined DS and Plan [Docket No. 276]. Copies of the Combined DS and Plan may be obtained free of charge from the Debtor's

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Plan. The summaries of the Plan and Disclosure Statement in this Notice are not precise or complete statements of all the terms and provisions of the Plan or documents referred to therein. If there is a discrepancy between this Notice and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

claims, noticing, and balloting agent, Kurtzman Carson Consultants LLC, dba Verita Global (the "Claims Agent"), by (a) visiting the Claims Agent's website at https://www.veritaglobal.net/pacificaofthevalley (b) calling (888) 249-2792 (U.S./Canada) or +1 (310) 751-2607 (International), or (c) sending an electronic message to PacificaInfo@veritaglobal.com, or by contacting counsel to the Debtor, (i) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Samuel R. Maizel, samuel.maizel@dentons.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899 (Attn: Laura Davis Jones, ljones@pszjlaw.com, and Timothy Cairns, tcairns@pszjlaw.com). You may also obtain these documents and any other pleadings filed in the Debtor's chapter 11 case (for a fee) via PACER at http://www.deb.uscourts.gov.

**INFORMATION REGARDING THE PLAN AND DISCLOSURE STATEMENT**

**Voting Record Date**. The voting record date is November 10, 2026 (the "Voting Record Date"), which is the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and opt in to the Third Party Release, and (ii) which Holders of Claims and Interests in the Non-Voting Classes are entitled to opt in to the Third Party Release.

**Voting Deadline**. Ballots and Release Opt-In Election Forms must be properly completed, executed, and mailed or uploaded so that they are actually received by the Claims Agent no later than December 10, 2026 at 4:00 p.m. (*prevailing* Eastern Time) (the "Voting Deadline").

**Combined Hearing**. A combined hearing to consider final approval of the Disclosure Statement as containing adequate information, confirmation of the Plan, any objections to any of the foregoing, and any other matter that may properly come before the Court, will be held before the Honorable Thomas M. Horan, United States Bankruptcy Judge, at the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, on December 17, 2026 at 1:00 p.m. (*prevailing* Eastern Time) (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Confirmation Hearing or in a notice of agenda filed with the Court, and will be available on the electronic case filing docket and the Claims Agent's website at https://www.veritaglobal.net/pacificaofthevalley.

**Objections to the Plan and Disclosure Statement**. Any responses or objections (each an "Objection") to the Disclosure Statement and/or Plan must be filed with the Court and served so as to be **actually received** no later than 4:00 p.m. (*prevailing* Eastern Time) on December 10, 2026 (the "Objection Deadline"), by the following parties: (i) the Debtor c/o Berkeley Research Group, LLC, 1800 M Street NW, Second Floor, Washington, DC 20036, Attn: Peter Chadwick (pchadwick@thinkbrg.com); (ii) counsel for the Debtor, (1) Dentons US LLP, 601 S. Figueroa St., Suite 2500, Los Angeles, CA 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Samuel Maizel (samuel.maizel@dentons.com) and (2) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com) and Timothy Cairns (tcairns@pszjlaw.com); and (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Hannah J. McCollum (hannah.mccollum@usdoj.gov) (collectively, the "Notice Parties"). Any

such Objection must: (a) be in writing; (b) comply with the Bankruptcy Rules and Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest held by such entity; (d) state with particularity the legal and factual basis for such objection, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objection; and (e) be filed with the Court with a proof of service and served upon the Notice Parties so as to be actually received by the Objection Deadline.

**UNLESS A RESPONSE OR OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**ENTITLEMENT TO VOTE ON THE PLAN**

In accordance with the terms of the Plan, Holders of Claims in Classes 1, 2, 3, 5, and 6 are entitled to vote to accept or reject the Plan. Holders of Claims or Interests in Classes 4, 7, and 8 (collectively, the "Non-Voting Classes") are (i) conclusively presumed to have accepted or deemed to have rejected the Plan, as applicable, and (ii) not entitled to vote to accept or reject the Plan. Holders in the Non-Voting Classes may opt in to the Third Party Release by returning a Release Opt-In Election Form so that it is actually received by the Claims Agent by the Voting Deadline.

**EXCULPATION, INJUNCTION AND RELEASE PROVISIONS IN PLAN**

**PLEASE BE ADVISED THAT SECTION 17 OF THE PLAN CONTAINS CERTAIN EXCULPATION, INJUNCTION AND RELEASE PROVISIONS. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN SECTION 17 OF THE PLAN, AS YOUR RIGHTS MAY BE AFFECTED.**

**BINDING NATURE OF THE PLAN: IF CONFIRMED, ON THE EFFECTIVE DATE, AND EFFECTIVE AS OF THE EFFECTIVE DATE, THE PLAN WILL BIND, AND WILL BE DEEMED BINDING UPON, ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTOR, AND EACH HOLDER'S RESPECTIVE SUCCESSORS AND ASSIGNS, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, NOTWITHSTANDING WHETHER OR NOT ANY SUCH HOLDER (1) WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN OR (2) VOTED TO ACCEPT OR REJECT THE PLAN.**

# **Exhibit 5**

## Assumption Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**NOTICE OF (I) POSSIBLE ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES, (II) FIXING CURE AMOUNTS, AND (III) DEADLINE TO OBJECT THERETO**

**PLEASE TAKE NOTICE** that on July 4, 2026 (the "Petition Date"), Pacifica of the Valley Corp., the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), filed a voluntary petition for relief pursuant to the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that on October 30, 2026, the Debtor filed the *Combined Disclosure Statement and Chapter 11 Plan* (as may be amended, supplemented or otherwise modified from time to time, the "Combined DS and Plan," the disclosure statement portion thereof, the "Disclosure Statement," and the chapter 11 plan portion thereof, the "Plan"),[2] which implements a global settlement among the Debtor, Axios Capital Solutions, LLC ("Axios"), and the Official Committee of Unsecured Creditors, including the sale of substantially all of the Debtor's assets to Axios (the "Axios Sale"). On [•], 2026, the Court entered an order [Docket No. [•]] conditionally approving the Disclosure Statement for solicitation purposes.

**PLEASE TAKE FURTHER NOTICE** that the combined hearing at which the Court will consider final approval of the Disclosure Statement and Confirmation of the Plan (the "Confirmation Hearing") will commence on December 17, 2026 at 1:00 p.m. (*prevailing* Eastern Time), before the Honorable Thomas M. Horan, in the United States Bankruptcy Court for the District of Delaware. Additional information regarding the Confirmation Hearing is included in the Notice of (I) Conditional Approval of Disclosure Statement, (II) Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Chapter 11 Plan, and Related Matters, and (III) Objection Deadline, which was previously served on you.

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Plan. The summaries of the Plan and Disclosure Statement in this Notice are not precise or complete statements of all the terms and provisions of the Plan or documents referred to therein. If there is a discrepancy between this Notice and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE** that you are receiving this notice because the Debtor's records reflect that you are a party to an Executory Contract or Unexpired Lease to be assumed or assumed and assigned by the Debtor under the Plan. Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan.

**PLEASE TAKE FURTHER NOTICE** that receipt of this notice or the fact that an Executory Contract or Unexpired Lease is listed on the schedule of executory contracts and unexpired leases to be assumed filed with the Plan Supplement (the "Assumption Schedule") is not a guarantee that such Executory Contract or Unexpired Lease will ultimately be assumed or assumed and assigned. Under the Plan, except for executory contracts and unexpired leases that (i) were previously assumed or rejected by order of the Court, (ii) are the subject of a pending motion to assume or reject, or (iii) are scheduled by the Debtor to be assumed as of the Effective Date as set forth in the Plan Supplement, each executory contract and unexpired lease that has not previously expired or terminated shall be deemed rejected on the Effective Date. The Debtor reserves the right to amend the Assumption Schedule.

**PLEASE TAKE FURTHER NOTICE** that § 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption (the "Cure Cost"). Accordingly, the Debtor has conducted a review of its books and records and has determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in **Exhibit A** (the "Proposed Cure Schedule"). Please note that if no amount (or zero) is stated for a particular Executory Contract or Unexpired Lease, the Debtor believes that no cure amount is outstanding for such contract or lease. The Proposed Cure Schedule is preliminary and subject to change until the date of confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that any objections by an Executory Contract or Unexpired Lease counterparty to a proposed assumption, assumption and assignment, or related Cure Cost, on any grounds, including those set forth in § 365, must:

(a) Be in writing;

(b) Set forth with specificity: (i) the basis for any objection to the Cure Cost listed by the Debtor, which objection must set forth the amount that the counterparty contends that the Debtor must pay to assume or assume and assign the Executory Contract or Unexpired Lease; (ii) the basis for any objection to the ability of the Debtor to assume or assume and assign the Executory Contract or Unexpired Lease and, including pursuant to § 365(c) of the Bankruptcy Code; (iii) the basis for any objection to the Debtor's ability to provide adequate assurance of future performance under the Executory Contract or Unexpired Lease as required pursuant to § 365(b) of the Bankruptcy Code; (iv) any and all bases on which the objecting party asserts other or additional monetary amounts are required to be paid if the Executory Contract or Unexpired Lease is assumed or assumed and assigned pursuant to the Plan; and/or (v) the grounds for any other objection that may be raised under § 365 of the Bankruptcy Code or other applicable law to such assumption or assumption and assignment;

(c) Comply with the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedures for the District of Delaware, and any other case management rules and orders of the Court; and

(d) be served by personal service or by overnight delivery, so as to be **ACTUALLY RECEIVED no later than fourteen (14) days** after service of the Assumption Notice, by: (a) the Debtor c/o Berkeley Research Group, LLC, 1800 M Street NW, Second Floor, Washington, DC 20036, Attn: Peter Chadwick (pchadwick@thinkbrg.com); (ii) counsel for the Debtor, (1) Dentons US LLP, 601 S. Figueroa St., Suite 2500, Los Angeles, CA 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Samuel Maizel (samuel.maizel@dentons.com) and (2) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com) and Timothy Cairns (tcairns@pszjlaw.com); and (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Hannah J. McCollum (hannah.mccollum@usdoj.gov).

**PLEASE TAKE FURTHER NOTICE** that any objection to the Debtor's proposed assumption, or assumption and assignment, of an Executory Contract or Unexpired Lease, or the related proposed Cure Cost, that remains unresolved as of the Confirmation Hearing shall be heard at the Confirmation Hearing (or at a later date as fixed by the Court), provided that any objection to a Cure Cost may, in the Debtor's discretion, be scheduled for a separate hearing, and any such objection may be adjourned, in full or in part, by the Debtor to a later date by listing such adjournment in a notice of agenda or other notice filed on the docket of the Debtor's chapter 11 case and served on the affected counterparty.

**PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the Cure Cost or (b) the potential assumption or assumption and assignment of any Executory Contract or Unexpired Lease is filed within fourteen (14) days after service of the Assumption Notice, then (i) you will be deemed to have stipulated that the Cure Cost as determined by the Debtor is correct and (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed assigned Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE** that any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption or assumption and assignment, or the proposed Cure Cost, will be deemed to have assented to such assumption or assumption and assignment, and the proposed Cure Cost.

**PLEASE TAKE FURTHER NOTICE** that assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time before the date that the Debtor assumes such Executory Contract or Unexpired Lease. Any Proofs of Claim filed with respect to an Executory Contract or Unexpired Lease that has been assumed shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Court.

**PLEASE TAKE FURTHER NOTICE** that if you would like to obtain a copy of the Combined DS and Plan or related documents, you should contact Kurtzman Carson Consultants LLC, dba Verita Global, the claims, noticing, and balloting agent retained by the Debtor in this Chapter 11 Case (the "Claims Agent"), by: (a) calling the Claims Agent at (888) 249-2792 (U.S./Canada) or +1 (310) 751-2607 (International); (b) visiting the Debtor's restructuring website at: https://www.veritaglobal.net/pacificaofthevalley; (c) sending an electronic message to PacificaInfo@veritaglobal.com; or (d) contacting counsel to the Debtor, (i) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Samuel R. Maizel, samuel.maizel@dentons.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899 (Attn: Laura Davis Jones, ljones@pszjlaw.com, and Timothy Cairns, tcairns@pszjlaw.com). You may also obtain these documents and any other pleadings filed in the Debtor's Chapter 11 Case (for a fee) *via* PACER at http://www.deb.uscourts.gov.

Dated: [__], 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ DRAFT*

Laura Davis Jones (DE Bar No. 2436)
Timothy Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com
tcairns@pszjlaw.com

-and-

**DENTONS US LLP**
Tania M. Moyron (*pro hac vice*)
Samuel R. Maizel (*pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Tel: (213) 623-9300
Email: tania.moyron@dentons.com
samuel.maizel@dentons.com

John D. Beck (*pro hac vice*)
Geoffrey M. Miller (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 768-6700
Email: john.beck@dentons.com
geoffrey.miller@dentons.com

*Counsel to Debtor and Debtor in Possession*