**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PACIFICA OF THE VALLEY CORPORATION,[1] | ) | Case No. 26-11060 (TMH) |
| | ) | |
| Debtor. | ) | **Ref. Docket No. 276, 278** |
| | ) | |

**MOTION OF DEBTOR FOR RELIEF FROM BANKRUPTCY RULE 2002(b) AND LOCAL RULE 3017-1(a) TO (I) FIX A HEARING DATE AND (II) SHORTEN NOTICE OF HEARING AND OBJECTION DEADLINE WITH RESPECT TO THE DISCLOSURE STATEMENT**

The above-captioned debtor and debtor in possession (the "Debtor") hereby files this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), granting relief from Rule 2002(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3017-1(a) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), fixing a hearing date and deadline for objections and other responses and shortening the notice period required by the Bankruptcy Rules and the Local Rules for (a) conditional approval of the disclosure statement (the "Disclosure Statement"), which has been filed as part of the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Pacifica of the Valley Corporation* [Docket No. 276] (the "Plan and Disclosure Statement"); and (b) the *Debtor's Motion for Entry of an Order (I) Conditionally Approving the Disclosure Statement, (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Confirmation of the Plan, (III) Establishing Plan and Disclosure Statement Objection and Reply Deadlines and Related Procedures, (IV) Approving the Solicitation and Voting Procedures, (V) Approving the Form and*

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is 7312. The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

*Manner of the Confirmation Hearing Notice and Finding Notice Sufficient, (VI) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases, and (VII) Granting Related Relief* [Docket No. 278] (the "Procedures Motion"). In support of this Motion to Shorten, the Debtor respectfully states as follows:

## Relief Requested

1. The Debtor requests that the Court shorten the period for notice of the hearing on conditional approval of the Disclosure Statement and the Procedures Motion so that the Court may consider the Disclosure Statement on an expedited basis on **November 10, 2026 at 3:00 p.m. (prevailing Eastern Time)**, or on such other date as the Court may determine. The Debtor also requests that the Court set **November 6, 2026 at 4:00 p.m. (prevailing Eastern Time)** as the deadline for filing objections to the Disclosure Statement.

2. For the reasons set forth herein, the Debtor submits that the relief requested is in the best interests of the Debtor, its estate, its creditors, and other parties in interest.

## Jurisdiction and Venue

3. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 9006, and Local Rule 9006-1(c) and (e).

**Background**

6. On July 4, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has been operating its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On July 20, 2026, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") [Docket No. 78]. No request for the appointment of a trustee or examiner has been made in this chapter 11 case.

7. A detailed description of the Debtor's business and facts precipitating the filing of the Debtor's chapter 11 proceeding is set forth in the *Declaration of Precious Mayes in Support of Emergency First-Day Motions* [Docket No. 16].

8. On July 7, 2026, the Debtor filed the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Use Cash Collateral and (B) Grant Liens and Superpriority Administrative Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief* [Docket No. 13] (the "Cash Collateral Motion"). On July 9, 2026, the Court entered an interim order on the Cash Collateral Motion [Docket No. 57]. On August 11, 2026, the Court entered a second interim order on the Cash Collateral Motion [Docket No. 148].

9. On September 27, 2026, the Debtor filed the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Obtain Postpetition Secured Financing and*

*(B) Utilize Cash Collateral; (II) Granting Liens and Superpriority Administrative Expense Claims; (III) Granting Adequate Protection; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 217] (the "DIP Motion"). On October 15, 2026, the Court entered an order granting the relief requested in the DIP Motion on a final basis on October 15, 2026 [Docket No. 250].

10. The Debtor filed the Plan and Disclosure Statement on October 30, 2026 and the Procedures Motion on November 1, 2026.

**Basis for Relief**

11. The Debtor seeks relief from Bankruptcy Rule 2002(b), which requires 28 days' notice of the hearing for approval of and the deadline for filing objections to a disclosure statement, and Local Rule 3017-1(a), which requires that the Debtor provide 35 days' notice of a disclosure statement hearing.

12. The Debtor proposes to serve the *Notice of Disclosure Statement Hearing* (the "Disclosure Statement Notice") on all parties listed in Bankruptcy Rule 2002(b) no later than November 2, 2026 by email, if available, and by first class mail.

13. The Debtor also proposes to serve by email (where possible) any order entered by the Court on this Motion to Shorten on the Notice Parties within one business day after entry of such order.

14. The Debtor submits that the relief requested herein is in the best interests of the Debtor and its estate so that the Debtor can move forward with the plan process. As described in the Plan and Disclosure Statement, the Debtor obtained DIP financing from Axios Capital Solutions, LLC ("Axios") and reached a comprehensive plan term sheet (the "Global Settlement Agreement") with Axios and the Committee. The Global Settlement Agreement contemplates a

sale of substantially all of the Debtor's assets to Axios. Consistent with the Global Settlement Agreement, the Debtor is preparing to file a motion to approve the sale to Axios pursuant to section 363 of the Bankruptcy Code. The relief requested herein will facilitate an expeditious and efficient process of consummating the sale to Axios and confirming a chapter 11 plan. Accordingly, the Debtor is now ready to move forward to seek confirmation of a plan and conclude this chapter 11 case.

15. The Debtor seeks an expedited plan confirmation timeline in light of the liquidity challenges that have been present throughout this chapter 11 case. Since the Petition Date, the Debtor has had limited liquidity needed to continue funding patient care and hospital operations. The Debtor's ongoing obligations include medical malpractice insurance premiums, rent, physician compensation, payments to essential vendors, case administration costs, and legally required scheduled capital expenditures. The Debtor obtained DIP financing in order to continue operations amid its liquidity challenges and to work toward a value-maximizing sale and plan process. An expedited timeline will enable the Debtor to pursue promptly a sale of its assets and confirmation of a plan, which will help to ensure continuity of care and avoid irreparable harm to the Debtor and its hospital operations.

16. In furtherance of those goals and to minimize administrative costs and maximize the value of recoveries to creditors, the Debtor believes it is in the best interests of its estate and parties in interest to proceed expeditiously to a confirmation hearing. The Debtor does not intend to shorten the period for parties to vote on or object to the proposed plan. Given the nature of the relief requested, the Debtor submits that the notice procedures described herein are sufficient to provide all parties in interest with an opportunity to review and, if necessary, respond or object to the Disclosure Statement.

17. Accordingly, under the circumstances, the Debtor submits that shortening the time for notice on the Disclosure Statement and the Procedures Motion in accordance with the foregoing will not prejudice the rights of any party in interest.

**Compliance with Local Rule 9006-1(e)**

18. Before filing this Motion to Shorten, counsel to the Debtor notified the U.S. Trustee and the Committee. As of the time of filing of this Motion to Shorten, the U.S. Trustee has not yet indicated whether it consents to the relief requested herein. The Committee consents to the relief requested herein.

**Notice**

19. Notice of this Motion to Shorten will be provided to the following parties, or their counsel if known: (a) the U.S. Trustee; (b) Axios, as the Debtor's prepetition and postpetition lender; (c) the Committee; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the U.S. Securities and Exchange Commission; (g) the attorneys general in the states where the Debtor conducts its business operations; and (h) any party entitled to notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

20. No prior request for the relief requested herein has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: November 1, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
tcairns@pszjlaw.com

-and-

**DENTONS US LLP**
Tania M. Moyron (admitted *pro hac vice*)
Samuel R. Maizel (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
samuel.maizel@dentons.com

John D. Beck (admitted *pro hac vice*)
Geoffrey Miller (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
geoffrey.miller@dentons.com

*Counsel to the Debtor and Debtor in Possession*