Paul R. Tuft
Mailing address: 4400 N. Scottsdale Rd. #9347
City, State, ZIP: Scottsdale, AZ 85251
Telephone: 480·980·4323
Email: ptuft@tufthci.com

-5 A 10:47

Date: 11 [redacted]04/2026
Via Overnight Delivery

Clerk of Court
United States Bankruptcy Court for the District of Delaware
Attn: Judge Horan / Case No. 26-11060 (TMH)
824 North Market Street, 3rd Floor
Wilmington, DE 19801

Re: In re Pacifica of the Valley Corp.
Chapter 11 — Case No. 26-11060 (TMH)
Submission of Paul R. Tuft's Limited Objection Regarding Docket 276

Dear Clerk of Court:

Please accept for filing in the above-captioned case the enclosed document entitled "Paul R. Tuft's Limited Objection to Conditional Approval of the Disclosure Statement Contained in Docket 276 and Request for Clarification and Preservation of Rights."

I am submitting this objection on my own behalf, without an attorney. Please docket the enclosed objection in Case No. 26-11060 (TMH).

If a duplicate copy and a self-addressed, postage-paid return envelope are enclosed, please return a file-stamped copy to me. If there is a filing deficiency, please notify me using the contact information above.

Thank you for your assistance.

Respectfully,

Paul R. Tuft

Paul R. Tuft
Appearing on his own behalf

Enclosure: Signed limited objection regarding Docket 276.

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

In re: Pacifica of the Valley Corp., Debtor.

Chapter 11
Case No. 26-11060 (TMH)

## PAUL R. TUFT'S LIMITED OBJECTION TO CONDITIONAL APPROVAL OF THE DISCLOSURE STATEMENT CONTAINED IN DOCKET 276 AND REQUEST FOR CLARIFICATION AND PRESERVATION OF RIGHTS

Paul R. Tuft, appearing on his own behalf, submits this limited objection concerning the Combined Disclosure Statement and Chapter 11 Plan of Liquidation filed October 30, 2026 at Docket 276 (the "Combined Document").

**1. Capacity and scope.** Mr. Tuft submits this objection in his individual capacity as a shareholder and a person identified as a potential litigation target in the Combined Document. He does not purport to represent the Debtor. This objection concerns the adequacy and clarity of disclosures and related procedural protections. It does not ask the Court to determine anyone's liability at the disclosure-statement stage.

**2. Express identification of Mr. Tuft.** Section 17.5(b)(i) preserves potential breach-of-fiduciary-duty claims and avoidance actions against Paul R. Tuft and other parties not expressly protected under the Plan. It should distinguish potential claims from established liabilities. Mr. Tuft requests express clarification that disclosure-statement approval does not establish any allegation against him or eliminate his applicable defenses, objections, or rights to contest evidence and liability in the appropriate proceeding.

**3. General background.** In Section 4.1, the first sentence states that the Debtor is a "231-bed acute care hospital." The next sentence states that the Debtor "also operates" a "98-bed separately licensed Skilled Nursing Unit." Mr. Tuft believes that the 98 Skilled Nursing Unit beds are part of, not in addition to, the 231 beds.

**4. Colorado litigation and alleged guaranty.** Section 4.1 describes an agreement to remand the Colorado litigation to proceed solely against Mr. Tuft and describes recovery under an applicable guaranty. Mr. Tuft requests identification of the relevant agreement and court orders, and an explanation of what has already been authorized and what remains proposed. Mr. Tuft

requests that approval of the disclosure statement not itself adjudicate the existence, enforceability, or amount of his alleged personal liability.

**5. Investigation of other persons and potential estate recoveries.** Sections 11.3 and 17.5 preserve categories of potential claims involving management, transfers, taxes, PGMC, and directors' and officers' insurance. The disclosures should clarify that naming Mr. Tuft does not constitute a finding that he alone controlled those functions or that unnamed persons have been exonerated. This request seeks a balanced explanation of potential estate assets and liabilities, not a finding of wrongdoing against any particular person.

**6. Tax settlements and protection of officers and directors.** Section 10.4 proposes treatment addressing liability of current officers or directors relating to specified tax claims. He does not concede that any proposed provision binds a taxing authority or determines his personal tax liability.

**7. Records preservation.** Section 10.11 permits abandonment or destruction of certain records after the Effective Date, subject to its stated conditions, and provides specified notice rights to insurers. Because the Plan also preserves litigation, Mr. Tuft requests clarification and appropriate protection for records relevant to existing or reasonably anticipated disputes. Mr. Tuft requests that relevant records remain preserved while such disputes are pending or reasonably anticipated, and that he receive reasonable notice and an opportunity to seek appropriate relief before their destruction. This request does not assume an unrestricted right to confidential records or waive other parties' legitimate objections to production.

**8. PGMC settlement disclosures.** Section 10.3 describes negotiations concerning PGMC and asserted ownership interests. He requests appropriate notice and an opportunity to object to any proposal affecting his individual interests before approval. This objection does not concede the Debtor's ownership of any disputed PGMC interest.

**9. Later supplements and releases.** Section 11.3 contemplates a further list of causes of action in the Plan Supplement. Mr. Tuft requests a meaningful opportunity to review and respond to that list and any material changes to settlements, releases, or litigation provisions. He does not consent through this objection to a third-party release. He requests that any approval order distinguish approval of disclosure from adjudication of the merits of retained claims or approval of disputed substantive relief.

## REQUESTED RELIEF

Mr. Tuft respectfully requests that the Court:

(a) require supplemental or corrected disclosures addressing the material issues described above before authorizing solicitation, or impose appropriate conditions and a reasonable opportunity to respond to supplemental disclosures;

(b) clarify that disclosure-statement approval alone makes no finding of individual wrongdoing or liability and does not resolve Mr. Tuft's applicable defenses in separate proceedings;

(c) permit Mr. Tuft to supplement his objections within deadlines established by the Court after relevant supplements or material changes are provided; and

(d) grant such further relief as the Court finds appropriate.

Mr. Tuft reserves his rights to the extent permitted by applicable law and Court orders. He recognizes that this reservation does not extend a deadline, substitute for a required filing, or modify an existing order.

Dated: 11/4/26

Signature: Paul R Tuft

Paul R. Tuft, appearing on his own behalf

Address: 4400 N. Scottsdale Road #9347
Scottsdale, Arizona 85251

Telephone: 480·980·4323

Email: ptuft@tufthci.com