**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:

PACIFICA OF THE VALLEY CORP.,[1]

Debtor.

Chapter 11

Case No. 26-11060 (TMH)

Re: Docket Nos. 276, 278, 280

Objection Deadline: November 6, 2026 at 4:00 p.m. (ET)
Hearing Date: November 10, 2026 at 3:00 p.m. (ET)

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SEIU LOCAL 121RN TO (I) CONDITIONAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION OF PACIFICA OF THE VALLEY CORPORATION AND (II) THE DEBTOR'S PROCEDURES MOTION**

SEIU Local 121RN ("SEIU 121RN" or the "Union"), the collective-bargaining representative of registered nurses employed by Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (the "Debtor"), submits this limited objection and reservation of rights (the "Objection")[2] to conditional approval of the Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Pacifica of the Valley Corporation [Docket No. 276] (the "Combined DS and Plan"), and to the Debtor's Motion for Entry of an Order (I) Conditionally Approving the Disclosure Statement, (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Confirmation of the Plan, (III) Establishing Plan and Disclosure Statement Objection and Reply Deadlines and Related Procedures, (IV) Approving the Solicitation and Voting Procedures, (V) Approving the Form and Manner of the Confirmation Hearing Notice and Finding Notice Sufficient, (VI)

Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases, and (VII) Granting Related Relief [Docket No. 278] (the "Procedures Motion"). In support, the Union states:

## PRELIMINARY STATEMENT

1. The Union does not seek to delay the conditional-approval hearing or the proposed solicitation timeline. It objects on one narrow ground: the Combined DS and Plan acknowledges that the Debtor's represented employees work under collective bargaining agreements, but says nothing about how those agreements will be treated, while its general executory-contract provision would deem every unassumed prepetition contract rejected on the Effective Date.

2. A disclosure statement that is silent on the treatment of the CBA covering the Debtor's registered nurses—in a transaction whose stated purpose is to preserve approximately 697 jobs—does not provide adequate information. And no plan provision may effect the rejection or alteration of a collective bargaining agreement outside section 1113. The Union asks that conditional approval be granted only with (a) supplemental disclosure of the CBA's proposed treatment and (b) the carve-out language set forth in Exhibit A.

## BACKGROUND

3. On October 30, 2026, the Debtor filed the Combined DS and Plan. [Docket No. 276.] On November 1, 2026, the Debtor filed the Procedures Motion [Docket No. 278]. On November 2, 2026, the Court entered an order shortening notice, setting the hearing on conditional approval and the Procedures Motion for November 10, 2026 at 3:00 p.m. (prevailing Eastern Time) and requiring objections to be filed and served by November 6, 2026 at 4:00 p.m. (prevailing Eastern Time). [Docket No. 280 ¶¶ 2–3.]

4. SEIU 121RN is party to a collective bargaining agreement with the Debtor covering the Debtor's registered nurses, together with any extension, successor agreement, and terms and conditions continuing by operation of law (the "CBA").

5. The Combined DS and Plan provides for a sale of substantially all of the Debtor's assets, other than the Excluded Assets, to Axios through its designee (the "Axios Sale"), which it states will "preserve approximately 697 jobs." Combined

DS and Plan at 4; id. § 5.3, at 28. The Debtor has not yet filed the motion to approve the Axios Sale; the Combined DS and Plan states that it will do so "[s]hortly after filing this Combined DS and Plan," and that the motion will seek approval of "certain procedures governing the assumption and rejection of executory contracts." Id. § 5.3, at 28.

6. The Combined DS and Plan states that approximately 538 of the Debtor's employees are represented by SEIU 121 RN and SEIU-UHW and that their employment terms are reflected in collective bargaining agreements. Id. § 5.8, at 30. It contains no other disclosure regarding the CBAs.

7. Section 14.1 provides that, except for contracts previously assumed or rejected, contracts subject to a pending motion, contracts scheduled for assumption in the Plan Supplement, and Insurance Policies, each prepetition executory contract "shall be deemed rejected pursuant to § 365" on the Effective Date, and that the Confirmation Order "shall constitute an order of the Bankruptcy Court approving such rejections pursuant to § 365, as of the Effective Date." Id. § 14.1, at 55. The CBA is not identified for assumption, assignment, rejection, or exclusion.

8. The Debtor describes the Lease Principle Agreement with Reliq and Axios as "a nonbinding agreement in principle." Id. § 1, at 14. The Plan Supplement is to be filed by December 3, 2026, at 4:00 p.m.; objections to final approval and confirmation are due December 10, 2026, at 4:00 p.m.; and the Confirmation Hearing is set for December 17, 2026, at 1:00 p.m. (prevailing Eastern Time). Id. § 3.2, at 24–25; § 6.1, at 30; § 6.2, at 30–31.

## OBJECTION

### A. The Union Is a Party in Interest Entitled to Be Heard.

9. A party in interest "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). A labor union representing the debtor's employees also has the right to be heard on the economic soundness of a plan affecting the employees' interests. Fed. R. Bankr. P. 2018(d). The Union represents employees whose continued employment is the stated object of the Axios Sale and is party to a contract the Combined DS and Plan may deem rejected. It is a party in interest.

**B. The Combined DS and Plan Lacks Adequate Information Regarding the CBA.**

10. A disclosure statement must contain "adequate information," meaning information "of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1); see id. § 1125(b). As the Debtor itself acknowledges, section 1125 "seeks to guarantee a minimum amount of information to the creditor asked for its vote." Procedures Motion ¶ 14 (quoting Century Glove, Inc. v. First Am. Bank of N.Y., 860 F.2d 94, 100 (3d Cir. 1988)); see also Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 321 (3d Cir. 2003).

11. The Combined DS and Plan does not disclose whether the CBA will be assumed, assigned to Axios or its designee, rejected, left with the Post-Effective Date Debtor, or affected by the APA, the Interim Management Services Agreement, the Plan Supplement, or the Executory Contract Procedures proposed in the Procedures Motion. Because the Axios Sale is premised on preserving the Debtor's workforce, and because Section 14.1 would otherwise sweep in every unassumed prepetition contract, the CBA's treatment is material information that creditors—including represented employees holding wage and benefit claims—need to evaluate the Combined DS and Plan.

12. Before solicitation, Sections 5.8 and 14.1 should be supplemented to state the Debtor's proposed treatment of the CBA, or, alternatively, the Conditional Approval and Procedures Order should include the language in Exhibit A.

**C. The Combined DS and Plan Cannot Reject or Alter the CBA Through Section 14.1.**

13. A debtor in possession "may assume or reject a collective bargaining agreement only in accordance with the provisions of" section 1113. 11 U.S.C. § 1113(a). Before seeking rejection, the debtor must make a proposal to the employees' authorized representative, provide the information necessary to evaluate it, and meet at reasonable times to confer in good faith. Id. § 1113(b)(1)–(2). The Court may approve rejection only upon the findings set out in section

1113(c)(1)–(3), and "[n]o provision of this title shall be construed to permit a trustee to unilaterally terminate or alter any provisions of a collective bargaining agreement prior to compliance with the provisions of this section." Id. § 1113(f). Section 1113 replaced the more lenient standard of NLRB v. Bildisco & Bildisco, 465 U.S. 513 (1984), with heightened protections for collective bargaining agreements. See Wheeling-Pittsburgh Steel Corp. v. United Steelworkers of Am., 791 F.2d 1074, 1081–84 (3d Cir. 1986).

14. The Third Circuit has held that section 1113 governs even the continuing terms of an expired collective bargaining agreement, and that such terms may be rejected only by satisfying section 1113. In re Trump Entm't Resorts, 810 F.3d 161, 173–74 (3d Cir. 2016). The Union recognizes that Trump Entertainment permits rejection in appropriate circumstances; the point here is that, whatever the CBA's status, section 1113—not Section 14.1's generic deemed rejection under section 365—is the only path.

15. The ambiguity is easily cured by the carve-out in Exhibit A, which does not decide the CBA's ultimate treatment and leaves the Debtor free to proceed by proper motion. Clarity now also avoids later disputes, because a confirmed plan binds "any creditor . . . whether or not such creditor . . . has accepted the plan." 11 U.S.C. § 1141(a). The Union files this Objection so that it cannot be said to have acquiesced in any rejection, modification, assignment, or impairment of the CBA.

## RESERVATION OF RIGHTS

16. The Plan Supplement, the sale motion, the APA, the IMA, any assumption or rejection schedule, and the proposed Confirmation Order have not been filed. The Union reserves all rights to supplement this Objection, to object to final approval and confirmation by the December 10, 2026 deadline, to object to the sale motion and any sale order (including any provision concerning successor obligations or the transfer of operations), to oppose any motion under section 1113, and to assert all rights, claims, and remedies under the CBA and applicable labor law.

## CONCLUSION

The Union respectfully requests that the Court condition any conditional approval of the Combined DS and Plan on (a) supplemental disclosure in Sections 5.8 and 14.1 of the proposed treatment of the CBA, and (b) inclusion of the language in Exhibit A in the Conditional Approval and Procedures Order and any subsequent Confirmation Order, and grant such other relief as is just.

Dated: November 6, 2026

THE MYERS LAW GROUP, APC
David P. Myers (pro hac vice [pending/admitted])
Ann Hendrix (pro hac vice [pending/admitted])
Rudy Balderama (pro hac vice [pending/admitted])
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91739
Telephone: 909-919-2027
Email: dmyers@myerslawgroup.com; rbalderama@myerslawgroup.com

Counsel for SEIU Local 121RN

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley [7312]. The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] The Union files this Objection within the deadline set by the Court's order shortening notice, entered November 2, 2026, which required objections to be filed and served by November 6, 2026 at 4:00 p.m. (prevailing Eastern Time). [Docket No. 280 ¶ 3.] To the extent the Debtor or any other party contends that this Objection, or any part of it, is untimely or was not properly served, the Union expressly reserves its right to move under Fed. R. Bankr. P. 9006(b)(1) for an enlargement of time on the ground that any failure to act within the shortened period was the result of excusable neglect, and to have this Objection considered on that basis. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (excusable neglect is an equitable determination that

considers the danger of prejudice, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith). Counsel for the Union are members of the State Bar of California and are not presently admitted to practice before this Court. To the extent this Objection has been filed or served by counsel not yet admitted in this Court, or without the association of Delaware counsel, counsel for the Union shall promptly, and in any event before the hearing on November 10, 2026 at 3:00 p.m. (prevailing Eastern Time), (a) associate with a member of the bar of this Court who will appear as Delaware counsel for the Union, and/or (b) submit motions for admission pro hac vice under Del. Bankr. L.R. 9010-1. The Union respectfully requests that the Court consider this Objection on its merits in the meantime. Any defect in counsel's admission is a curable formality that causes no prejudice to the Debtor or any other party, and it supports

# EXHIBIT A

## Proposed Language for Conditional Approval and Procedures Order and Confirmation Order

Notwithstanding anything to the contrary in the Combined DS and Plan, the Plan Supplement, this Order, the Confirmation Order, any order approving the Axios Sale, the APA, the IMA, or any schedule or notice of executory contracts, nothing therein shall (a) assume, assign, reject, modify, or terminate any collective bargaining agreement between the Debtor and SEIU Local 121RN, including any terms continuing by operation of law, or (b) release, waive, or adjudicate any right, claim, or remedy of SEIU Local 121RN or the employees it represents arising thereunder, except upon a separate motion served on SEIU Local 121RN and in compliance with 11 U.S.C. § 1113. Section 14.1 of the Combined DS and Plan shall not apply to any such collective bargaining agreement. All rights of SEIU Local 121RN and the employees it represents are expressly reserved.

## CERTIFICATE OF SERVICE

I certify that on November 6, 2026, I caused a true and correct copy of the foregoing to be served through the Court's CM/ECF system on all parties registered to receive electronic notice in this case, and by electronic mail on: (i) the Debtor, c/o Berkeley Research Group, LLC, Attn: Peter Chadwick (pchadwick@thinkbrg.com); (ii) Dentons US LLP, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Samuel Maizel (samuel.maizel@dentons.com); (iii) Pachulski Stang Ziehl & Jones LLP, Attn: Laura Davis Jones (ljones@pszjlaw.com) and Timothy Cairns (tcairns@pszjlaw.com); (iv) the Office of the United States Trustee, Attn: Hannah J. McCollum (hannah.mccollum@usdoj.gov); (v) counsel to the Committee, Sills Cummis & Gross P.C., Attn: Andrew H. Sherman (asherman@sillscummis.com) and Boris I. Mankovetskiy (bmankovetskiy@sillscummis.com), and Ice Miller LLP, Attn: Christopher M. Samis (christopher.samis@icemiller.com) and Aaron H. Stulman (aaron.stulman@icemiller.com); and (vi) counsel to Axios, Raines Feldman Littrell LLP, Attn: Thomas J. Francella, Jr. (tfrancella@raineslaw.com) and Matthew P. Milana (mmilana@raineslaw.com).

/s/ Ann Hendrix
Ann Hendrix

Attorney at Law