**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PACIFICA OF THE VALLEY CORPORATION,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-11060 (TMH)<br><br>**Ref. Docket Nos. 276 & 278** |

**RELIQ PACIFICA LLC'S AND BEVERLY GEMINI INVESTMENTS, LLC'S RESERVATION OF RIGHTS TO CONDITIONAL APPROVAL OF COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION OF PACIFICA OF THE VALLEY CORPORATION**

Reliq Pacifica LLC and Beverly Gemini Investments, LLC (collectively, "Reliq"), the landlord of Pacifica of the Valley Corporation, d/b/a Pacifica Hospital of the Valley ("Pacifica" or the "Debtor"), hereby file this reservation of rights (this "Reservation") to the *Debtor's Motion for Entry of an Order (I) Conditionally Approving the Disclosure Statement, (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Confirmation of the Plan, (III) Establishing Plan and Disclosure Statement Objection and Reply Deadlines and Related Procedures, (IV) Approving the Solicitation and Voting Procedures, (V) Approving the Form and Manner of the Confirmation Hearing Notice and Finding Notice Sufficient, (VI) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases, and (VII) Granting Related Relief* [D.I 278] and conditional approval of the Disclosure Statement filed as part of the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Pacifica of the Valley Corporation* [D.I. 276] (the "Combined DS and Plan").[2]

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is Pacifica of the Valley Corporation (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Combined DS and Plan.

**RESERVATION OF RIGHTS**

1. Reliq agreed with counsel for the Debtor that Reliq would not file an objection to conditional approval of the Disclosure Statement on two conditions. The first condition was that the Debtor would make certain modifications to the Combined DS and Plan, and Reliq believes that it has an understanding with the Debtor that substantially all of those modifications will be made to the Combined DS and Plan. In the event that those modifications are not fully incorporated in the Combined DS and Plan, Reliq reserves all rights to state its objections at the hearing on conditional approval of the Disclosure Statement.

2. The second condition was a commitment by Axios to negotiate the New Lease Agreement in good faith given that Reliq sent a proposed New Lease Agreement to Axios, consistent with the Lease Principle Agreement, more than a month ago on October 5, 2026, but has not yet received comments from Axios. The New Lease Agreement is essential for continued operation of the Hospital and occurrence of the Effective Date of the Plan.

3. If there is no New Lease Agreement, the Debtor can assume and assign the existing Master Lease to Axios (or its Designee) in accordance with Bankruptcy Code §§ 365(b) and 365(f), which will require prompt payment to Reliq of more than $14 million to cure monetary defaults under the Master Lease. The Debtor is unable to pay this amount, and Axios is likely to be unwilling to do so. Alternatively, the Master Lease will be rejected. The extended deadline for assumption or rejection of the Master Lease will expire on January 30, 2027 (*see* Combined DS and Plan Bankruptcy Code § 5.10 at 30), and Reliq will not consent to an extension of the deadline. The Master Lease will be deemed rejected pursuant to Bankruptcy Code § 365(d)(4), the Debtor will be required to surrender the premises to Reliq, and Reliq will have the right to evict the Debtor and Axios (or its Designee) as manager under the IMA. Even if the Debtor and Axios (or its Designee) were to obtain an order of this Court enjoining eviction, the Master Lease would still be

rejected, and the Debtor would be a tenant at sufferance. The Master Lease requires that as a tenant at sufferance, the Debtor would be required to pay holdover rent in an amount equal to one hundred fifty percent (150%) of the current rent. The Debtor, in its restricted financial circumstances, could not pay this increased rent, and Axios would likely be unwilling to do so. Moreover, the Hospital will lose its hospital and pharmacy licenses without a lease, and the hospital and pharmacy licenses will not be transferable to Axios (or its Designee), unless there is a lease, and the Hospital would be forced to close.

4. Pursuant to the Lease Principle Agreement, Reliq has agreed, among other things, to (i) an amended and restated bonded, triple net lease agreement between Reliq as landlord and Axios as tenant, substantially on the terms of the existing Master Lease, (ii) a deferred cure payment (or lease fee) of only $1.2 million (reduced from $13.8 million) payable by Axios, (iii) an initial reduction of basic rent for Axios to $450,000 per month, with total rent reductions of more than $6 million over four years, (iii) an extended initial lease term of 20 years, with two 10-year extension options, (iv) a new security deposit by Axios, (v) security interests and guaranties in favor of Reliq, (vi) waiver of $13.8 million in claims against the Debtor for unpaid pre-petition obligations under the Master Lease, (vii) payment by Pacifica of all pre-closing post-petition obligations under the Master Lease, and (viii) mutual releases of all known and unknown claims between Pacifica and Reliq and their principals. **In total, Reliq has agreed to over $18.5 million in concessions in order to support continued operation of the Hospital.**

5. In view of Axios's delay in negotiating a New Lease Agreement consistent with the Lease Principle Agreement, Reliq requested, as a condition to withholding its objection to conditional approval of the Disclosure Statement, that Axios confirm in writing that it (1) will honor the Lease Principle Agreement and intends to negotiate the New Lease Agreement in good faith, and (2) commits to (a) a date certain by which it will provide comments to the proposed New

Lease Agreement that Reliq sent to Axios on October 5, 2026, and (b) a date certain to discuss its comments with Reliq.

6. As of filing this Reservation, Axios has not provided such commitment or responded to Reliq's request. However, Reliq remains optimistic that it can timely achieve a mutually acceptable New Lease Agreement with Axios. Accordingly, and notwithstanding no commitment on Reliq's second condition, Reliq files this Reservation in lieu of filing a formal objection to conditional approval of the Disclosure Statement.

7. Reliq reserves all of its rights and objections with respect to confirmation of the Plan (as may be amended or modified from time to time) on any and all grounds. Reliq further reserves all of its rights, objections and arguments with respect to the Axios Sale on any and all grounds, including but not limited to, any proposed assumption and assignment of the Master Lease in connection with the Axios Sale and/or entry into the New Lease Agreement.

Dated: November 8, 2026
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Matthew R. Pierce (No. 5946)
Soumya P. Venkateswaran (No. 7278)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Email: pierce@lrclaw.com
venkateswaran@lrclaw.com

-and-

**BUCHALTER LLP**
Mary H. Rose (admitted *pro hac vice*)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017
Telephone: (213) 891-0700
Email: mrose@buchalter.com

*Counsel to Reliq Pacifica LLC and Beverly Gemini Investments, LLC*