**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**DEBTOR'S OMNIBUS REPLY IN FURTHER SUPPORT OF CONDITIONAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION OF PACIFICA OF THE VALLEY CORPORATION AND CONDITIONAL APPROVAL MOTION**

Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11[2] case (the "Chapter 11 Case"), hereby files this omnibus reply (the "Reply") to two limited objections to the *Combined Disclosure Statement and Plan of Liquidation of Pacifica of the Valley Corporation* [Docket No. 276] (the "Combined DS and Plan," the disclosure statement portion thereof, the "Disclosure Statement," and the chapter 11 plan portion thereof, the "Plan"), and in further support of the *Debtor's Motion for Entry of an Order (I) Conditionally Approving the Disclosure Statement, (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Confirmation of the Plan, (III) Establishing Plan and Disclosure Statement Objection and Reply Deadlines and Related Procedures, (IV) Approving the Solicitation and Voting Procedures, (V) Approving the Form and Manner of the Confirmation Hearing Notice and Finding Notice Sufficient, (VI)*

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. All references to the Local Rules are to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

*Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases, and (VII) Granting Related Relief* [Docket No. 278] (the "Conditional Approval Motion"). In further support of the Conditional Approval Motion, the Debtor respectfully states as follows:

**I.**

**PRELIMINARY STATEMENT**

1. The Debtor filed the Combined DS and Plan on an expedited basis after reaching a global resolution with its key stakeholders that paved the way for the sale of substantiality all of the Debtor's assets (the "Sale") and the Plan. Simultaneously with the Plan process, the Debtor has continued to operate its hospital and other facilities in the ordinary course of business and has made significant progress on working with Axios Capital Solutions, LLC (or its designee) on the Sale and negotiating related documents to be filed with the Court.

2. Paul Tuft and SEIU Local 121 RN were the only two parties that filed objections to the Disclosure Statement. The Debtor has added additional language to the Combined DS and Plan to address the foregoing limited objections. The updated Combined DS and Plan is attached hereto as **Exhibit A**, as well as a redline reflecting changes to the filed version of the Combined DS and Plan attached as **Exhibit B**. The Debtor intends to confirm with Mr. Tuft and SEIU Local 121 RN whether the additional language in the Disclosure Statement addresses their concerns, and, if so, it may obviate a need for the hearing on the conditional approval of the DS unless the Court desires a hearing.

3. The Debtor also received informal comments from Reliq and LA Care (each as defined below), which also have been addressed by language the Debtor added to the updated Combined DS and Plan.

4. Consequently, and as further set forth below, the Debtor believes that the handful of concerns have been addressed and that none of them bar conditional approval of the Combined DS and Plan. Accordingly, the Debtor respectfully requests that the Court grant the Conditional Approval Motion and conditionally approve the Combined DS and Plan.

## II.

## BACKGROUND

5. On July 4, 2026 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a voluntary petition for relief under chapter 11. The Debtor has continued in the possession of its property and continues to operate and manage its business as a debtor in possession pursuant to §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Chapter 11 Case.

6. On July 20, 2026, the United States Trustee appointed the Committee of Unsecured Creditors (the "Committee").

7. On October 30, 2026, the Debtor filed the Combined DS and Plan.

8. On November 1, 2026, the Debtor filed the Conditional Approval Motion by which, among other things, the Debtor seeks conditional approval of the Combined DS and Plan and approval of the Debtor's proposed Plan solicitation procedures.

9. On November 5, 2026, Paul R. Tuft ("Tuft"), the owner of the Debtor, filed a limited objection [Docket No. 286] (the "Tuft Limited Objection") to the Combined DS and Plan that requested that (i) the Debtor make certain additional disclosures, and (ii) the Court not authorize solicitation of the Plan without giving Tuft a chance to respond to such supplemental disclosures.

10. On November 6, 2026, SEIU Local 121 RN (the "Union") filed a limited objection [Docket No. 290] (the "Union Limited Objection") to the Conditional Approval Motion that asserted that, as initially filed, the Combined DS and Plan did not adequately describe the Plan's

proposed treatment for a collective bargaining agreement ("CBA") between the Debtor and the Debtor's registered nurses.

11. Reliq Pacifica LLC and Beverly Gemini Investments, LLC (together, "Reliq") filed a *Reservation of Rights to Conditional Approval of Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Pacifica of the Valley Corporation* [Docket No. 295], stating that it does not object to conditional approval of the Disclosure Statement, but reserving all rights with respect to confirmation of the Plan.

12. Since filing the Combined DS and Plan, the Debtor has also received informal comments from the Committee, Reliq and Local Initiative Health Authority for Los Angeles County ("LA Care").

13. The Debtor has added language in the Combined DS and Plan, attached hereto as **Exhibit A**, which it submits responds the parties' concerns. The Committee, LA Care, and Reliq do not have has outstanding objections to conditional approval of the Combined DS and Plan but the Debtor will continue to work with such parties, as necessary. The Debtor also intends to obtain confirmation from Mr. Tuft and the Union that their concerns have been addressed.

## III.

## ARGUMENT

### I. Formal Objections to the Conditional Approval Motion and Combined DS and Plan

a. The Tuft Limited Objection

14. The Tuft Limited Objection argues that, among other things, the Combined DS and Plan does not "establish any allegations against him" or "eliminate his applicable defenses, objection, or rights to contest evidence and liability in the appropriate proceeding" and requests

certain clarifications regarding tax settlements, retained causes of action, and other issues. Tuft Limited Objection, 2-3.

15. While the Combined DS and Plan never sought to limit Mr. Tuft's ability to defend himself, the Debtor has amended the Combined DS and Plan to make clear that the Combined DS and Plan does not purport to limit Tuft's ability to defend himself in potential future litigation that may be filed against him and to clarify certain other points raised in the Tuft Limited Objection. The Debtor therefore believes that the Tuft Limited Objection is moot and does not bar conditional approval of the Combined DS and Plan.

b. The Union Limited Objection

16. In its Limited Objection, the Union indicates it "does not seek to delay the conditional-approval hearing or the proposed solicitation timeline" and argues that the Disclosure Statement does not account for the treatment of the Debtor's CBA with the Union. Union Limited Objection, 2. It further argues that the Disclosure Statement therefore lacks adequate information, as required under § 1125, regarding the CBA and that conditional approval should be conditioned on the Debtor including a supplemental disclosure on the CBA's proposed treatment. *Id.*

17. The buyer has confirmed that the CBA with the Union will be assumed and assigned in connection with the Sale, and the Debtor has added additional language disclosing the foregoing in the Combined DS and Plan. Thus, the Debtor submits that the Union Limited Objection is now moot and does not bar conditional approval of the Combined DS and Plan.

## II. Informal Objections to the Conditional Approval Motion and Combined DS and Plan

18. As stated *supra*, the Debtor also received informal comments from the Committee, LA Care and Reliq regarding the Combined DS and Plan. The Debtor has incorporated those comments into the Combined DS and Plan attached hereto as **Exhibit A** and understands that

neither the Committee, LA Care, nor Reliq has outstanding objections to conditional approval of the Combined DS and Plan but will continue to work with such parties, as necessary.

[*Remainder of page left intentionally blank*]

**IV.**

**CONCLUSION**

19. The Debtor respectfully requests that the Court enter an order, substantially in the form attached to the Conditional Approval Motion, conditionally approving the Combined DS and Plan, establishing deadlines relating to the Combined DS and Plan, and approving the Debtor's proposed solicitation procedures, all as set forth more fully in the Conditional Approval Motion.

Dated: November 9, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com

-and-

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Samuel R. Maizel (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
samuel.maizel@dentons.com

John D. Beck (admitted *pro hac vice*)
Geoffrey Miller (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
geoffrey.miller@dentons.com

*Counsel to Debtor and Debtor in Possession*