**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH)<br><br>**Ref. Docket No. 278** |

**ORDER (I) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT, (II) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN, (III) ESTABLISHING PLAN AND DISCLOSURE STATEMENT OBJECTION AND REPLY DEADLINES AND RELATED PROCEDURES, (IV) APPROVING THE SOLICITATION AND VOTING PROCEDURES, (V) APPROVING THE FORM AND MANNER OF THE CONFIRMATION HEARING NOTICE AND FINDING NOTICE SUFFICIENT, (VI) APPROVING NOTICE AND OBJECTION PROCEDURES FOR THE ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (VII) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtor for entry of an order (this "Order"), pursuant to §§ 105, 1107, 1108, 1125, 1126, 1128, and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and 9006, and Local Rules 2002-1, 3017-1, 3017-2, 9006-1, and 9013-1(m), (i) conditionally approving the Disclosure Statement, (ii) scheduling a combined hearing on final approval of the Disclosure Statement and confirmation of the Plan, (iii) establishing plan and disclosure statement objection and reply deadlines and related procedures, (iv) approving the Solicitation and Voting Procedures, (v) approving the form and manner of the Confirmation Hearing Notice and finding notice sufficient, (vi) approving notice and objection procedures for the assumption of executory contracts and unexpired leases, and

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Plan, as applicable.

(vii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and venue of this proceeding and the Motion in this District being proper under 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding under 28 U.S.C. § 157(b); and due and proper notice of the Motion having been given to the parties listed therein; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"); and having determined that the legal and factual bases set forth in the Motion, the First Day Declaration, and the Turnbull Declaration establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors, and all other parties in interest in this Chapter 11 Case; and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is hereby granted as set forth herein.

2. The Disclosure Statement is conditionally approved pursuant to § 1125 of the Bankruptcy Code and Local Rule 3017-2 as containing adequate information for purposes of soliciting votes to accept or reject the Plan, subject to final approval at the Confirmation Hearing.

3. The Confirmation Hearing, at which time this Court will consider, among other things, final approval of the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held on **December 17, 2026 at 1:00 p.m. (*prevailing* Eastern Time)**. The Confirmation Hearing may be continued from time to time by this Court or the Debtor without further notice

other than adjournments announced in open court or in the filing of a notice or hearing agenda in this Chapter 11 Case, and notice of such adjourned date(s) will be available on the electronic case filing docket.

4. Any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan must be filed and served as set forth in paragraph 5 of this Order so as to be actually received by **4:00 p.m. (*prevailing* Eastern Time) on December 10, 2026** (the "Objection Deadline").

5. Any responses or objections to (i) the adequacy of the Disclosure Statement, (ii) confirmation of the Plan, or (iii) the assumption of Executory Contracts and Unexpired Leases, must:

a. be in writing;

b. comply with the Bankruptcy Rules and the Local Rules;

c. state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity;

d. state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Disclosure Statement or Plan, as applicable, that would resolve such objections; and

e. be filed with the Court with proof of service thereof and served on the following parties (the "Notice Parties") so as to be actually received by the Objection Deadline: (a) the Debtor, c/o Berkeley Research Group, LLC, 1800 M Street NW, Second Floor, Washington, DC 20036 (*Attn*: Peter Chadwick, pchadwick@thinkbrg.com); (b) counsel for the Debtor, (i) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Samuel R. Maizel, samuel.maizel@dentons.com), (ii) Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020-1089 (Attn: John D. Beck, john.beck@dentons.com, and Geoffrey Miller, geoffrey.miller@dentons.com), and (iii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899 (Attn: Laura Davis Jones, ljones@pszjlaw.com, and Timothy Cairns, tcairns@pszjlaw.com); (c) counsel for the Committee, Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, NJ 07102 (Attn: Andrew H. Sherman, asherman@sillscummis.com, and Boris I. Mankovetskiy, bmankovetskiy@sillscummis.com); (d) counsel for Axios, Raines Feldman Littrell

LLP, (i) 824 North Market Street, Suite 805, Wilmington, DE 19801 (Attn: Thomas J. Francella, Jr., tfrancella@raineslaw.com, and Matthew P. Milana, mmilana@raineslaw.com), (ii) 4675 MacArthur Ct., Suite 1550, Newport Beach, CA 92660 (Attn: Hamid R. Rafatjoo, hrafatjoo@raineslaw.com), and (iii) 1350 Avenue of the Americas, 22nd Floor, New York, NY 10019 (Attn: Carollynn H.G. Callari, ccallari@raineslaw.com); (e) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Hannah J. McCollum, hannah.mccollum@usdoj.gov); and (f) any other party entitled to notice under Bankruptcy Rule 2002.

6. The Debtor and any other party supporting the Plan may file a combined brief in support of confirmation of the Plan and final approval of the Disclosure Statement, and replies to any objections to confirmation of the Plan or the adequacy of the Disclosure Statement, by **4:00 p.m. (*prevailing* Eastern Time) on December 14, 2026**. To the extent applicable, Local Rule 9006-1 is hereby waived in its entirety.

7. Any objections not timely filed and served in the manner set forth in this Order may, in the Court's discretion, not be considered and may be overruled.

8. The Proposed Confirmation Schedule, as set forth below relating to confirmation of the Plan and final approval of the Disclosure Statement, is hereby approved in its entirety, and the Court hereby finds that the following schedule of events is consistent with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

| Event | Proposed Date | |
|---|---|---|
| Disclosure Statement Conditional Approval Objection Deadline | November 6, 2026 at 4:00 p.m. | The date by which objections to conditional approval of the disclosure statement be filed with the Court and served so as to be **actually received** by the appropriate notice parties. |
| Disclosure Statement Reply Deadline | November 9, 2026 at 12:00 p.m. | The deadline by which the Debtor and any other party in interest may file replies to any objections to conditional approval of the Disclosure Statement. |
| Voting Record Date | November 10, 2026 | The date for determining (i) which holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan, opt-in to the Third-Party Release, and receive Solicitation Packages in connection therewith, (ii) which holders of Claims and Interests in the Non- Voting Classes are entitled to opt-in to the Third-Party Release, and (iii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the respective Claim. |

| Event | Proposed Date | |
|---|---|---|
| Proposed Hearing Date for Conditional Approval of Disclosure Statement | November 10, 2026 at 3:00 p.m. | The hearing at which the Court will consider conditional approval of the Disclosure Statement for solicitation purposes and approval of the Solicitation and Voting Procedures. |
| Expected Entry of Conditional Approval and Procedures Order/Delivery to Claims Agent | November 11, 2026 | The date on which the Debtor expects the Court to enter the Conditional Approval and Procedures Order and on which the Debtor will deliver the approved solicitation materials to the Claims Agent for service. |
| Deadline to Serve Notice and Solicitation Package | Four business days following entry of Conditional Approval and Procedures Order | The deadline by which the Claims Agent will serve the Solicitation Packages on Holders of Claims in the Voting Classes, and the Confirmation Hearing Notice and Release Opt-In Election Form on Holders in the Non-Voting Classes and other parties in interest. |
| Publication Deadline | Four business days following entry of Conditional Approval and Procedures Order | The last date by which the Debtor will submit the Confirmation Hearing Notice in a format modified for publication. |
| Deadline to file Plan Supplement | December 3, 2026 at 4:00 p.m. | The date by which the Debtor shall file the Plan Supplement. |
| Deadline for Debtor or Creditors to File Rule 3018 Motions | December 3, 2026 at 4:00 p.m. | The deadline by which any creditor seeking temporary allowance of its Claim for voting purposes must file a motion pursuant to Bankruptcy Rule 3018(a). |
| Voting Deadline | December 10, 2026 at 4:00 p.m. | The deadline by which Ballots and Release Opt-In Election Forms must be properly completed, executed, and mailed or uploaded so that they are **actually received** by the Claims Agent. |
| Combined DS and Plan Objection Deadline | December 10, 2026 at 4:00 p.m. | The deadline by which objections to the DS and Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties. |
| Deadline to File Confirmation Brief and Other Evidence Supporting the Combined DS and Plan | December 14, 2026 at 4:00 p.m. | The deadline by which the Debtor shall file its brief in support of confirmation of the DS and Plan and any other evidence in support of the DS and Plan. |
| Deadline to File Voting Tabulation Affidavit | December 14, 2026 at 4:00 p.m. | The deadline by which the Claims Agent shall file its declaration certifying the tabulation of Ballots and Release Opt-In Election Forms. |
| Confirmation Hearing | December 17, 2026 at 1:00 p.m. | The date for the hearing at which the Court will consider confirmation and final approval of the DS and Plan. |

9. The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 3**, and service thereof comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved as sufficient and appropriate notice of the conditional approval of the Disclosure Statement, the Confirmation Hearing, and the Objection Deadline under the circumstances. The Debtor shall cause the Claims Agent to serve the Confirmation Hearing Notice

on all known Holders of Claims against or Interests in the Debtor no later than four (4) business days following entry of this Order, or as soon as reasonably practicable thereafter.

10. The Debtor is authorized to e-mail or mail the Confirmation Hearing Notice and a Release Opt-In Election Form to the Non-Voting Holders, in accordance with the terms of this Order, in lieu of sending such Non-Voting Holders a copy of the DS and Plan and, except to the extent necessary to comply with Local Rule 3017-1(c), the requirements under the Bankruptcy Rules or the Local Rules, including Bankruptcy Rule 3017(d), to transmit a copy of the DS and Plan to Non-Voting Holders are hereby waived with respect to such Non-Voting Holders; *provided*, *however*, that the Debtor will do so upon request from such parties.

11. The Debtor is authorized, but not directed, pursuant to Bankruptcy Rule 2002(l), to publish the Publication Notice, substantially in the form attached hereto as **Exhibit 4**, as soon as reasonably practicable following the entry of this Order in the Los Angeles Times and Wall Street Journal and electronically on the case website maintained by the Claims Agent at https://www.veritaglobal.net/pacificaofthevalley, and file the same on this Court's docket, which Publication Notice shall constitute good and sufficient notice of the Confirmation Hearing and the Objection Deadline (and related procedures) to persons who do not otherwise receive the Confirmation Hearing Notice by mail.

12. For avoidance of doubt, the Debtor shall also serve the Confirmation Hearing Notice on: (a) the U.S. Trustee, (b) the Office of the United States Attorney for the District of Delaware, (c) the Internal Revenue Service; (d) the United States Securities and Exchange Commission; (e) counsel to the Committee; (f) all state and local taxing authorities in the states in which the Debtor has tax liability; (g) all federal, state and local authorities that regulate any

portion of the Debtor's business; and (h) all counterparties to Executory Contracts and Unexpired Leases.

13. Service of the Confirmation Hearing Notice as set forth in the Motion and herein is sufficient notice of the conditional approval of the Disclosure Statement, the Confirmation Hearing, the Objection Deadline, and the procedures for objecting to the adequacy of the Disclosure Statement and confirmation of the Plan.

14. The Voting Record Date of November 10, 2026, and the Voting Deadline of December 10, 2026, at 4:00 p.m. (*prevailing* Eastern Time) with respect to Claims in Classes 1, 2, 3, 5, and 6, are approved. Ballots and Release Opt-In Election Forms must be actually received by the Claims Agent by the Voting Deadline to be counted.

15. The contents of the Solicitation Package, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties entitled to vote on the Plan. The Liquidation Analysis may be filed with the Plan Supplement.

16. The Debtor is authorized to make non-substantive modifications and ministerial changes to the DS and Plan, Confirmation Hearing Notice, Solicitation Packages, Ballots, Release Opt-In Election Form, Publication Notice, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption Notice, and related documents without further approval of the Court prior to the dissemination of such documents, including, without limitation, changes to correct typographical and grammatical errors, and to make conforming changes to any other materials included in the Solicitation Package prior to their dissemination.

17. The Solicitation and Voting Procedures set forth in the Motion, including for distributing the Solicitation Packages (including providing electronic access thereto) and soliciting acceptances and rejections of the Plan, as well as the Tabulation Procedures for tabulating votes

to accept or reject the Plan, satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and are approved.

18. The Ballots, substantially in the forms attached hereto as **Exhibits 1A** and **1B**, and the terms and conditions therein, are approved.

19. The Release Opt-In Election Form, substantially in the form attached hereto as **Exhibit 2**, and the terms and conditions therein, are approved.

20. The Tabulation Procedures are approved.

21. Pursuant to §§ 1125 and 1126 of the Bankruptcy Code, upon entry of this Order, the Debtor is authorized to solicit acceptances and rejections of the Plan from Holders of Claims in the Voting Classes in accordance with the Solicitation and Voting Procedures.

22. The Executory Contract Procedures are approved. Any objection by a counterparty to a proposed assumption, assumption and assignment, or related cure cost must be filed, served, and actually received by the Debtor within fourteen (14) days after service of the Assumption Notice on such counterparty, and any objections to cure costs may be scheduled for a separate hearing in the Debtor's discretion; *provided*, *however*, that this Court retains jurisdiction after the Effective Date to address any dispute between the Debtor and a counterparty to an Executory Contract or Unexpired Lease regarding amounts allegedly due as a result of the Debtor's pre-assumption default thereunder, regardless of whether that counterparty has filed an objection.

23. The Assumption Notice, substantially in the form attached hereto as **Exhibit 5**, is approved. The Debtor shall serve each non-Debtor party to an Executory Contract or Unexpired Lease that the Debtor proposes to assume or assume and assign with an Assumption Notice.

24. The Debtor is not required to mail a copy of the DS and Plan to Holders of Claims or Interests in the Non-Voting Classes but shall do so upon request from any such party or as provided in the Confirmation Hearing Notice.

25. The Debtor shall cause to be posted to the case website maintained by the Claims Agent various chapter 11 related documents, including the following: (a) the Plan; (b) the Disclosure Statement (with all exhibits); (c) the Motion and any orders entered in connection with the Motion; and (d) the Confirmation Hearing Notice.

26. The notice and objection procedures set forth in this Order and the Motion constitute good and sufficient notice of the conditional approval of the Disclosure Statement; the Confirmation Hearing; and the deadline and procedures for objection to the adequacy of the Disclosure Statement and confirmation of the Plan. No other or further notice shall be necessary.

27. Notwithstanding any provision in the Bankruptcy Rules to the contrary, including Bankruptcy Rule 6004(h), (a) the terms of this Order shall be immediately effective and enforceable upon its entry; (b) the Debtor is not subject to any stay in the implementation, enforcement, or realization of relief granted in this Order; and (c) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

28. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

29. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

30. Nothing in this Order shall be deemed to constitute (i) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, or (ii) a waiver of any rights, claims, or defenses of the Debtor or any other party in interest.

31. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: November 10th, 2026**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**