# **Exhibit 2**

## Opt-In Release Form

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**THIRD PARTY RELEASE OPT-IN FORM**

**THE PLAN PROVIDES FOR THE RELEASE OF CERTAIN PARTIES INVOLVED IN THE CHAPTER 11 CASE. PARTIES SHOULD THEREFORE BE AWARE THAT IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OF THE PLAN OCCURS, CERTAIN PARTIES WILL RECEIVE THE BENEFITS OF THE RELEASE PROVISIONS AND CERTAIN PARTIES WILL BE BOUND BY THE RELEASE PROVISIONS AS SET FORTH IN SECTION 17.2(B) OF THE COMBINED DS AND PLAN.**

You are **not** required to opt in to the Third Party Release under the *Combined Disclosure Statement and Chapter 11 Plan* of Pacifica of the Valley Corp. (the "Debtor") (as may be amended, supplemented, or otherwise modified from time to time, the "Combined DS and Plan," and the chapter 11 plan portion thereof, the "Plan"). Your decision whether to opt in will not affect the allowance of your Claim or your right, if any, to receive distributions under the Plan. If you affirmatively elect to opt in by properly completing and timely returning this Release Opt-In Election Form, you will be deemed a "Releasing Party" under the Plan and, subject to the terms and conditions therein, will grant the Third Party Release set forth in Section 17.2(b) of the Plan. If you do not timely return this Release Opt-In Election Form electing to opt in, you will not grant the Third Party Release.

**THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:**

(a) ***Defined Terms.*** As used in the Plan, capitalized terms have the meanings set forth below.

(i) "*Related Persons*" means, subject to any exclusions expressly set forth in the Plan, with respect to a specific Person, said Person's successors and assigns, and as applicable, said Person's current and former shareholders, affiliates, subsidiaries, employees, agents, officers, directors, managers, trustees, partners, members,

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

professionals, representatives, advisors, attorneys, financial advisors, accountants, and consultants, solely in their respective capacities as such.

(ii) "*Released Parties*" means collectively (a) the Debtor, (b) members of the Restructuring Committee, (c) Peter C. Chadwick in his capacity as Chief Restructuring Officer of the Debtor, (d) members of the Committee (solely in their capacities as Committee members), (e) Axios (in its capacity as DIP lender and lender under the Prepetition Loan), (f) Bankruptcy Court-approved Estate and Committee professionals; (g) L.A. Care (in its capacity as purchaser under the L.A. Care Purchase Agreements); and (h) the Related Persons of each of the Released Parties in the foregoing clauses (b) – (g).

(iii) "*Releasing Parties*" means, individually and collectively: (i) each Holder of a Claim or Interest that opts in to the Third Party Release; (ii) the Committee and each of its members in such capacity; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entities' or Persons' successors, assigns, and transferees.

**<u>Note</u>: This provision describes the releases that the Debtor will seek under the Plan. This language has not been considered or approved by the Bankruptcy Court and remains subject to consideration at the Confirmation Hearing.**

## <u>THIRD PARTY RELEASE</u>

**<u>Third Party Release</u>. Notwithstanding anything in the Plan to the contrary, on and after and subject to the occurrence of the Effective Date, each of the Releasing Parties shall release (the "<u>Third Party Release</u>") each Released Party, and each of the Debtor, the Estate, and the Released Parties shall be deemed released from, any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtor or the Estate, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtor (including the management, ownership, or operation thereof), the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor and the ownership thereof, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined DS and Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of, or solicitation of votes on, the Combined DS and Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct, actual fraud, bad faith, or gross negligence (in each case subject to determination of such by final order of a court of**

**competent jurisdiction) but in all respects such Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Combined DS and Plan. Notwithstanding anything to the contrary in the foregoing, the Third Party Release shall not release any obligations of any party under the Combined DS and Plan or any other document, instrument, or agreement executed to implement the Combined DS and Plan. For the avoidance of doubt, the Third Party Release shall not be effective upon any party that does not execute and return a Release Opt-In Election Form in accordance with the terms of this Combined DS and Plan.**

**Third Party Release Opt-In Election (Optional).**

PLEASE TAKE NOTICE THAT you may affirmatively opt in to the Third Party Release contained in Section 17.2(b) of the Plan and set forth above. To be effective, this Release Opt-In Election Form must be properly completed and actually received by the Claims Agent by December 10, 2026 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline"), either (a) by mail or overnight delivery to Pacifica Claims Processing Center c/o KCC dba Verita, 100 N. Pacific Coast Highway, Suite 100, El Segundo, CA 90245; or (b) by uploading it on the Claims Agent's online opt-in portal at https://www.veritaglobal.net/pacificaofthevalley.

**IF YOU OPT IN TO THE THIRD PARTY RELEASE PROVISIONS IN SECTION 17.2(B) OF THE PLAN BY PROPERLY AND TIMELY SUBMITTING THIS OPT IN ELECTION, YOU WILL BE DEEMED, AS OF THE EFFECTIVE DATE OF THE PLAN, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (TO THE EXTENT AND AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

| |
|---|
| ☐ **OPT IN** to the Third Party Release set forth in Section 17.2(b) of the Plan |