# **Exhibit 5**

## **Assumption Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**NOTICE OF (I) POSSIBLE ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES, (II) FIXING CURE AMOUNTS, AND (III) DEADLINE TO OBJECT THERETO**

**PLEASE TAKE NOTICE** that on July 4, 2026 (the "Petition Date"), Pacifica of the Valley Corp., the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), filed a voluntary petition for relief pursuant to the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that on October 30, 2026, the Debtor filed the *Combined Disclosure Statement and Chapter 11 Plan* (as may be amended, supplemented or otherwise modified from time to time, the "Combined DS and Plan," the disclosure statement portion thereof, the "Disclosure Statement," and the chapter 11 plan portion thereof, the "Plan"),[2] which implements a global settlement among the Debtor, Axios Capital Solutions, LLC ("Axios"), and the Official Committee of Unsecured Creditors, including the sale of substantially all of the Debtor's assets to Axios (the "Axios Sale"). On [•], 2026, the Court entered an order [Docket No. [•]] conditionally approving the Disclosure Statement for solicitation purposes.

**PLEASE TAKE FURTHER NOTICE** that the combined hearing at which the Court will consider final approval of the Disclosure Statement and Confirmation of the Plan (the "Confirmation Hearing") will commence on December 17, 2026 at 1:00 p.m. (*prevailing* Eastern Time), before the Honorable Thomas M. Horan, in the United States Bankruptcy Court for the District of Delaware. Additional information regarding the Confirmation Hearing is included in the Notice of (I) Conditional Approval of Disclosure Statement, (II) Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Chapter 11 Plan, and Related Matters, and (III) Objection Deadline, which was previously served on you.

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Plan. The summaries of the Plan and Disclosure Statement in this Notice are not precise or complete statements of all the terms and provisions of the Plan or documents referred to therein. If there is a discrepancy between this Notice and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE** that you are receiving this notice because the Debtor's records reflect that you are a party to an Executory Contract or Unexpired Lease to be assumed or assumed and assigned by the Debtor under the Plan. Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan.

**PLEASE TAKE FURTHER NOTICE** that receipt of this notice or the fact that an Executory Contract or Unexpired Lease is listed on the schedule of executory contracts and unexpired leases to be assumed filed with the Plan Supplement (the "Assumption Schedule") is not a guarantee that such Executory Contract or Unexpired Lease will ultimately be assumed or assumed and assigned. Under the Plan, except for executory contracts and unexpired leases that (i) were previously assumed or rejected by order of the Court, (ii) are the subject of a pending motion to assume or reject, or (iii) are scheduled by the Debtor to be assumed as of the Effective Date as set forth in the Plan Supplement, each executory contract and unexpired lease that has not previously expired or terminated shall be deemed rejected on the Effective Date. The Debtor reserves the right to amend the Assumption Schedule.

**PLEASE TAKE FURTHER NOTICE** that § 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption (the "Cure Cost"). Accordingly, the Debtor has conducted a review of its books and records and has determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in **Exhibit A** (the "Proposed Cure Schedule"). Please note that if no amount (or zero) is stated for a particular Executory Contract or Unexpired Lease, the Debtor believes that no cure amount is outstanding for such contract or lease. The Proposed Cure Schedule is preliminary and subject to change until the date of confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that any objections by an Executory Contract or Unexpired Lease counterparty to a proposed assumption, assumption and assignment, or related Cure Cost, on any grounds, including those set forth in § 365, must:

(a) Be in writing;

(b) Set forth with specificity: (i) the basis for any objection to the Cure Cost listed by the Debtor, which objection must set forth the amount that the counterparty contends that the Debtor must pay to assume or assume and assign the Executory Contract or Unexpired Lease; (ii) the basis for any objection to the ability of the Debtor to assume or assume and assign the Executory Contract or Unexpired Lease and, including pursuant to § 365(c) of the Bankruptcy Code; (iii) the basis for any objection to the Debtor's ability to provide adequate assurance of future performance under the Executory Contract or Unexpired Lease as required pursuant to § 365(b) of the Bankruptcy Code; (iv) any and all bases on which the objecting party asserts other or additional monetary amounts are required to be paid if the Executory Contract or Unexpired Lease is assumed or assumed and assigned pursuant to the Plan; and/or (v) the grounds for any other objection that may be raised under § 365 of the Bankruptcy Code or other applicable law to such assumption or assumption and assignment;

(c) Comply with the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedures for the District of Delaware, and any other case management rules and orders of the Court; and

(d) be served by personal service or by overnight delivery, so as to be **ACTUALLY RECEIVED no later than fourteen (14) days** after service of the Assumption Notice, by: (a) the Debtor c/o Berkeley Research Group, LLC, 1800 M Street NW, Second Floor, Washington, DC 20036, Attn: Peter Chadwick (pchadwick@thinkbrg.com); (ii) counsel for the Debtor, (1) Dentons US LLP, 601 S. Figueroa St., Suite 2500, Los Angeles, CA 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Samuel Maizel (samuel.maizel@dentons.com) and (2) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com) and Timothy Cairns (tcairns@pszjlaw.com); and (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Hannah J. McCollum (hannah.mccollum@usdoj.gov).

**PLEASE TAKE FURTHER NOTICE** that any objection to the Debtor's proposed assumption, or assumption and assignment, of an Executory Contract or Unexpired Lease, or the related proposed Cure Cost, that remains unresolved as of the Confirmation Hearing shall be heard at the Confirmation Hearing (or at a later date as fixed by the Court), provided that any objection to a Cure Cost may, in the Debtor's discretion, be scheduled for a separate hearing, and any such objection may be adjourned, in full or in part, by the Debtor to a later date by listing such adjournment in a notice of agenda or other notice filed on the docket of the Debtor's chapter 11 case and served on the affected counterparty.

**PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the Cure Cost or (b) the potential assumption or assumption and assignment of any Executory Contract or Unexpired Lease is filed within fourteen (14) days after service of the Assumption Notice, then (i) you will be deemed to have stipulated that the Cure Cost as determined by the Debtor is correct and (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed assigned Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE** that any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption or assumption and assignment, or the proposed Cure Cost, will be deemed to have assented to such assumption or assumption and assignment, and the proposed Cure Cost.

**PLEASE TAKE FURTHER NOTICE** that assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time before the date that the Debtor assumes such Executory Contract or Unexpired Lease. Any Proofs of Claim filed with respect to an Executory Contract or Unexpired Lease that has been assumed shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Court.

**PLEASE TAKE FURTHER NOTICE** that if you would like to obtain a copy of the Combined DS and Plan or related documents, you should contact Kurtzman Carson Consultants LLC, dba Verita Global, the claims, noticing, and balloting agent retained by the Debtor in this Chapter 11 Case (the "Claims Agent"), by: (a) calling the Claims Agent at (888) 249-2792 (U.S./Canada) or +1 (310) 751-2607 (International); (b) visiting the Debtor's restructuring website at: https://www.veritaglobal.net/pacificaofthevalley; (c) sending an electronic message to PacificaInfo@veritaglobal.com; or (d) contacting counsel to the Debtor, (i) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Samuel R. Maizel, samuel.maizel@dentons.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899 (Attn: Laura Davis Jones, ljones@pszjlaw.com, and Timothy Cairns, tcairns@pszjlaw.com). You may also obtain these documents and any other pleadings filed in the Debtor's Chapter 11 Case (for a fee) *via* PACER at http://www.deb.uscourts.gov.

Dated: November [•], 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ DRAFT*

Laura Davis Jones (DE Bar No. 2436)
Timothy Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com
tcairns@pszjlaw.com

-and-

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice*)
Samuel R. Maizel (*pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Tel: (213) 623-9300
Email: tania.moyron@dentons.com
samuel.maizel@dentons.com

John D. Beck (*pro hac vice*)
Geoffrey M. Miller (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 768-6700
Email: john.beck@dentons.com
geoffrey.miller@dentons.com

*Counsel to Debtor and Debtor in Possession*