**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ENFORCE THIS COURT'S (A) FINAL DIP ORDER AND (B) CONDITIONAL APPROVAL ORDER**

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 case (the "Chapter 11 Case") of Pacifica of the Valley Corporation (the "Debtor"), by and through its undersigned counsel, hereby moves this Court (the "Motion"), pursuant to 11 U.S.C. §§ 105(a) and the Court's inherent authority to enforce its orders, for entry of an order, substantially in the form attached hereto as **Exhibit A**, enforcing this Court's (a) *Final Order (I) Authorizing the Debtor to Obtain Postpetition Secured Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Status; (III) Granting Adequate Protection; (IV) Modifying the Automatic Stay; and (V) Authorizing the Debtor's Use of Cash Collateral* [Doc. No. 250] (the "Final DIP Order"), and (b) *Order (I) Conditionally Approving the Disclosure Statement, (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Confirmation of the Plan, (III) Establishing Plan and Disclosure Statement Objection and Reply Deadlines and Related Procedures, (IV) Approving the Solicitation and Voting Procedures, (V) Approving the Form and Manner of the Confirmation*

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

*Hearing Notice and Finding Notice Sufficient, (VI) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases, and (VII) Granting Related Relief* [Docket No. 303] (the "Conditional Approval Order").

In support of this Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT[2]

1. The Debtor is about to solicit votes on a plan that includes a brand-new term the Committee never agreed to and that this Court never approved. The Committee brings this Motion to stop that from occurring.

2. The facts are simple. The Committee, the Debtor, and Axios negotiated a global settlement that preserved every claim against the Debtor's directors and officers, including Ms. Precious Mayes, and provided that such claims be held by the Debtor in trust for the benefit of general unsecured creditors and Axios pursuant to a sharing formula. This Court approved that settlement as part of the Final DIP Order. After the Court entered the Conditional Approval Order, the Debtor and Ms. Mayes asked the Committee to agree to exculpate Ms. Mayes in the Plan for post-petition conduct (effectively removing any potential claims relating to such conduct from those being held in trust), and the Committee refused. Then, without notice to the Committee, and over its express objection, the Debtor filed an "amended" plan that added Ms. Mayes as an Exculpated Party.

3. That change is not ministerial. It shields an estate fiduciary from potential liability for post-petition conduct while the Committee has had no chance to investigate that conduct. Moreover, an alleged creditor recently reached out to Committee counsel questioning the

[2] Capitalized terms used but not defined in this Preliminary Statement have the meanings given to them below.

propriety of granting Ms. Mayes exculpation for post-petition conduct given Ms. Mayes' alleged role in various matters that require investigation by the Committee.

4. The unilateral eleventh-hour grant of exculpation to Ms. Mayes is inconsistent with the Court-approved Plan Term Sheet, overrides the Committee's consent right over the form of the Plan, and goes well beyond the non-substantive modifications the Conditional Approval Order allows.

5. By this Motion, the Committee asks the Court to enforce its own orders and require the Debtor to remove Ms. Mayes as an Exculpated Party before any solicitation materials go out. Time is short. Once ballots are mailed, creditors will be voting on a plan that departs from the global settlement this Court approved. The Committee therefore requests that this Motion be heard on an expedited basis.

6. The Committee has requested a status conference with respect to the issues raised by this Motion, and the Court has scheduled a status conference for November 13, 2026 at 10:00 a.m. (ET).

## BACKGROUND

7. On July 4, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court, commencing the Chapter 11 Case.

8. On July 20, 2026, the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. *See* Doc. No. 78.

9. On October 15, 2026, the Court entered the Final DIP Order.

10. The Final DIP Order incorporated a Plan Term Sheet (the "Plan Term Sheet")[3] between the Committee, the Debtor and Axios Capital Solutions, LLC ("Axios"), documenting a global settlement that was negotiated between the Committee, the Debtor and Axios. The global settlement preserved all claims against the Debtor's directors and officers, including Ms. Mayes, and provided for such claims to be held in trust by the Debtor for the benefit of general unsecured creditors and Axios pending the transfer of such claims, together with other "Excluded Assets," to a liquidating trust upon the effective date of a chapter 11 plan for the Debtor. *See* Final DIP Order, ¶ 3.a); Plan Term Sheet, p. 4.

11. The Plan Term Sheet further provided that "the Plan, including any amendments, modifications or supplements thereto, and all documentation contemplated by this Term Sheet or the Plan, shall be in form and substance reasonably satisfactory to the Debtor, the Committee (if a signatory hereto) and Sponsor." Plan Term Sheet, p. 6.

12. On October 30, 2026, the Debtor filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Pacifica of the Valley Corporation* [Docket No. 276] (the "Original Combined DS and Plan", and the disclosure statement portion thereof the "Disclosure Statement" and the chapter 11 plan portion thereof, the "Plan").

13. On November 9, 2026, the Debtor filed a revised version of the Combined DS and Plan (the "Revised Combined DS and Plan"). *See* Docket No. 296-1. The Revised Combined DS and Plan incorporated comments from and was acceptable to the Committee in the form in which it was filed, consistent with the terms of the Plan Term Sheet.

[3] The Plan Term Sheet was attached to the Final DIP Order as Exhibit D to the post-petition credit agreement between the Debtor and Axios.

14. Both the Original Combined DS and Plan and the Revised Combined DS and Plan provide that one of the conditions to confirmation thereof is that "[t]he Plan, including any amendments, modifications or supplements thereto, and all documentation contemplated by the Plan, shall be in form and substance reasonably satisfactory to Axios and the Committee." *See id.*, section 19.1.ii.

15. The definition of "Exculpated Parties" included in Section 2 of the Revised Combined DS and Plan (as well as the original Combined DS and Plan) provided as follows:

> "Exculpated Parties" means collectively (a) the Debtor, (b) members of the Restructuring Committee, (c) Peter C. Chadwick in his capacity as Chief Restructuring Officer of the Debtor, (d) members of the Committee (solely in their capacities as Committee members), and (e) Bankruptcy Court-approved Estate and Committee professionals.

16. Shortly before entry of the Conditional Approval Order, Debtor's counsel, followed by counsel for Ms. Mayes, contacted counsel for the Committee and requested that Ms. Mayes be included as an Exculpated Party under the Plan (*i.e.*, released from any claims arising from her post-petition, but not pre-petition, conduct). The Committee rejected this request because it is contrary to the Plan Term Sheet, which preserved all claims against Ms. Mayes for contribution to a liquidating trust, regardless of when they arose, the Debtor may not unilaterally provide Ms. Mayes with such exculpation, and the Committee could not agree to an exculpation of potential post-petition claims that it had not had an opportunity to investigate.

17. The requested exculpation of Ms. Mayes is particularly significant given that the Debtor is in discussions with Ms. Mayes regarding a resolution relating to her alleged interest in Pacific Gardens Medical Center that may properly belong to the Debtor's estate.

18. On November 10, 2026, this Court entered the Conditional Approval Order, conditionally approving the Revised Combined DS and Plan as containing adequate information

for purposes of soliciting votes to accept or reject the Plan, subject to final approval at the Confirmation Hearing.

19. Also on November 10, 2026, after entry of the Conditional Approval Order, despite the Committee's objection, and without providing the Committee prior notice, the Debtor unilaterally filed an amended version of the Revised Combined DS and Plan (the "Amended Plan"), which added Ms. Mayes as an Exculpated Party. *See Notice of Filing of Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Pacifica of the Valley Corporation* [Doc. No. 304]. No other changes were included in the Amended Plan.

**RELIEF REQUESTED AND BASIS THEREFOR**

20. By this Motion, the Committee seeks entry of an order, pursuant to 11 U.S.C. §§ 105(a) and the Court's inherent authority to enforce its orders, enforcing the Final DIP Order and the Conditional Approval Order, and compelling the Debtor to remove Ms. Mayes as an Exculpated Party prior to solicitation of the Plan.

21. The Debtor's unilateral change in the Amended Plan to add Ms. Mayes as an Exculpated Party is contrary to the Plan Term Sheet that was approved by this Court's Final DIP Order and the terms of the Plan itself.

22. As noted above, the Final DIP Order provided, consistent with the Plan Term Sheet, that any claims against the Debtor's directors and officers, including Ms. Mayes, are to be held in trust by the Debtor for the benefit of general unsecured creditors and Axios pending transfer of such claims, together with the other "Excluded Assets," to a liquidating trust. Moreover, the Plan Term Sheet and the Plan provide that one of the conditions to confirmation is that the Plan must be in form and substance reasonably satisfactory to the Committee.

23. This Court has the inherent authority to enforce its prior orders. *See Moore v. Paladini (In re CD Liquidation Co., LLC)*, 462 B.R. 124, 136 (Bankr. D. Del. 2011) (holding that the trustee's motion to enjoin a creditor from pursuing claims barred by the confirmation order "involve[d] the most basic and intrinsic authority of this or any court—the authority to enforce its order"); *In re Waco Town Square Partners, L.P.*, 525 B.R. 662, 667 (Bankr. S.D. Tex.), rev'd and vacated sub nom. *In re Waco Town Square Partners, LP*, 536 B.R. 756 (S.D. Tex. 2015) ("[I]t is axiomatic that a court possesses the inherent authority to enforce its own orders.").

24. The Debtor has asserted that the amendment to add Ms. Mayes as an Exculpated Party under the Plan is consistent with the Conditional Approval Order because, in its view, that change is non-substantive. *See* Conditional Approval Order, ¶ 16 ("The Debtor is authorized to make non-substantive modifications and ministerial changes to the [Plan] … without further approval of the Court prior to the dissemination of such documents, including, without limitation, changes to correct typographical and grammatical errors, and to make conforming changes to any other materials included in the Solicitation Package prior to their dissemination").

25. The Committee submits that granting Ms. Mayes broad exculpation from potential post-petition claims that the Committee has not had an opportunity to investigate is not a non-substantive modification or a ministerial change to the Plan permitted by the Conditional Approval Order.

26. The Committee seeks to prevent the Debtor from soliciting votes on a plan that is not reasonably satisfactory to the Committee, is inconsistent with the terms of the global settlement approved by this Court, and violates the Conditional Approval Order.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, prohibiting the Debtor from including Ms. Mayes as an Exculpated Party in the form of the Plan that will be mailed to creditors for voting.

*(Remainder of Page Intentionally Left Blank)*

Dated: November 12, 2026
Wilmington, Delaware

Respectfully submitted,

*<u>/s/ Christopher M. Samis</u>*

Christopher M. Samis (No. 4909)
Aaron H. Stulman (No. 5807)
Andrew C. Ehrmann (No. 7395)
ICE MILLER LLP
500 Delaware Avenue
Wilmington, Delaware 19801
Telephone: (302) 313-0600
Email: christopher.samis@icemiller.com
aaron.stulman@icemiller.com
andrew.ehrmann@icemiller.com

-and-

Andrew H. Sherman, NJ Bar No. 042731991
(admitted *pro hac vice*)
Boris I. Mankovetskiy, NJ Bar No. 012862001
(admitted *pro hac vice*)
SILLS CUMMIS & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: 973-643-7000
Facsimile: 973-643-6500
E-mail: asherman@sillscummis.com
bmankovetskiy@sillscummis.com

*Counsel for the Official Committee of Unsecured Creditors*